Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
Arpita Bhattacharyya (SBN 316454)
arpita.bhattacharyya@finnegan.com
Jeffrey D. Smyth (SBN 280665)
jeffrey.smyth@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Plaintiff and Counterdefendant
ASETEK DANMARK A/S

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK DANMARK A/S, <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> COOLIT SYSTEMS, INC., <br><br> Defendant and Counterclaimant. | CASE NO. 3:19-cv-00410-EMC <br><br> **ASETEK DANMARK A/S'S MOTION FOR LEAVE TO FILE A TWO PAGE SUR-SURREPLY RE ITS MOTION TO STRIKE COOLIT SYSTEMS, INC.'S INVALIDITY CONTENTIONS AGAINST U.S. PATENT NO. 8,245,764** <br><br> Hearing Date:    November 21, 2019 <br><br> Underlying Motion (Dkt. 52 Under Submission) |

Because CoolIT exceeded the Court's permitted scope by raising several new arguments in its surreply to Asetek's Motion to Strike CoolIT's Invalidity Contentions, Asetek respectfully requests leave to file a two page sur-surreply to same (Ex. B hereto). The Court allowed CoolIT to file a surreply of limited scope, to respond to the Basi Declaration "in a factual way" without raising "any new arguments." More specifically, the Court said:

> I'm going to allow CoolIT to file a reply in the form of either a declaration or something very specific key to the Basi declaration. ***Not any new arguments.*** Try to supplement, you know, what it did in a factual way.
>
> But to be fair, if there is something about Dr. Basi's declaration -- for instance, saying that Questel database is a well-known patent search database, et cetera, et cetera, et cetera. If there is something to rebut that or counter that or impeach that kind of testimony, I will allow that.
>
> So it's like cross examination. Scope is going to be limited to this surrebuttal, which I'm allowing, to be limited to the scope of the declaration that was introduced on reply by Dr. Basi. I'd like to have that filed in a week.

Ex. A hereto [Hearing Transcript] at 25:2-14.

CoolIT's surreply and supporting Chan Declaration, however, exceeded the Court's limited scope and raised at least the following new arguments:

(1) That Dr. Basi, as a non-attorney, is supposedly not qualified to testify regarding the scope of a diligent prior art search, even though CoolIT itself previously relied on a declaration from a prior art searcher, Ms. Kelly Bowman, to support its position on the same issue, and even though estoppel cases applying the "diligent search" standard have consistently relied on declarations from prior art searchers—not patent attorneys.

(2) That searching foreign references is supposedly atypical or not required under the "diligent search" test, and that a search limited to "English-language databases" should suffice, even though CoolIT previously asserted that its prior art search was "international." [Dkt. 54, CoolIT's Opp. Brief at 2:20-25, 7:20-24].

(3) That the Patent Office's granting of CoolIT's reexam request means that its 2012 prior art search was diligent/sufficient, even though in all estoppel cases the PTO necessarily must

have initially considered the prior art references as "strong enough" to start the proceedings.

(4) CoolIT has not provided any testimony or evidence that Questel (or similar databases with machine translations of foreign-language references) was not available in 2012, and thus not answered the question specifically posed by the Court in granting leave for the surreply.

For the above reasons, Asetek respectfully requests leave to file the sur-surreply attached hereto as Exhibit B.

Respectfully submitted,

Dated:  December 4, 2019            FINNEGAN, HENDERSON, FARABOW,
                                      GARRETT & DUNNER, LLP


                                    By:    */s/ Arpita Bhattacharyya*
                                        Arpita Bhattacharyya
                                        Attorneys for Plaintiff and Counterdefendant
                                        ASETEK DANMARK A/S