# Exhibit B

1  Robert F. McCauley (SBN 162056)
   robert.mccauley@finnegan.com
2  Arpita Bhattacharyya (SBN 316454)
   arpita.bhattacharyya@finnegan.com
3  Jeffrey D. Smyth (SBN 280665)
   jeffrey.smyth@finnegan.com
4  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
5  3300 Hillview Avenue
   Palo Alto, California  94304
6  Telephone:      (650) 849-6600
   Facsimile:      (650) 849-6666
7
   Attorneys for Plaintiff and Counterdefendant
8  ASETEK DANMARK A/S

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ASETEK DANMARK A/S, | CASE NO. 3:19-cv-00410-EMC |
| Plaintiff and Counterdefendant, | **ASETEK DANMARK A/S'S PROPOSED SUR-SURREPLY TO ITS MOTION TO STRIKE COOLIT SYSTEMS, INC.'S INVALIDITY CONTENTIONS AGAINST U.S. PATENT NO. 8,245,764** |
| v. | |
| COOLIT SYSTEMS, INC., | |
| Defendant and Counterclaimant. | Hearing Date:   November 21, 2019 |
| | Motion Under Submission |

The Court granted CoolIT a very limited surreply or declaration to address the Basi Declaration "in a factual way," and specifically disallowed "any new arguments." Ex. A to Motion for Leave to File Sur-Surreply [Hearing Transcript] at 25:2-10. Yet, CoolIT's surreply and Chan Declaration raise at least two new arguments, starting with who qualifies as a "skilled searcher" to perform a diligent prior art search. Although CoolIT itself previously relied on a declaration from a prior art searcher, Ms. Kelly Bowman of the TPR search firm, to contend that CoolIT had performed a diligent prior art search in 2012, CoolIT now argues that Dr. Basi—who was a USPTO patent examiner for 13 years and is an experienced prior art searcher like Ms. Bowman—is supposedly not qualified to opine on the scope of a diligent search. CoolIT's new argument is further undermined by its continuing failure to provide a declaration from any of the CoolIT attorney(s) involved with the 2012 prior art search and preparing its *inter partes* reexamination request. Moreover, estoppel cases applying the "diligent search" standard have consistently relied on declarations from prior art searchers—not patent attorneys—to establish what a diligent search would have discovered.

CoolIT also argues for the first time that searching foreign references is supposedly atypical or not required under the "diligent search" test, and that a search limited to "English-language databases" should suffice. Dkt. 86 at 1 ("Such a search [like Dr. Basi's] is not typical in the electronics space due to the marginal gains expected above doing a search in English language databases."); Dkt. 86-1 [Chan Decl.] ¶¶ 11, 12. In its Opposition, however, CoolIT argued vigorously that its prior art search was "international." Dkt. 54 [CoolIT's Opp. Brief] at 2:20-25, 7:20-24. Unable to sustain that misrepresentation in the face of Asetek's evidence to the contrary, CoolIT changed tack in its surreply to argue, without any case support, that a search limited to U.S. patents/applications or English-language databases should be considered diligent, and that a search of even machine translation databases of foreign-language references is not required (let alone native language searches). Dkt. 86 at 1-2. Even though machine translations of foreign-language references were available in 2012 in databases such as Questel (as Dr. Basi testified (Dkt. 57-1 ¶¶ 5, 8)), CoolIT chose not to search such databases at all because, CoolIT now contends, it thought its U.S. patent references were "strong." Dkt. 86 at 2. But if the bar for a diligent search is lowered to a patent challenger's subjective belief of the strength of its prior art references (as CoolIT contends),

2

ASETEK'S SUR-SURREPLY RE MOTION TO STRIKE COOLIT'S
INVALIDITY CONTENTIONS AGAINST US 8,245,764
CASE NO. 3:19-CV-00410-EMC

1  then the estoppel provision will have no teeth. After all, every defendant who ultimately fails to
2  invalidate claims in an IPR or *inter partes* reexamination will have considered its prior art
3  reference(s) as "strong enough" to invalidate the patent. Dkt. 86 at 2. That the Patent Office granted
4  the reexam request also does not substantiate the diligence of CoolIT's 2012 prior art search because
5  estoppel necessarily attaches to only reexams/IPRs that are granted/instituted; in *every* estoppel case,
6  the Patent Office initially considered the prior art references as "strong enough" to start the
7  proceeding, but ultimately rejected the challenge.

8        Finally, the Court specifically asked CoolIT to address whether Questel was "well-known" in
9  2012. Ex. A to Motion for Leave to File Sur-Surreply [Hrg. Tr.] at 25:2-10. But CoolIT has not
10 presented any evidence to counter Dr. Basi's testimony that the Questal database was well known
11 and routinely used since at least since 2012 (as were other similar machine language translation
12 databases). Dkt. 57-1 ¶¶ 5, 8. Instead, CoolIT tries to turn the table on Asetek by arguing that "Dr.
13 Basi did not provide any evidence as to the state of" the Questel database in or before September
14 2012. Dkt. 86 at 2. But Dr. Basi relied on his personal and professional knowledge as a patent
15 examiner and prior art searcher and testified under penalty of perjury that Questel was available and
16 routinely used in 2012. And importantly, CoolIT has not provided any evidence to the contrary.
17 Contrary to CoolITs arguments, Dr. Basi was not required to go back in time and somehow perform
18 a search using a 2012 version of Questel to prove the "state" or capabilities of Questel in 2012. No
19 case law supports such an onerous and likely impossible burden. Dr. Basi's testimony and search
20 results are persuasive evidence that CoolIT would have located the Ryu, Lin, Yu, and Shin
21 references had it conducted a diligent search encompassing machine translations of foreign
22 references in 2012. In contrast, CoolIT's declarant, Mr. Chan, who purports to be an experienced
23 patent attorney and prior art searcher, has not provided any testimony or evidence that Questel was
24 not routinely used in 2012, or that a typical search of Questel would not have located the Ryu, Lin,
25 Yu, and Shin references in 2012. Mr. Chan's argument that the EPO added machine translations of
26 Chinese patent application in late 2012 is a red herring and proves nothing about the content or
27 capabilities of commercial third-party databases like Questel in 2012.
28

3

ASETEK'S SUR-SURREPLY RE MOTION TO STRIKE COOLIT'S
INVALIDITY CONTENTIONS AGAINST US 8,245,764
CASE NO. 3:19-CV-00410-EMC

Dated: October 4, 2019
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

By: */s/ Arpita Bhattacharyya*
Arpita Bhattacharyya
Attorneys for Plaintiff and Counterdefendant
ASETEK DANMARK A/S

4

ASETEK'S SUR-SURREPLY RE MOTION TO STRIKE COOLIT'S
INVALIDITY CONTENTIONS AGAINST US 8,245,764
CASE NO. 3:19-CV-00410-EMC