UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>Plaintiff,<br><br>v.<br><br>COOLIT SYSTEMS INC,<br><br>Defendant. | Case No. 19-cv-00410-EMC (LB)<br><br>**ORDER GRANTING COOLIT'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**<br><br>Re: ECF No. 157 |

## INTRODUCTION

Plaintiff Asetek Danmark A/S sued defendant CoolIT Systems for patent infringement. Asetek has patents that relate to "liquid cooling systems and methods for cooling heat-generating electronic components" and contends that CoolIT makes liquid-cooling products that infringe the patents.[1] CoolIT counterclaimed, accusing Asetek of infringing CoolIT's patents relating to the same components.[2] CoolIT served Asetek with amended infringement contentions after the trial court's claims-construction order construed three terms differently from CootlIT's proposed constructions: "fluid heat exchanger" and "adjacent"/"juxtaposed with."[3] The parties agreed to the

---

[1] Compl. – ECF No. 1 at 2 (¶ 1), 3–5 (¶¶ 8–13). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Answer and Counterclaim – ECF No. 23.

[3] Chen Decl. – ECF No. 158 at 2 (¶ 2); Order – ECF No. 149 at 19–25, 29–33.

ORDER – No. 19-cv-00410-EMC (LB)

amendments about "fluid heat exchanger." But they disagreed on the amendments about "adjacent"/"juxtaposed with," generally because CoolIT contends that the amendments are a permissible response to the court's constructions, and Asetek contends that they are not. The dispute resulted in this motion.[4] The undersigned grants the motion.

## STATEMENT

The next sections summarize the claims construction and CoolIT's proposed amendments.

### 1. Claims Construction

The relevant CoolIT patent is U.S. Patent 8,746,330 ("'330 patent"). The parties' proposed constructions and the trial judge's construction of "adjacent" and "juxtaposed with" are as follows.

| Claim Term | CoolIT's Proposed Construction | Asetek's Proposed Construction | Court's Construction |
|---|---|---|---|
| **Adjacent:** "adjacent [a first/the second] side of the fins"/ "adjacent a [first/second] side of the [plurality of juxtaposed] fins" '330 patent, claims 1 and 12 | "next or close to" | Original: "close to and alongside a first/second side of the plurality of fins" Amended: "next to a first/second side of the plurality of fins and without any intervening structure in between" | "with no intervening solid structure between it and" |
| **Juxtaposed With:** Juxtaposed with a [first/second] side of the [plurality of juxtaposed] fins" '330 patent, claims 14 and 15 | "placed next or close to" | Original: "close to and alongside a first/second side of the plurality of fins" Amended This term should be construed the same as "adjacent": "next to a first/second side of the plurality of fins and without any intervening structure in between" | "with no intervening solid structure between it and"[5] |

---

[4] The district judge referred the dispute. Referrals – ECF Nos. 73, 163, 164, and 179.

[5] Order – ECF No. 149 at 29–30.

ORDER – No. 19-cv-00410-EMC (LB)                     2

The parties' different constructions — CoolIT's "next to or close to" and Asetek's "without any intervening structure in between" — both contemplated that the definitions for "adjacent" and "juxtaposed with" would be same. But the parties disagreed about "whether there can be anything in between things that are 'adjacent' or 'juxtaposed:" CoolIT's construction allowed that there could be something in between, and Asetek's did not.[6]

In construing the terms as "with no intervening solid structure between it and," the trial court observed that, "[a]s pointed out by CoolIT, there are several places in the specification of the '330 patent in which the word 'adjacent' is used, but where it could not be read to mean 'alongside.'"[7] The court considered diagrams and descriptions in the specification for the '330 patent and found two of CoolIT's arguments persuasive::

> First, the '330 Patent says that the "[f]luid inlet opening 114 may be positioned adjacent to the known intended heat generating component contact region 102b"; but the diagrams show that it is not "alongside" the "heat generating component contact region 102b." Second, and relatedly, the embodiment in FIGS. 1–3 "is claimed in claim 4 of the '330 patent," and therefore that adopting Asetek's construction (which includes the "alongside" requirement) would exclude a preferred embodiment, a strongly disfavored result.[8]

The court observed that both parties advanced positions contrary to their current positions during *inter partes* review. In responding to the judge's question during *inter partes* review about whether a cow would be adjacent to an egg if there were a fence in between them, Asetek responded that it would be, looking at proximity. This weakened its position at the claims-construction hearing that "'adjacent' requires something to be 'alongside' something else; proximity appeared sufficient." CoolIT made arguments that "indicat[ed] that permitting something physical, *e.g.*, a flow distributor, to be positioned between two things considered to be 'adjacent' would be improper."[9] "In light of the specification and the parties' prior arguments," the trial court "adopt[ed] the construction 'with no intervening solid structure between it and' for both

---

[6] *Id.* at 30.

[7] *Id.*

[8] *Id.* at 31.

[9] *Id.* at 32.

the term 'adjacent' and the term 'juxtaposed with.'"[10]

### 2. CoolIT's Proposed Amendments

The proposed amendments amend CoolIT's original infringement theory by advancing three infringement theories: Infringement Theory 1, Infringement Theory 2, and Infringement Theory 3. The amendments are related to the terms "adjacent"/"juxtaposed with."

The accused products have a copper plate with fins.[11] The contested issue is whether a "region" of a "header" or "manifold structure" is "adjacent" or "juxtaposed with" a first or second "side" of the "fins" or a "plurality of the fins." The original infringement contentions against (for example) Asetek's H80i product showed the fins and the sides at issue and pointed to all the fins in the array as "the plurality of [juxtaposed] fins" (before CoolIT knew that "adjacent"/"juxtaposed with" would be the subject of claims construction).[12] Then, after the court construed "adjacent"/"juxtaposed with," CoolIT advanced its three new theories of infringement.

Infringement Theories 1 and 2 narrow the fins that are the "plurality of fins." They no longer are all fins in the array and instead are a narrower subset that CoolIT calls the "split-flow fins," which are under the elongate fluid inlet opening of the plate.[13] As a result, the sides of the fins (and their adjacency and juxtaposition to the regions of the "header") change. The sides are no longer the sides of the outermost fins of the microchannel array but instead are the sides of fins in the middle of the microchannel array. [14]

CoolIT illustrates the infringement contentions through images.[15] It contrasts its original contentions and the amended contentions to show that its subset of split-flow fins meets the "plurality of fins" limitation in its original contentions (meaning, its original theory includes

---

[10] *Id.* at 33.

[11] *Id.* at 30.

[12] Ex. 6 to Chen Decl. – ECF No. 158-6 at 3, 11.

[13] Ex. 7 to Chen Decl. – ECF No. 158-7 at 14–15, 19–20.

[14] *Id.* at 24–25.

[15] Exs. 6–7 to Chen Decl. – ECF Nos. 158-6–7; *see also* Mot. – ECF No. 157 at 10-15 (shows images).

Infringement Theory 1). Infringement Theory 2 is an alternative theory under the doctrine of equivalents, showing that the split-flow fins and their two sides (the amended contentions) are the equivalent of all fins and their two sides (the original contentions).[16]

This image captures the shift of the "sides" based on the subset of fins:



Infringement Theory 3 points to holes in the intervening structure to show that the structure is not a solid structure.[17]

The court had a hearing on CoolIT's motion to amend on November 5, 2020.

## GOVERNING LAW

Patent Local Rule 3-6 provides that:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;

---

[16] Mot. – ECF No. 157 at 15.

[17] Ex. 7 to Chen Decl. – ECF No. 158-7 at 11.

ORDER – No. 19-cv-00410-EMC (LB)  5

    (b) Recent discovery of material, prior art despite earlier diligent search; and

    (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

"In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *GoPro, Inc. v. 360Heros, Inc.*, No. 16-cv-01944-SI, 2017 WL 1278756, at *1 (N.D. Cal. Apr. 6, 2017) (cleaned up) (quoting *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002)). "The moving party bears the burden of establishing diligence." *Id.* (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

"Where the moving party is unable to show diligence, there is 'no need to consider the question of prejudice,' although a court in its discretion may elect to do so." *Id.* (quoting *O2 Micro*, 467 F.3d at 1368). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016).

Even if the movant arguably was not diligent, the court retains discretion to grant leave to amend. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2013 WL 5609325, at *2 (N.D. Cal. Oct. 11, 2013) (citing *Apple, Inc. v. Samsung*, No. CV 12-00630 LK (PSG), 2012 WL 5632618, at *6 (N.D. Cal. Nov. 15, 2012)). "Mistakes or omissions are not by themselves good cause." *Apple*, 2012 WL 5632618, at *5. "Courts have allowed amendment when the movant made an honest mistake, the request to amend to not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *Id.* (citation omitted) (granting leave to amend when there was no prejudice to the defendant); *Karl Storz Endoscopy-America*, 2016 WL 2855260, at *3.

## ANALYSIS

The parties disagree about whether CoolIT's new theories of infringement are "rewrites" of CoolIT's infringement contentions (as Asetek contends) or are CoolIT's attempt to conform its contentions to the trial court's construction of "adjacent"/"juxtaposed with."[18] Asetek contends that "split-flow fins" is a new term and CoolIT's reinterpretation of "sides" is not required or justified by the court's construction of "adjacent"/"juxtaposed with" or by new discovery.[19] CoolIT responds that the court's construction was different than either parties' construction, its amendments are consistent with the court's construction, and the court's construction "led to delineated theories that CoolIT identified for what in Asetek's infringing devices satisfy 'a plurality of fins,' 'a plurality of juxtaposed fins,' and 'a first/second side of the fins that are 'adjacent /'juxtaposed with' to meet the relevant limitations."[20]

The new contentions are subsets of what CoolIT identified previously. For example, CoolIT's new Infringement Theory 1 identifies the subset of fins (from the full array) that meets the limitation of "plurality of fins." As a result, the "first/second side of the fins" necessarily shifts to the sides of that narrowed "plurality of fins." The amended contentions thus are a narrower theory of infringement. The issue then is whether the court's construction led CoolIT to refine its theories of infringement to meet the court's construction. The court's construction is different than the parties' construction: (1) CoolIT's construction was "next to or close to;" (2) Asetek's construction was "without any intervening structure in between;" and (3) the court's construction was "with no intervening solid structure between it and." At the Markman hearing, in response to Asetek's argument that "adjacent" allowed some (but not all) intervening structures, the court pushed the parties about what "structure" meant (a solid structure, an intervening plate, a solid plate with no openings).[21] It then reached its construction: "no intervening solid structure." This is a materially different construction than CoolIT's construction. In response to that construction,

---

[18] Opp'n – ECF No. 162 at 13–15; Reply – ECF No. 171 at 10.

[19] Opp'n – ECF No. 162 at 13–15.

[20] Reply – ECF No. 171 at 10.

[21] Tr. – ECF No. 151 at 75–83.

ORDER – No. 19-cv-00410-EMC (LB)   7

CoolIT identified in its amended contentions a narrowed area in Asetek's devices (the split-flow fins) that satisfied "a plurality of [juxtaposed] fins" and that necessarily shifted the position of the "sides." It thus narrowed its theory of infringement to conform to the court's construction, which is permissible under Patent Local Rule 3-6.

Asetek's arguments do not change this outcome.

Asetek argues that CoolIT's Infringement Theory 1 has new interpretations of the terms "plurality of the [juxtaposed] fins" and "sides of the fins."[22] It contends that "split-flow fins" is a new concept, and the shift in position of the sides — from the sides of the outermost fins of the microchannel array to the sides of fins in the middle of the microchannel array — is a reinterpretation that is not justified by the court's construction.[23] But as discussed previously, when the court construed "adjacent"/"juxtaposed with," CoolIT addressed that construction by advancing a narrower theory of infringement in the form of a subset (the split-flow fins) of the full array of fins. That in turn changed the position of the "sides."

Asetek next argues that Patent Local Rule 3-6 does not apply to CoolIT's assertion of Infringement Theory 1 because CoolIT is not responding to the court's construction of "adjacent"/"juxtaposed with" and instead is changing its infringement theories for terms that he court did not construe: "plurality of the [juxtaposed] fins" and "sides of the fins."[24] This is another iteration of the same argument and fails for the same reasons. Moreover, no one asked to construe "plurality of the [juxtaposed] fins" and "sides of the fins," again, because the issue was "adjacent"/"juxtaposed with."

Asetek also contends that, even if Patent Local Rule 3-6 applies, there is no good cause for the amendments for Infringement Theories 1 and 2 because CoolIT has not established that it was diligent. Citing *Aylus Networks, Inc. v. Apple Inc.*, and *Word to Info Inc. v. Facebook, Inc.*, Asetek argues that the trial court adopted Asetek's definition, and CoolIT's diligence thus is measured

---

[22] Opp'n – ECF No. 162 at 11.
[23] *Id.* at 14–15.
[24] *Id.* at 16.

ORDER – No. 19-cv-00410-EMC (LB)    8

from notice of Asetek's construction, not the trial court's construction.[25] *Aylus*, No. C-13-4700 EMC, 2015 WL 12976113, at *1 (N.D. Cal. June 2, 2015) (notice); *Word to Info*, No. 15-CV-03485-WHO, 2016 WL 6276956, at *5 (N.D. Cal. Oct. 27, 2016) (materiality), *aff'd*, 700 F. App'x 1007 (Fed. Cir. 2017). CoolIT responds that there is a split of authority in this district, courts have permitted amended contentions when the court adopts a construction different from the moving party's proposed construction, and the cases are distinguishable factually.[26]

As this order described previously, the trial court's construction is materially different than Asetek's. The local rule permits amended contentions when the court adopts a construction that is different from the moving party's construction. Also, when the court adopted a party's construction, it said so.[27] It did not here.[28] By contrast, in *Word to Info*, the court explicitly adopted the "defendant's construction, slightly modified." *Word to Info,* 2016 WL 3690577, at *4. Also, the cases can be distinguished: they do not involve — as this case does — a non-moving party's proposal of a new construction during claims-construction briefing. The fact landscape here does not compel the conclusion that the moving party (CoolIT) should have amended its contentions after the non-moving party (Asetek) proposed its construction during briefing.

In sum, CoolIT was diligent, and good cause for the amendments is established under Patent Local Rule 3-6. *ChriMar Sys. Inc. v. Cisco Sys. Inc.,* No. C 13-01300 JSW (MEJ), 2015 WL 13449849, at *4-5 (N.D. Cal. May 14, 2015), *report and recommendation adopted,* 2015 WL 13450357 (N.D. Cal. June 8, 2015).

Asetek also contends that it will suffer undue prejudice by the amended contentions, pointing to its need to reopen claim construction.[29] CoolIT denies that there is any need to reopen claim construction.[30] But CoolIT assumes Asetek's "dire predictions" and "parade of horribles" and

---

[25] *Id.* at 17–20, 22–23.

[26] Reply – ECF No. 171 at 15–16.

[27] Order – ECF No. 149 at 29, 44.

[28] *Id.* at 33.

[29] Opp'n – ECF No. 162 at 21.

[30] Reply – ECF No. 171 at 15 n.17.

contends that there is time — given CoolIT's diligence and the lack of discovery deadlines, motions deadlines, or trial dates — to address any issues through discovery, expert discovery, and if necessary, further claims construction. *See Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550 SI, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007) (no prejudice where the non-moving party has not filed any substantive motion that will be impacted or rendered moot by [the moving party's] amendment" and when "there is ample time left in which to conduct discovery"). At the hearing, CoolIT pointed out that claims can be construed at any time, including during the pretrial process.

Again, no one asked to construe "plurality of the [juxtaposed] fins" and "sides of the fins," instead the parties focused on "adjacent"/"juxtaposed with." That makes sense: the "fins" issue is more like pointing to the area that is problematic. That area is a subset of what CoolIT previously identified. That is not obviously an area for claims construction. But even it if it is, the inquiry seems relatively modest. And the identification of a subset of fins does not implicate the "shifting sands" concerns that attend a wholesale rejiggering of infringement contentions. On this record, and at this stage of the case, the court does not find undue prejudice.

Finally, Asetek challenges CoolIT's Infringement Theory 3 on the grounds that (1) if it is (as CoolIT says) largely identical to the original contentions, it is unnecessary, and (2) CoolIT waited too long.[31] Infringement Theory 3 points to holes in the intervening structure to show that the structure is not a solid structure. That is a response to the court's construction of "adjacent"/"juxtaposed with," is not materially different from the original contentions, and overall is a helpful clarification of CoolIT's theory of infringement based on the court's claims construction.

## CONCLUSION

The court grants CoolIT's motion to amend its infringement contentions.

**IT IS SO ORDERED.**

Dated: November 9, 2020

LAUREL BEELER
United States Magistrate Judge

---

[31] Opp'n – ECF No. 162 at 23.

ORDER – No. 19-cv-00410-EMC (LB)               10