COOLEY LLP
HEIDI L. KEEFE (SBN 178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (SBN 228725)
(rchen@cooley.com)
DANIEL J. KNAUSS (SBN 267414)
(dknauss@cooley.com)
LAM K. NGUYEN (SBN 265285)
(lnguyen@cooley.com)
DEEPA KANNAPPAN (SBN 313573)
(dkannappan@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

DUSTIN M. KNIGHT (*pro hac vice*)
(dknight@cooley.com)
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

GREENBERG TRAURIG, LLP
KYLE D. CHEN (SBN 239501)
(kchen@gtlaw.com)
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 289-7887
Facsimile: (650) 328-8508

Attorneys for Defendant and Counter-Plaintiff
COOLIT SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>　　　　Plaintiff and<br>　　　　Counter-Defendant,<br><br>　　v.<br><br>COOLIT SYSTEMS, INC.,<br><br>　　　　Defendant and<br>　　　　Counter-Plaintiff. | Case No. 3:19-cv-00410-EMC<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT AND COUNTER-PLAINTIFF COOLIT SYSTEMS, INC. FOR LEAVE TO AMEND PLEADINGS AND TO STAY RELATED ACTION**<br><br>**DATE:　DECEMBER 17, 2020**<br>**TIME:　1:30 P.M.**<br>**LOCATION:　San Francisco Courthouse**<br>**　　　　Courtroom 5 – 17th Floor**<br>**　　　　450 Golden Gate Ave.**<br>**　　　　San Francisco, CA 94102** |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND ................................................................................................. 1

III.    ARGUMENT ...................................................................................................... 3

     A.     The Court Should Grant CoolIT's Motion for Leave to Amend ............................ 3

         1.     Legal Standards .......................................................................... 3

         2.     Justice So Requires That Leave to Amend Be Granted ................................ 3

            a.     CoolIT's Proposed Amendment is in Good Faith .......................... 4

            b.     Asetek Suffers No Undue Prejudice ................................. 6

            c.     Other Factors Favor Granting Leave to Amend ............................. 6

     B.     The Court Should Grant CoolIT's Motion to Stay the Corsair Action ................... 6

         1.     Legal Standards .......................................................................... 7

         2.     Asetek's '354 and '355 Patent Infringement Claims in the Corsair Action Should Be Stayed Under First-to-File Principles ......................................... 8

         3.     The Customer-Suit Exception Applies ........................................................ 8

         4.     The Landis Factors Strongly Favor Staying the Corsair Action ................ 10

IV.    CONCLUSION ................................................................................................. 11

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4

*Asetek Danmark A/S v. Corsair Gaming, Inc.*,
5
    Case No. 3:20-cv-06541 (N.D. Cal.) ............................................................... *passim*

6

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) ............................................................................ 7

7

*Eminence Capital, LLC v. Aspeon, Inc.*,
8
    316 F.3d 1048 (9th Cir. 2003) .......................................................................... 3

9

*Finjan, Inc. v. Qualys Inc.*,
    No. 4:18-cv-07229-YGR, 2020 WL 1865264 (N.D. Cal. Apr. 13, 2020) ................. 3
10

*Foman v. Davis*,
11
    371 U.S. 178 (1962) ........................................................................................ 3

12

*Griggs v. Pace Am. Grp., Inc.*,
13
    170 F.3d 877 (9th Cir. 1999) ........................................................................... 3

14

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
    787 F.3d 1237 (9th Cir. 2015) .......................................................................... 7
15

16

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .................................................................................... 7, 9

17

*Mantissa Corp. v. Old Second Bancorp, Inc.*,
18
    No. 17 C 9175, 2018 WL 3059604 (N.D. Ill. June 20, 2018) ............................... 8

19

*Microchip Tech., Inc. v. United Module Corp.*,
    2011 WL 2669627 (N.D. Cal. July 7, 2011) ....................................................... 7
20

*In re Nintendo of Am., Inc.*,
21
    756 F.3d 1363 (Fed. Cir. 2014) ..................................................................... 6, 8

22

*Richmond v. Lumisol Elec. Ltd.*,
23
    2014 WL 1716447 (D.N.J. Apr. 30, 2014) ..................................................... 7, 9

24

*Serco Servs. Co., L.P. v. Kelley Co., Inc.*,
    51 F.3d 1037 (Fed. Cir. 1995) ......................................................................... 6
25

*Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*,
26
    708 F.3d 1109 (9th Cir. 2013) .......................................................................... 3

27

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
28
    657 F.3d 1349 (Fed. Cir. 2011) ........................................................................ 8

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
    967 F. Supp.2d 1289 (N.D. Cal. 2013) .................................................................................. 6

*WP Banquet, LLC v. Target Corp.*,
    No. LA CV16-02082 JAK (JPRx), 2016 WL 9450448 (C.D. Cal. Dec. 15,
    2016) ..................................................................................................................................... 9

*Xiaohua Huang v. Open-Silicon, Inc.*,
    No. 18-cv-00707-JSW (LB), 2018 WL 5099275 (N.D. Cal. Aug. 27, 2018).................. 6, 8, 9

**Other Authorities**

Fed. R. Civ. P.
    11 .......................................................................................................................................... 5
    15(a) ..................................................................................................................................... 1
    15(a)(2)................................................................................................................................. 3

L. R. 10-1 .................................................................................................................................. 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>NOTICE OF MOTION AND MOTION</u>**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORDS**:

PLEASE TAKE NOTICE that on December 17, 2020, or as soon thereafter as the matter may be heard, in this Court, located at San Francisco Courthouse, Courtroom 5 – 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant and Counter-Plaintiff CoolIT Systems, Inc. ("CoolIT") will and hereby does move for an Order (1) granting leave to amend CoolIT's First Amended Answer and First Amended Counterclaim pursuant to Federal Rule of Civil Procedure 15(a); and (2) staying the related action *Asetek Danmark A/S v. Corsair Gaming, Inc.*, Case No. 3:20-cv-06541 (N.D. Cal.) (the "Corsair Action") pursuant to the Court's inherent authority (collectively, the "Motion"). Plaintiff and Counter-Defendant Asetek Danmark A/S ("Asetek") and CoolIT have met and conferred regarding the proposed amendment and staying the Corsair Action.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Reuben H. Chen ("Chen Decl.") and the exhibits attached thereto, the [Proposed] Order filed concurrently herewith, and upon such other and further matters, papers, and arguments as may be submitted to the Court at or before the hearing on this motion.

CASE NO. 3:19-CV-00410-EMC
CoolIT's Motion for Leave to Amend
Pleadings and to Stay Related Action

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a), CoolIT respectfully requests leave to amend its pleading in the instant action to assert declaratory judgment counterclaims of noninfringement of U.S. Patent Nos. 10,078,354 ("'354 patent"); 10,078,355 ("'355 patent"); 10,613,601 ("'601 patent"); and 10,599,196 ("'196 patent").[1]  CoolIT's request arises from the related action *Asetek Danmark A/S v. Corsair Gaming, Inc.*, Case No. 3:20-cv-06541 (N.D. Cal.) (the "Corsair Action") where Asetek alleges infringement against Corsair, a CoolIT customer, on the same CoolIT technology at issue in the instant action.  Pursuant to Local Rule 10-1, CoolIT's proposed amended pleading is attached hereto as Exhibit 1.[2]  For the court's convenience, CoolIT also includes a redline depicting changes between CoolIT's proposed amended pleading and the currently-operative First Amended Answer and First Amended Counterclaims (Dkt. No. 36), attached hereto as Exhibit 2.

CoolIT further seeks a stay of the Corsair Action during the pendency of the instant action. A stay is warranted under first-to-file principles and the customer-suit exception.  In both the instant action and the Corsair Action, Asetek asserts the '354 and '355 patents.  In the Corsair Action, Asetek adds direct continuations of the '354 and '355 patents – *i.e.*, the '601 and '196 patents, respectively – that use substantially identical claim language and have essentially the same claim scope.   The accused products in both actions fundamentally use the same accused CoolIT technology.  Moreover, CoolIT directly sells to Corsair the accused technology in both actions and is indemnifying Corsair and taking over the defense in the Corsair Action.  CoolIT is the "true defendant" in the Corsair Action and a stay is warranted to streamline the issues and avoid burdensome and duplicative litigation, and harassment of CoolIT's customer,

## II.    BACKGROUND

Asetek's operative complaint alleges that various CoolIT products infringe Asetek's U.S. Patent Nos. 8,240,362; 8,245,764; 9,733,681; 10,078,354; and 10,078,355 (collectively, the

---

[1] For completeness, CoolIT also amended its existing counterclaims to include the Gen 7 products that the Court permitted CoolIT to add to its infringement contentions on November 9, 2020. (*See* Dkt. No. 184.)

[2] Unless otherwise noted, exhibits are attached to the Declaration of Reuben H. Chen ("Chen Decl.") filed concurrently herewith.

"Asetek Patents").  CoolIT answered the Complaint denying infringement and asserting its own patents against certain Asetek products.  On June 20, 2019, CoolIT filed the currently-operative First Amended Answer and First Amended Counterclaim.

On September 17, 2020, Asetek filed a case, *Asetek Danmark A/S v. Corsair Gaming, Inc., et al.*, 3:20-cv-06541-EMC, deemed related to the instant action on October 13, 2020.  (Dkt. No. 174.)  Upon learning of the lawsuit against its customer Corsair, CoolIT promptly investigated Asetek's allegations.  On September 28, 2020, CoolIT's counsel raised with Asetek's counsel by telephone that CoolIT believed the case against Corsair should be stayed under the customer-suit exception and the claims against the products at issue in the Corsair Action be consolidated with the instant action because the alleged infringing technology in the accused Corsair products is supplied by CoolIT.  Moreover, CoolIT believes those products are already covered by Asetek's infringement allegations in this action at least with respect to the '354 and '355 patents, and Asetek's claims in the Corsair Action are precluded by the patent exhaustion doctrine.  Asetek's counsel indicated that Asetek was amenable to discussion and requested that the parties stipulate to continue the previously scheduled case management conference to give the parties time to meet and confer.  (*See* Dkt. No. 169.)  Over the next month, the parties exchanged proposals via e-mail and conducted two telephonic meet and confers in attempts to reach resolution on this issue but were ultimately unsuccessful.

CoolIT also informed Asetek that it was prepared to file declaratory judgment claims in this action to cover the infringement claims Asetek raised in the Corsair Action and move to stay the Corsair Action pursuant to the customer-suit exception.  However, to avoid the cost to the parties and burdening the Court with serial motions and to simplify the pleadings, CoolIT was willing to agree to certain stipulations in return for Asetek agreeing to add its claims against products in the Corsair Action to this case.  CoolIT also informed Asetek that it believed its upcoming product, hereinafter referred to as CoolIT's "new design," should also be included in this action because that product has been imported into the United States and Asetek asserted they still infringed "one or more claims."  (Chen Decl., ¶¶5-6.)  As shown in correspondence filed herewith, the parties were not far apart with respect to their final proposals.  (*Id.*, ¶6.)

The key remaining disputes were: 1) the inclusion of Asetek's infringement claims against CoolIT's new design (which CoolIT intends to rely on for at least damages purposes); 2) whether and when to lift any stay in the Corsair Action and; 3) whether Asetek may serve discovery that it would not otherwise be permitted to serve on Corsair. (*Id.*) CoolIT believes that Asetek's requests for an automatic lifting of the stay and onerous discovery that would not otherwise be available to it against Corsair are unreasonable and inconsistent with the purpose of the customer-suit exception. Thus, CoolIT is forced to bring this motion.

## III.    ARGUMENT

### A.    The Court Should Grant CoolIT's Motion for Leave to Amend

#### 1.    Legal Standards

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings with leave from the Court, which courts freely grant "when justice so requires." The policy for granting leave to amend ought "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "In the absence of any apparent or declared reason" for denying leave, "the leave sought should, as the rules require, be 'freely given.'" *Id.*, at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Five factors bear on a court's ruling on a motion for leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the movant has previously amended its pleadings." *Finjan, Inc. v. Qualys Inc.*, No. 4:18-cv-07229-YGR, 2020 WL 1865264, at *1 (N.D. Cal. Apr. 13, 2020). All inferences are drawn "in favor of granting the motion," *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999), and in the absence of "strong evidence" of one or more of these factors, leave to amend must be granted. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

#### 2.    Justice So Requires That Leave to Amend Be Granted

CoolIT's proposed amendment would add (1) declaratory judgment counterclaims to encompass Asetek's claims asserted in the Corsair Action against CoolIT technology already accused in this case, and (2) declaratory judgment counterclaims regarding CoolIT's new design. CoolIT brings this motion a week after Asetek ended the parties' negotiations.

1

### a.    CoolIT's Proposed Amendment is in Good Faith

2       The circumstances prompting CoolIT's motion evince a good faith basis to amend, as

3  discussed in further detail below.

4       Capellix products:  In the Corsair Action, Asetek accuses CoolIT's technology in Corsair's

5  Capellix products of infringing the '354, '355, '601, and '196 patents.  Asetek admits that the

6  Capellix products "have pump configurations that are very similar to the HydroSeries and iCUE

7  products" accused here.  (Corsair Action, Dkt. No. 1, ¶13.)  Indeed, CoolIT believes the Capellix

8  products are **_already alleged in this case_** because Asetek's infringement contentions identified

9  Accused  Instrumentalities  as  including  "CoolIT's  all-in-one  liquid  coolers,  aside  from  the

10  HydroSeries™ products, that are designed for and compatible with Intel and AMD processors and

11  that have CoolIT's E3 pump technology and/or EP2 active cold plates."  (Chen Decl., ¶4.)  Any

12  proper pre-suit investigation would have revealed that the Capellix products have a pump design

13  that is, with respect to the Asetek Patents, virtually the same as the design of the CoolIT H100i

14  RGB Platinum product that Asetek asserts is representative of all of CoolIT's desktop all-in-one

15  liquid coolers in the instant case.[3]  Moreover, the '601 and '196 patents in the Corsair Action are

16  direct continuations of the '354 and '355 patents, respectively, that use substantially identical claim

17  language and have essentially the same claim scope.  (Chen Decl., ¶¶9-10.)  CoolIT explained this

18  to Asetek during their meet and confers, and both parties' proposals acknowledge the propriety of

19  including the '601 and '196 patents in the instant action.

20       CoolIT's new design:  As an initial matter, CoolIT notes that the new design will be an issue

21  in this case at least with respect to damages as a non-infringing alternative.  Prior to filing this

22  motion, CoolIT provided schematics and a physical sample of its new design to Asetek's counsel.

23  Asetek's counsel recently asserted in written correspondence that CoolIT's new design infringes

24  one or more claims but has refused to identify with any specificity its infringement theory, nor

25  identify specific claims of any of Asetek's Patents that it contends are still infringed.  (Chen Decl.,

26  ---

[3]CoolIT recognizes the unusual posture of a defendant arguing for inclusion of a product line in
27  infringement allegations. However, Asetek's refusal to acknowledge the inclusion of the Capellix
products draws a superficial distinction between sets of accused products between these actions
28  that does little more than saddle CoolIT, Corsair, and the Court with duplicative and expensive
litigation.

¶5.) CoolIT does not believe there is any Rule 11 basis for Asetek to assert infringement by the new design and that CoolIT should be free to operate without fear of protracted future litigation in a separate matter. Indeed, there is no reason to adjudicate those claims separately in the Corsair Action as Asetek has threatened, when this substantive issue can be adjudicated in this case, if Asetek believes it has a Rule 11 basis to assert infringement.

### b.   Asetek Suffers No Undue Prejudice

Asetek will not suffer undue prejudice if amendment is allowed. The '354 and '355 patents, as well as the Capellix products, are already in the case. With respect to the declaratory judgment claims related to the '601 and '196 patents, as discussed, they are direct continuations of the '354 and '355 patents, respectively. Indeed, Asetek had to file terminal disclaimers for the '601 and '196 patents to "obviate a double patenting rejection" over their respective parent applications. (Chen Decl., ¶¶7-8.) In addition, a comparison of the language of asserted claims shows almost complete overlap in claim scope. (Chen Decl., ¶¶9-10.) The parties further agreed in their competing proposals that inclusion of the '601 and '196 patents in this action would not present the Court with any new claim construction issues. (Chen Decl., ¶6.) Issues of infringement and invalidity thus overlap significantly such that Asetek is not unduly prejudiced by CoolIT's proposed amendment. With respect to including the CoolIT new design in CoolIT's declaratory judgment claims, Asetek cannot reasonably argue prejudice when its counsel has already accused the new design of infringing the Asetek Patents (albeit without any specificity). (*See* Chen Decl., ¶5.)

### c.   Other Factors Favor Granting Leave to Amend

The remaining factors favor granting leave to amend. No undue delay is present, as CoolIT submits this motion less than two months after Asetek filed its complaint in the Corsair Action and within a week of unsuccessfully attempting to reach resolution with Asetek without Court intervention. No deadline has been set for amendment of pleadings. CoolIT has not previously amended its pleadings to cure any deficiency, and the proposed amendment here is not futile.

### B.   The Court Should Grant CoolIT's Motion to Stay the Corsair Action

CoolIT further requests the Court exercise its inherent authority to stay the Corsair Action in the interests of judicial and litigant economy. First-to-file principles and the customer-suit

1    exception apply here.  In both cases, Asetek asserts the '354 and '355 patents and, in the Corsair

2    Action, Asetek adds their direct continuations (*i.e.*, the '601 and '196 patents, respectively) that use

3    substantially identical claim language and have essentially the same claim scope.  The accused

4    products in both actions fundamentally use the same accused CoolIT technology.  Moreover,

5    CoolIT directly sells to Corsair the accused technology for the Corsair products in both actions and

6    is indemnifying Corsair and taking over the defense in the Corsair Action.  CoolIT is the "true

7    defendant" in both actions and a stay is warranted to streamline the issues and avoid burdensome

8    and duplicative litigation.

9                            **1.      Legal Standards**

10          In patent litigation, a first-filed action is preferred "unless considerations of judicial and

11   litigant economy, and the just and effective disposition of disputes, require otherwise." *Serco Servs.*

12   *Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995).  Courts analyze three threshold

13   factors in deciding whether to apply the first-to-file rule: (1) the chronology of the actions; (2) the

14   similarity of the parties; and (3) the similarity of the issues.  *E.g., Wallerstein v. Dole Fresh*

15   *Vegetables, Inc.*, 967 F. Supp.2d 1289, 1292 (N.D. Cal. 2013).  Actions filed in the same district

16   are still subject to the first-to-file rule.  *Id.*, at 1294.

17          "When a patent owner files an infringement suit against a manufacturer's customer and the

18   manufacturer then files an action of noninfringement or patent invalidity, the suit by the

19   manufacturer generally take[s] precedence." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed.

20   Cir. 2014).  The "customer-suit exception" to the "first-to-file" rule exists to relieve a customer

21   from the burden of litigation because the manufacturer is generally the "true defendant" in the

22   dispute.  *Id*.  The Northern District of California has applied the customer-suit exception "where

23   the manufacturer and the customer were in the same suit (in addition to situations where the

24   manufacturer and the customer were in different suits)." *Xiaohua Huang v. Open-Silicon, Inc.*, No.

25   18-cv-00707-JSW (LB), 2018 WL 5099275, at *4 (N.D. Cal. Aug. 27, 2018).

26          Separate and apart from the customer-suit exception, a court has the inherent power to

27   manage its docket and stay litigation.  Courts consider several factors when determining whether a

28   stay is appropriate: "the possible damage which may result from granting a stay, the hardship or

1    inequity which a party may suffer in being required to go forward, and the orderly course of justice

2    measured in terms of the simplifying or complicating of issues, proof, and questions of law which

3    could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)

4    (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

5                        **2.    Asetek's '354 and '355 Patent Infringement Claims in the Corsair
                                 Action Should Be Stayed Under First-to-File Principles**
6

7            The Court should stay the Corsair Action with respect to Asetek's '354 and '355 patent

8    infringement claims and adjudicate those issues in this first-filed action.  *Cf. Kohn Law Grp., Inc.*

9    *v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239-40 (9th Cir. 2015).  Asetek asserts the '354 and

10   '355 patents in both actions, and did so first in the instant action.  The accused products also

11   fundamentally use the same accused technology, such that issues of infringement will be the same

12   between actions.  Finally, as noted below, the parties are effectively the same, which is all that is

13   required.  *Microchip Tech., Inc. v. United Module Corp.*, 2011 WL 2669627, at *3-4 (N.D. Cal.

14   July 7, 2011); *Kohn Law Grp.*, 787 F.3d at 1240 ("[T]he first-to-file rule does not require exact

15   identity of the parties.").  If the Court declines a stay under first-to-file principles, however, a stay

16   of the Corsair Action as to these patents is still warranted under the customer-suit exception for the

17   reasons set forth below.  Under either doctrine, judicial and litigant economy favor a stay.

18                        **3.    The Customer-Suit Exception Applies**

19           Even if the Court does not agree that Asetek's claims with respect to the '354 and '355

20   patents in the Corsair Action are duplicative of its claims in the instant action, the Corsair Action

21   should still be stayed under the customer-suit exception.  Corsair is a customer of CoolIT, the real

22   defendant in the Corsair Action.  This is made plain by the fact that CoolIT directly sells the accused

23   technology to Corsair to incorporate into its products, and CoolIT has an indemnification obligation

24   under a product purchase agreement between Corsair and CoolIT.[4]  *Richmond v. Lumisol Elec. Ltd.*,

25   2014 WL 1716447, at *6 (D.N.J. Apr. 30, 2014) ("[S]ome of defendants have agreed to indemnify

26   other defendants, particularly those downstream in the stream of commerce.  Thus, in those

27   _____

28   [4] Asetek is well-aware of CoolIT's indemnity obligations and right to defend under the CoolIT-
     Corsair Product Purchase Agreement, which CoolIT produced in discovery several months ago.

circumstances, the indemnifying defendant is 'the real party in interest' for the purposes of the patent infringement claims, and the indemnified defendant is peripheral.").  Indeed, CoolIT will intervene as a formal party to the Corsair Action if it is not stayed.  *Xiaohua Huang*, 2018 WL 5099275, at *4 ("Assuming that eSilicon is permitted to intervene, the customer-suit doctrine is applicable here.").

CoolIT concurrently files for leave to amend its counterclaims to seek declaratory judgment against the Asetek patents asserted in the Corsair Action.  Thus, in accord with *In re Nintendo*, issues in this action should take precedence over the Corsair Action.

Precisely because the same CoolIT technology is at issue in both actions, the instant action has the "potential to resolve the 'major issues' concerning the claims against the customer" to justify a stay under the customer-suit exception.  *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011).  As discussed above, the accused Capellix products in the Corsair Action are covered by allegations in Asetek's Complaint and infringement contentions with respect to the '354 and '355 patents.  (*See* Chen Decl., ¶4; Dkt. No. 1, ¶¶11-13.)  Likewise, all the elements of the claims of the '601 and '196 patents asserted in Asetek's complaint in the Corsair Action are found in one or more claims already asserted by Asetek against CoolIT in this action.  (Chen Decl., ¶¶9-10.)  This is particularly important because Asetek alleges direct infringement of its patents' apparatus claims in both actions, and so Asetek's infringement allegations in the Corsair Action are already covered here.  (*Compare* Dkt. No. 1, ¶¶45, 65, 81, *with* Corsair Action, Dkt. No. 1 ¶¶16, 30, 44, 60.)  Application of the customer-suit exception is "most apt" under these circumstances.  *See Mantissa Corp. v. Old Second Bancorp, Inc.*, No. 17 C 9175, 2018 WL 3059604, at *5 (N.D. Ill. June 20, 2018) (reasoning that the "manufacturer's liability will necessarily turn on whether the accused product satisfies every limitation of those claims, and resolution of that issue in the manufacturer's suit will also resolve whether the customer infringes.").  Finally, the applicable damages in both cases relate to CoolIT's sales at issue here, and in any event, CoolIT is indemnifying Corsair.

4.     **The *Landis* Factors Strongly Favor Staying the Corsair Action**

Even under traditional stay analysis, the Court would be well-advised to stay the Corsair Action.  The several *Landis* factors support granting a stay.  There is minimal potential for harm in granting a stay.  The Corsair Action is in the early stages of litigation.  Corsair's response to Asetek's complaint is not due until November 20, the court has not entered a scheduling order, and the parties have not conducted any discovery.  Moreover, issues attendant to the Corsair Action are essentially identical to those present in the instant action—*e.g.*, whether CoolIT's liquid cooling technology, which Corsair's products incorporate, infringes Asetek's patents.  *Xiaohua Huang*, 2018 WL 5099275, at *5.  It is thus in the interests of the parties and the Court to avoid duplicative and unnecessary litigation.

In contrast, CoolIT would suffer hardship or inequity if the Corsair Action is not stayed. Because the same CoolIT technology is at issue in both cases, and CoolIT will indemnify and assume Corsair's defense, CoolIT will be subject to unduly burdensome duplication of labor and expense by having to defend against the same allegations twice.  Further, continuing the Corsair Action now would allow Asetek an end run around limits on the number of asserted claims set by the Court in the instant action.  This would be particularly unfair because the '354 and '355 patents are asserted in both cases and, as explained above, the '601 and '196 patents are direct continuations of the '354 and '355 patents, respectively, with substantially the same claim scope.

Finally, litigating the instant action first would best promote the orderly course of justice by conserving judicial and litigant resources, particularly because CoolIT is indemnifying Corsair. *Id*.  *Cf. WP Banquet, LLC v. Target Corp.*, No. LA CV16-02082 JAK (JPRx), 2016 WL 9450448, at *6 (C.D. Cal. Dec. 15, 2016) (recognizing an indemnity agreement as supportive of a stay granted in the "interests of judicial economy and efficiency"); *Richmond*, 2014 WL 1716447, at *6 ("Principles of judicial economy counsel that the claims against the downstream defendants be severed as well and then stayed pending the resolution of the claims against the upstream defendants.").

1

**IV.     CONCLUSION**

2          For the foregoing reasons, CoolIT respectfully requests that the Court (1) grant CoolIT leave

3    to amend its pleadings to include the proposed declaratory judgment claims and (2) stay the

4    litigation in *Asetek Danmark A/S v. Corsair Gaming, Inc.*, Case No. 3:20-cv-06541 (N.D. Cal.).

5
Dated:    November 12, 2020
6

7                                                  */s/* Reuben H. Chen
                                                   _____

8                                                  HEIDI L. KEEFE (178960)
                                                   (hkeefe@cooley.com)
9                                                  REUBEN H. CHEN (228725)
                                                   (rchen@cooley.com)
10                                                 DANIEL J. KNAUSS (267414)
                                                   (dknauss@cooley.com)
11                                                 LAM K. NGUYEN (265285)
                                                   (lnguyen@cooley.com)
12                                                 3175 Hanover Street
                                                   Palo Alto, CA  94304-1130
13                                                 Telephone:    (650) 843-5000
                                                   Facsimile:    (650) 849-7400
14
                                                   GREENBERG TRAURIG, LLP
15                                                 KYLE D. CHEN (SBN 239501)
                                                   (kchen@gtlaw.com)
16                                                 1900 University Avenue
                                                   East Palo Alto, CA 94303
17                                                 Telephone: (650) 289-7887
                                                   Facsimile: (650) 328-8508
18
                                                   Attorneys for Defendant and Counter-Plaintiff
19                                                 COOLIT SYSTEMS, INC.

20

21

22

23

24

25

26

27

28