1    Robert F. McCauley (SBN 162056)           Heidi L. Keefe (SBN 178960)
     robert.mccauley@finnegan.com              hkeefe@cooley.com
2    Arpita Bhattacharyya (SBN 316454)         Reuben H. Chen (SNB 228725)
     arpita.bhattacharyya@finnegan.com         rchen@cooley.com
3    Jeffrey D. Smyth (SBN 280665)             Daniel J. Knauss (SBN 267414
     jeffrey.smyth@finnegan.com                dknauss@cooley.com
4    FINNEGAN, HENDERSON, FARABOW,             Lam K. Nguyen (SNB 265285)
       GARRETT & DUNNER, LLP                   lnguyen@cooley.com
5    3300 Hillview Avenue                      Deepa Kannappan (SBN 313573)
     Palo Alto, California 94304               dkannappan@cooley.com
6    Telephone:    (650) 849-6600              COOLEY LLP
     Facsimile:    (650) 849-6666              3175 Hanover Street
7                                              Palo Alto, CA 94304-1130
     Attorneys for Plaintiff and Counterdefendant   Telephone:    (650) 843-5000
8    ASETEK DANMARK A/S                        Facsimile:    (650) 849-7400

9                                              Dustin M. Knight (*pro hac vice*)
                                               dknight@cooley.com
10                                             COOLEY LLP
                                               11951 Freedom Drive, 16th Floor
11                                             Reston, VA 20190
                                               Telephone:    (703) 456-8000
12                                             Facsimile:    (703) 456-8100

13                                             Kyle D. Chen (SBN 239501)
                                               kchen@gtlaw.com
14                                             GREENBERG TRAURIG, LLP
                                               1900 University, Avenue, 5th Floor
15                                             East Palo Alto, CA 94304
                                               Telephone:    (650) 289-7887
16                                             Facsimile:    (650) 328-8508

17                                             Attorneys for Defendant and Counterclaimant
                                               COOLIT SYSTEMS, INC.
18

19                **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
20                   **SAN FRANCISCO DIVISION**

21

| | |
|---|---|
| 22   ASETEK DANMARK A/S, | CASE NO. 3:19-cv-00410-EMC |
| 22            Plaintiff and | **FURTHER JOINT CASE MANAGEMENT** |
| 23            Counterdefendant, | **CONFERENCE STATEMENT** |
| 24       v. | Date:        December 22, 2020 |
| | Time:        1:30 PM |
| 25   COOLIT SYSTEMS, INC., | Location:    Courtroom 5, 17th Floor |
| | Judge:       Hon. Edward M. Chen |
| 26            Defendant and | |
|               Counterclaimant. | |

27

28

Plaintiff and Counterdefendant Asetek Danmark A/S ("Asetek") and Defendant and Counterclaimant CoolIT Systems, Inc. ("CoolIT") jointly submit the following FURTHER JOINT CASE MANAGEMENT STATEMENT.

1. **Jurisdiction & Service**

The basis for the Court's subject matter jurisdiction over Asetek's claims and CoolIT's counterclaims are the patent laws of the United States, Title 35 of the United States Code. Specifically, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). All parties have been served.

2. **Facts**

Asetek's operative complaint alleges that various CoolIT products infringe Asetek's U.S. Patent Nos. 8,240,362 ("the '362 patent"); 8,245,764 ("the '764 patent"); 9,733,681 ("the '681 patent"); 10,078,354 ("the '354 patent"); and 10,078,355 ("the '355 patent") (collectively the "Asetek Patents").

CoolIT alleges that various Asetek products infringe CoolIT's U.S. Patent Nos. 8,746,330 ("the '330 patent"), 9,603,284 ("the '284 patent"), 9,057,567 ("the '567 patent"), and 10,274,266 ("the '266 patent) (collectively the "CoolIT Patents"). CoolIT has sought leave to amend its counterclaims to include declaratory judgment claims against two additional Asetek patents, U.S. Patent Nos. 10,613,601 ("the '601 patent") and 10,599,196 ("the '196 patent").

3. **Legal Issues**

    a) Whether the Asetek Patents are valid and enforceable;

    b) Whether CoolIT infringes any valid and enforceable claim of the Asetek Patents;

    c) Whether CoolIT's infringement of any valid and enforceable claim of the Asetek Patents, if any, was willful;

    d) Whether the CoolIT Patents are valid and enforceable;

    e) Whether Asetek infringes any valid and enforceable claim of the CoolIT patents;

    f) Whether Asetek's infringement of any valid and enforceable claim of the CoolIT Patents, if any, was willful;

g)  Whether this case is an exceptional case under 35 U.S.C. § 285 entitling any party to an award of attorneys' fees;

h)  Whether the Court should permit CoolIT to amend its counterclaims to include declaratory judgment counterclaims of non-infringement of the '354, '355, '601, and '196 patents covering the Capellix products and CoolIT's new design;

i)  Whether the Court should stay the related case against Corsair under the customer suit exception and/or the Court's inherent power; and

j)  Assuming the Court permits CoolIT's proposed amendments:

a.  Whether CoolIT infringes any valid and enforceable claim of the '601 and '196 patents.

4.    **Motions**

The following motion is pending and scheduled to be heard on the same day as the case management conference:

| | Hearing Date | Description | Submissions |
|---|---|---|---|
| 1. | December 22, 2020 | CoolIT Systems, Inc.'s Motion for Leave to Amend Pleadings and Stay Related Action | Dkt. No. 186 Dkt. No. 191 Dkt. No. 195 |

The parties also anticipate filing dispositive motions and may file other appropriate motions as this case and discovery progresses.

5.    **Amendment of Pleadings**

The parties propose a January 15, 2021 deadline for motions to amend pleadings, although if the Court orders that the Capellix products and/or CoolIT's new design will be accused in this action, then January 25, 2021 or 5 court days after the Court order, whichever is later. Later amendments may be allowed under a showing of good cause.

6.    **Evidence Preservation**

The parties certify that they have reviewed the Court's ESI Guidelines, and confirm that they have discussed and taken reasonable steps to preserve ESI. Each party shall take reasonable affirmative steps to continue to preserve evidence related to the issues presented by the action.

7.   **Disclosures**

The parties exchanged Rule 26(a)(1) initial disclosures on June 6, 2019.

8.   **Discovery**

The parties previously described agreements regarding the scope of discovery in their Joint Initial Case Management Statement, which is incorporated herein by reference. Dkt. No. 29 at 3-7. The parties entered into a stipulated order regarding the discovery of electronically stored information (Dkt. No. 49) and a stipulated protective order (Dkt. No. 51). The parties have served requests for document production and interrogatories and responses to same. In addition, CoolIT served six subpoenas to third parties and the Court recently granted its request for issuance of a letter rogatory (Dkt. No. 71). Asetek conducted one fact deposition of Sean Mutlow, CoolIT's Director of Sales, on October 10, 2019. No other depositions have been held to date.

9.   **Class Actions**

This case is not a class action.

10.   **Related Cases**

(a) Related Case:

On September 17, 2020, Plaintiff Asetek filed a case, *Asetek Danmark A/S v. Corsair Gaming, Inc., Corsair Components, Inc., and Corsair Memory, Inc.*, Case 3:20-cv-06541-EMC, which case was deemed related to the present case on October 13, 2020. Dkt. 174.

(b) IPRs:

In addition, both parties have filed petitions seeking *Inter Partes* review of certain of the patents involved in the present litigation. Specifically, on February 7, 2020, CoolIT submitted (1) IPR2020-00522 concerning Asetek's Patent No. 10,078,355, (2) IPR2020-00523 concerning Asetek's Patent No. 10,078,354, and (3) IPR2020-00524 concerning Asetek's Patent No. 9,733,681. On March 26, 2020 Asetek submitted IPR2020-00747 concerning CoolIT's Patent No. 9,057,567. And on April 10, 2020, Asetek submitted IPR2020-00825 concerning CoolIT's Patent No. 10,274,266. Asetek stipulated to the Patent Trial and Appeal Board to not pursue in the district court any §§ 102 or 103 invalidity ground based solely on prior art patents or printed publications (excluding system art) that were raised or could have been reasonably raised in the IPRs.  The Patent Trial and Appeal

Board issued a decision granting institution of *Inter Partes* Review in each of the above CoolIT and Asetek IPR proceedings. Oral argument for CoolIT's IPRs is scheduled for May 24, 2021, and oral argument for Asetek's IPRs is scheduled for June 22, 2021.

11.  **Relief**

Each party is seeking damages of no less than a reasonable royalty for alleged infringement of its patents and a trebling of damages for alleged willful infringement; costs and attorney's fees in defending against this lawsuit; and such other relief as the Court deems just and proper. Each party believes the other is not entitled to any relief. The parties exchanged Patent Local Rule 3-8 damages contentions on October 30, 2019.

12.  **Settlement and ADR**

This case has been referred to Magistrate Judge Sallie Kim for settlement purposes.  Two settlement conferences have been held, one in December 2019 and one in September 2020.  The parties' CEOs also recently had a one-on-on discussion regarding potential settlement. Judge Kim has said she is willing to meet again with the parties if and when circumstances warrant.

13.  **Consent to Magistrate Judge for All Purposes**

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   ____ YES   __X__ NO

14.  **Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  **Narrowing of Issues**

The parties are not currently aware of issues that can be narrowed by agreement or motion. The parties will continue to evaluate and work together to expedite the presentation of evidence at trial, but they do not have any specific joint proposals at this time.

16.  **Expedited Trial Procedure**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

4

1    17.    **Scheduling**

2           **Asetek's Position**:

3           Asetek's proposed schedule is realistic and practical, CoolIT's is not. CoolIT's proposal to

4    have close of fact-discovery and opening expert reports be due the same day, and to have close of

5    expert discovery and the deadline to file dispositive motions be due the same day, is impractical and

6    unprecedented.  Moreover, fact discovery is progressing and, contrary to CoolIT's proposal, the parties

7    should not require almost seven more months to complete fact discovery when this case has been

8    ongoing for almost two years.

9           As a result of the Court granting of CoolIT's prior motion to amend its infringement

10   contentions for its '330 patent (Dkt. Nos. 184, 190), Asetek's proposed schedule below includes

11   deadlines for claim construction negotiations and briefing for construction of the disputed claim terms

12   "plurality of [juxtaposed] fins" and "side[s] of the fins" in CoolIT's '330 patent.  Contrary to CoolIT's

13   argument below, the Court construed the terms "adjacent" and "juxtaposed with"; the Court did not

14   construe "plurality of [juxtaposed] fins" and "side[s] of the fins" as CoolIT now contends.  Dkt. 149

15   at 45. Because CoolIT's amended infringement contentions changed the scope of the asserted '330

16   claims, the Court needs to engage in claim construction to determine whether a skilled artisan would

17   understand "plurality of [juxtaposed] fins" to mean the full array of fins (Asetek's position, and

18   CoolIT's prior position), or a narrow band of the fins (CoolIT's new position). Similarly, the Court

19   will have to construe whether a skilled artisan would understand "side[s] of the fins" to mean the sides

20   of the outermost fins in the array (Asetek's position, and CoolIT's prior position), or the sides of any

21   fins inside the array (CoolIT's new position).

22          Asetek's proposed schedule also includes deadlines based on the assumption that the CoolIT's

23   Capellix products, but not CoolIT's prototype "new design" (as identified in its pending motion), are

24   added to the case. Addition of the prototype "new design" to the case will lengthen the case schedule

25   beyond that proposed by CoolIT and further complicate an already complex case because it will

26   require the parties to engage in negotiations and briefing under the Patent Local Rules to address

27   CoolIT's "new design." If the Court adds the "new design" then Asetek believes that neither of the

28

1  parties' proposed schedules below are adequate and that the parties should meet and confer regarding

2  another schedule.

3       **CoolIT's Position**:

4       CoolIT's proposed schedule is consistent with the Court's Guidelines re Calculation of Trial

5  Time Line.  Additionally, much discovery remains in the case and only one party witness has been

6  deposed as noted above.

7       CoolIT does not believe that any additional claim construction is necessary as the terms "a

8  plurality of [juxtaposed] fins" and "side[s] of the fins" have a readily understood plain and ordinary

9  meaning to a person of ordinary skill in the art.  Asetek mischaracterizes CoolIT's position with respect

10 to the "disputed" claim terms to make it seem like there is more of a dispute than there really is.  First,

11 CoolIT never proposed that "plurality of [juxtaposed] fins" is limited to "a narrow band of fins."  This

12 is readily shown by the annotated images included in CoolIT's motion to amend where CoolIT

13 identifies nearly all the fins as meeting this limitation.  (*See, e.g.*, Dkt. No. 157 at 8-11.)  Second,

14 CoolIT never proposed construing "side[s] of the fins" as "the sides of any fins inside the array."

15 Again, CoolIT's briefing makes it clear that this is only the sides of the fins of the identified plurality

16 of fins.  (*Id.*)  CoolIT is especially confused by the "dispute" here as it is evident that the "side[s] of

17 the fins" would simply be the sides of the identified "plurality of fins."  Moreover, Asetek previously

18 included the terms "plurality of [juxtaposed] fins" and "side[s] of the fins" in its proposed

19 constructions.  The Court duly considered Asetek's proposal as evidenced by the Court's order, which

20 notes Asetek's proposed constructions that include these terms.  (*See* Dkt. No. 149, pp. 29-30.)  If

21 further claim construction is necessary, any claim construction dispute can be resolved as part of a

22 summary judgment motion or in a pretrial order, rather than require the parties and Court to undertake

23 separate claim construction briefing and a hearing.  Nevertheless, if the Court believes separate claim

24 construction briefing and a hearing would be helpful, CoolIT has included alternate dates in its

25 proposal below.

26      CoolIT's proposed schedule includes deadlines that would apply to both the Capellix products

27 and CoolIT's new design.  Asetek's schedule also appears to indicate that it intends to drop the '764

28

and '681 patents though it would not confirm this despite CoolIT requesting confirmation during the parties' meet and confer process.

One or both parties may move to modify their proposals based on the Court's rulings and/or developments in this action.

| Event | Asetek's Proposed Dates assuming Capellix included but not CoolIT's "new design" | CoolIT's Proposed Dates assuming the Capellix and/or "new design" are included in this case |
|---|---|---|
| **Asetek's proposal**: If the Court orders that the Capellix product be included as an accused product in the present case, Asetek to serve (a) identification of asserted claims from the '362, '354, '355, '601, and '196 patents against accused CoolIT products including Capellix (subject to an overall limit of 16 claims with no more than 5 claims per patent and no new claims from the '362, '354, and '355 patents, i.e., claims for these patents must be from the previously selected 16 claims), and (b) Asetek to serve amended infringement contentions including the Capellix product and the '601 and 196 patent.  If the Court orders inclusion of CoolIT's prototype "new design" in this action, then full claim construction negotiations under the Patent Local Rules, briefing, and a hearing will be required, neither of the schedules proposed to the right will be adequate, and a further meet and confer should be ordered.  <br><br>**CoolIT's proposal**: If the court orders that the Capellix products and/or CoolIT's new design be included as accused products in the instant case, Asetek to serve (a) identification of asserted claims from all asserted patents against CoolIT products (including Capellix and CoolIT's new design) subject to an overall limit of 16 claims with no more than 5 claims per patent and no new claims identified from the '362, '354, and '355 patents; and (b) amended infringement contentions including the Capellix products, CoolIT's new design, and the '601 and '196 patents. | 5 court days after Court order permitting inclusion of the Capellix products in the present case | No later than 10 court days after Court order permitting inclusion of the Capellix products and/or CoolIT's new design in the present case. |
| **Asetek's proposal:** If the Court orders that the Capellix products be included as an accused product in the present case, CoolIT to serve invalidity contentions for the '196 and '601 patents  <br><br>**CoolIT's proposal:** If the Court orders that the Capellix products and/or CoolIT's new design be included as an accused product in the present case, CoolIT to serve invalidity contentions for the '196 and '601 patents | 10 court days after Asetek serves infringement contentions | No later than 15 court days after Asetek serves amended infringement contentions. |

| | | |
|---|---|---|
| Deadline to move to add parties or amend the pleadings | January 15, 2021 or 5 court days after Court order permitting inclusion of the Capellix product in this case | January 15, 2021 or 5 court days after Court order permitting inclusion of the Capellix products and/or CoolIT's new design in this case, whichever is later. |
| Exchange of preliminary claim constructions and extrinsic evidence for the claim terms "plurality of [juxtaposed] fins" and "side[s] of the fins" in CoolIT's '330 patent | January 7, 2021 | January 28, 2021 |
| Joint Claim Construction and Prehearing Statement and Expert Reports | January 21, 2021 | As stated above, CoolIT does not believe separate claim construction briefing is necessary, but provides the following, alternate claim construction dates: February 11, 2021 |
| Completion of Claim Construction Discovery | January 29, 2021 | February 19, 2021 |
| Opening Claim Construction Brief (CoolIT) | February 4, 2021 | February 26, 2021 |
| Responsive Claim Construction Brief (Asetek) | February 18, 2021 | March 12, 2021 |
| Reply Claim Construction Brief (CoolIT) | February 25, 2021 | March 19, 2021 |
| Claim Construction Hearing | March 11, 2021 (or at the Court's convenience) | At the Court's convenience. |
| Fact discovery cut-off | March 26, 2021 | July 29, 2021 |
| Opening expert reports | April 9, 2021 | July 29, 2021 |
| Rebuttal expert reports | April 30, 2021 | August 19, 2021 |
| Expert discovery cut-off | May 14, 2021 | September 9, 2021 |
| Deadline to file dispositive motions | July 15, 2021 | September 9, 2021 |
| Hearing on dispositive motions | August 19, 2021 | October 14, 2021 |
| Meet and confer re pretrial conference statements | September 28, 2021 | November 9, 2021 |
| Joint pretrial conference statement/trial briefs | October 12, 2021 | November 30, 2021 |
| Objections due | October 21, 2021 | December 10, 2021 |
| Pretrial conference | Nov. 2, 2021 | December 21, 2021 at 2:30 P.M. |

| Trial | Nov. 29, 2021 | January 24, 2022[1] |
|---|---|---|
| Estimate of trial length (in days) | 10-12 court days | 7-10 court days |

18. **Trial**

    The parties have requested that this case be tried by jury. Asetek believes this trial will take 10-12 court days, CoolIT believes it will take 7-10 court days.

19. **Disclosure of Non-Party Interested Entities or Persons**

    **Asetek's Statement:**

    Asetek filed its L.R. 3-15 certification of interested parties on January 23, 2019, identifying Asetek Holdings, Inc.; Asetek A/S; and Arbejdsmarkedets Tillaegspension.

    **CoolIT's Statement:**

    CoolIT filed its L.R. 3-15 certification on February 25, 2019. CoolIT certifies that other than the named parties, there is no such interest to report.

20. **Professional Conduct**

    Counsel of record for the parties has reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other**

    None.

---

    [1] CoolIT's proposed trial date was chosen to minimize issues with witness availability during the holidays.

1

Respectfully submitted,

2   Dated: December 15, 2020                FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER, LLP
3

4                                           By: */s/  Robert F. McCauley*
                                               Robert F. McCauley
5                                              Attorneys for Plaintiff and Counterdefendant
                                               ASETEK DANMARK A/S
6

7   Dated: December 15, 2020                COOLEY LLP

8

9                                           By: */s/ Reuben Chen*
                                               Reuben Chen
10                                             Attorneys for Defendant and Counterclaimant
                                               COOLIT SYSTEMS, INC.

11

12                              **ATTESTATION**

13          Counsel for Asetek Danmark A/S hereby attests by his signature below that concurrence in

the filing of this document was obtained from counsel for CoolIT Systems, Inc.

14

15  Dated: December 15, 2020                FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER, LLP
16

17                                          By: */s/ Robert F. McCauley*
                                               Robert F. McCauley
18                                             Attorneys for Plaintiff and Counterdefendant
                                               ASETEK DANMARK A/S
19

20

21

22

23

24

25

26

27

28