Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
Arpita Bhattacharyya (SBN 316454)
arpita.bhattacharyya@finnegan.com
Jeffrey D. Smyth (SBN 280665)
jeffrey.smyth@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Plaintiff and Counterdefendant
ASETEK DANMARK A/S

Heidi L. Keefe (SBN 178960)
hkeefe@cooley.com
Reuben H. Chen (SNB 228725)
rchen@cooley.com
Daniel J. Knauss (SBN 267414)
dknauss@cooley.com
Lam K. Nguyen (SNB 265285)
lnguyen@cooley.com
Deepa Kannappan (SBN 313573)
dkannappan@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

Dustin M. Knight (*pro hac vice*)
dknight@cooley.com
COOLEY LLP
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone:   (703) 456-8000
Facsimile:   (703) 456-8100

Kyle D. Chen (SBN 239501)
kchen@gtlaw.com
GREENBERG TRAURIG, LLP
1900 University, Avenue, 5th Floor
East Palo Alto, CA 94304
Telephone:   (650) 289-7887
Facsimile:   (650) 328-8508

Attorneys for Defendant and Counterclaimant
COOLIT SYSTEMS, INC. and Defendants
CORSAIR GAMING, INC. and CORSAIR
MEMORY, INC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ASETEK DANMARK A/S,<br>    Plaintiff and<br>    Counterdefendant,<br><br>    v.<br><br>COOLIT SYSTEMS, INC.,<br>    Defendant and<br>    Counterclaimant<br><br>CORSAIR GAMING, INC. and CORSAIR MEMORY, INC,<br>    Defendants. | CASE NO. 3:19-cv-00410-EMC<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Pursuant to the Court's Order dated December 22, 2020 (Dkt. 207), consolidating the case at bar with the related case *Asetek Danmark A/S v. Corsair Gaming, Inc. et al.* (20-cv-6541-EMC), Plaintiff and Counterdefendant Asetek Danmark A/S ("Asetek"), Defendant and Counterclaimant CoolIT Systems, Inc. ("CoolIT"), and Defendants Corsair Gaming Inc. and Corsair Memory, Inc. (collectively, "Corsair"), jointly submit the following FURTHER JOINT CASE MANAGEMENT STATEMENT, including a stipulated case management schedule for pre-trial and trial, and a disputed matter related to limits on discovery on Corsair that the parties request the Court to resolve.

This Statement does not include the case management matters that were addressed in the parties' JOINT FURTHER CASE MANAGEMENT STATEMENT filed on December 15, 2020 (Dkt. 201).

1. **Scheduling**

The proposed schedule below includes proposed claim construction negotiations and briefing for construction of disputed terms in Asetek's U.S. Patent Nos. 10,613,601 ("the '601 patent") and 10,599,196 ("the '196 patent"), as well as the disputed claim terms "plurality of [juxtaposed] fins" and/or "side[s] of the fins" in CoolIT's U.S. Patent No. U.S. 8,746,330 ("the '330 patent"). The parties' positions on claim construction for the '330 patent are stated below.

<u>Asetek's position</u>: As a result of the Court's granting of CoolIT's motion to amend its infringement contentions for its '330 patent (Dkt. Nos. 184, 190), CoolIT has advanced new interpretations of "plurality of [juxtaposed] fins" and/or "side[s] of the fins" in the asserted '330 claims. The meaning of these claims terms was not disputed before CoolIT filed its motion to amend its infringement contentions, and therefore the Court did not construe either of these terms in its prior claim construction ruling, contrary to CoolIT's representation below. *See* Dkt. 149 at 44-45 (providing list of the claim terms construed by the Court); Dkt. 184 at 8 (Judge Beeler finding that "no one asked to construe 'plurality of the [juxtaposed] fins' and 'sides of the fins,' again, because the issue was 'adjacent'/'juxtaposed with.'"); *see also* Dkt. 184 at 10 (same). Moreover, Judge Beeler did not find that claim construction of these terms would be unnecessary as CoolIT implies below. Rather, she only found that granting CoolIT's motion to amend would not prejudice Asetek because, even if new construction of these terms were to be conducted, "the inquiry would be modest." Dkt. 184 at 9-10.

Asetek disputes CoolIT's new interpretations of "plurality of [juxtaposed] fins" and "side[s] of the fins," which broadens the scope of the claims beyond CoolIT's prior assertions in its original infringement contentions, and specifically whether one skilled in the art after reviewing the intrinsic evidence would have understood these claim terms in the way CoolIT now contends. As a result of this dispute, the Court needs to engage in claim construction to determine the proper meaning and scope of these claim terms, and preferably before expert discovery begins. Asetek disagrees with CoolIT's assertion that the terms do not require construction and/or should simply have their plain an ordinary meaning, but that issue and the relevant intrinsic evidence needs to be briefed before the Court can decide this dispute. The parties can include these terms from the '330 patent as part of the supplemental claim construction briefing for Asetek's '601 and '196 patents per the schedule indicated below.

<u>CoolIT's position</u>:   Asetek misstates CoolIT's position.  CoolIT is not advancing any new claim interpretations and Asetek's arguments to the contrary were already rejected by Judge Beeler. (Dkt. No. 184.)  Further, the Court overruled Asetek's objections to Judge Beeler's order where Asetek again tried to advance the same arguments.  It is Asetek who is advancing new interpretations for the terms "a plurality of [juxtaposed] fins" and "side[s] of the fins" because Asetek is not satisfied with the Court's previous claim construction ruling and is not satisfied with Judge Beeler's Order granting CoolIT's motion to amend its infringement contentions.  As stated during the December 22, 2020 case management conference, CoolIT does not believe that any additional construction is necessary for the terms "a plurality of [juxtaposed] fins" and "side[s] of the fins" as they have a readily understood plain and ordinary meaning to a person of ordinary skill in the art.  (12/22/20 Hearing Transcript at pp. 7-9.)  However, if the Court believes further construction is warranted, the additional briefing can be included in the proposed briefing schedule below.

**Proposed Stipulated Schedule**

| Event | Proposed Dates |
|---|---|
| Asetek to serve amended consolidated complaint against CoolIT and Corsair based on previously served design drawings and sample of CoolIT's "new design," and with the understanding based on representations by CoolIT's counsel that any further changes to the "new design" will likely not be material to Asetek's claims. | Jan 22, 2021 |

| | |
|---|---|
| Asetek to (a) serve identification of asserted claims from the '362, '354, '355, '601, and '196 patents against accused CoolIT/Corsair products including Capellix and CoolIT's "new design" (subject to an overall limit of 16 claims with no more than 5 claims per patent and no new claims from the '362, '354, and '355 patents, i.e., claims for these patents must be from the previously selected 16 claims), (b) serve amended infringement contentions including the Capellix products, CoolIT's "new design," and the '601 and '196 patents. (Asetek to include no new infringement theories against the Capellix product, but new infringement theories/positions against the "new design" are permitted). | Feb 5, 2021 |
| CoolIT to provide updated design drawings reflecting any additional changes to the new design. CoolIT will make every effort to also provide a 3-D model reflecting any additional changes. To the extent Asetek believes it needs to amend its infringement contentions, parties will meet and confer to discuss a schedule for serving amended infringement contentions and any adjustments to the schedule. | |
| Deadline to move to add parties or amend the pleadings | Feb 12, 2021 |
| CoolIT/Corsair to serve invalidity contentions for the '196 and '601 patents (CoolIT/Corsair to include no prior art against the '196 and '601 patents other than the prior art references in CoolIT's final election of prior art against Asetek's '362, '354, and '355 patents). | Feb 19, 2021 |
| Asetek's position:  Exchange of proposed terms for construction from Asetek's '196 and '601 patents and CoolIT's '330 patent.<br><br>CoolIT's position:  Exchange of proposed terms for construction from Asetek's '196 and '601 patents. | February 26, 2021 |
| Exchange of preliminary claim constructions and extrinsic evidence | March 5, 2021 |
| Joint Claim Construction and Prehearing Statement and Claim Construction Expert Reports | March 19, 2021 |
| Completion of Claim Construction Discovery | March 31, 2021 |
| Opening Claim Construction Brief | April 8, 2021 |
| Responsive Claim Construction Brief | April 22, 2021 |
| Reply Claim Construction Brief | April 29, 2021 |
| Claim Construction Hearing | May 13, 2021 |
| Fact discovery cut-off | July 29, 2021 |
| Opening expert reports | August 12, 2021 |
| Rebuttal expert reports | September 16, 2021 |
| Expert discovery cut-off | October 7, 2021 |
| Deadline to file dispositive motions | October 14, 2021 |
| Last day to hear dispositive motions | November 18, 2021 |
| Meet and confer re pretrial conference statements | December 21, 2021 |
| Joint pretrial conference statement/trial briefs | January 11, 2022 |
| Objections due | January 21, 2022 |
| Pretrial conference | February 1, 2022 |

| Trial | February 28, 2022 |
|---|---|
| Estimate of trial length (in days) | 10-12 court days |

**2.      Discovery Limits on Corsair**

CoolIT and Corsair's position is that the customer suit exception should apply and the case should be stayed as to Corsair. Asetek disagrees. However, to avoid burdening the Court with additional motion practice, the parties have instead attempted to negotiate an agreement on limiting written discovery on Corsair as indicated below. However, a dispute remains regarding depositions of Corsair personnel, which the parties request the Court to resolve. The parties have also agreed to treat the separately named Corsair defendants collectively as one Corsair party, not separate parties, with respect to the stipulated limits, discovery responses, and witnesses.

**Stipulated limits on written discovery on Corsair**

The parties hereby stipulate that written discovery on Corsair will be limited to 10 interrogatories, 10 requests for admission (not including requests for admission directed to authenticity and/or admissibility of documents), and 50 requests for production of documents or things.

**Dispute regarding deposition limits on Corsair**

<u>Asetek's position</u>: Although Asetek believes that there is nothing barring Asetek from taking discovery from Corsair as a party to the consolidated actions as permitted under the Federal Rules, to resolve this disputed issue Asetek nevertheless agreed to limit the scope of discovery on Corsair to narrow the focus of the case and reduce costs of litigation for all parties.[1] As a result, Asetek agreed

---

[1] Asetek continues to disagree with CoolIT's assertion that the customer suit exception should prevent Asetek from taking discovery from Corsair. Although this issue was previously briefed and argued, CoolIT insists on continuing to argue and cite cases below. Asetek respectfully refers the Court to Asetek's previously filed brief on the matter (Dkt 191) and, in response to CoolIT's citation below to Magistrate Judge Beeler's decision in *Xiaohua Huang v. Open-Silicon*, Case no. 18-cv-00707, 2018 WL 5099275, at *5 (N.D. Cal. Aug. 27, 2018), Asetek notes that *Xiaohua Huang* is unusual in that it involved a *pro se* plaintiff, and that it is atypical to apply the customer suit exception where the defendants are both present in the same action. For example, Judge Seeborg ruled that the customer suit exception was inapplicable because the manufacturer and customer were defendants in the same case in *Mycone Dental Supply Co. v. Creative Nail Design, Inc.*, No. C 12-00747 RS, 2012 WL 12899100, at *2 (N.D. Cal. May 30, 2012) ("Those cases all

1  to the limits on written discovery specified above. Asetek is also amenable to reasonable limits on
2  deposing Corsair, but the limits on depositions asserted by Corsair are prejudicial and unreasonable.
3  For example, after Asetek reviews Corsair's document production, Asetek should be entitled to take
4  at least one or two Rule 30(b)(1) depositions of Corsair witnesses, *if needed*, on topics such as
5  Corsair's sales and financial documents, corporate structure, and business relationship with CoolIT,
6  etc., early in the case and prior to taking any Rule 30(b)(6) deposition(s). Asetek believes this is
7  necessary to ensure that its counsel have an early and accurate understanding of, among other things,
8  Corsair's sales channels via the various Corsair corporate entities and also with third party resellers
9  (such as Amazon) to determine whether and to what extent third party and other follow up discovery
10 may be necessary to prove infringing sales. If third party discovery will be necessary, then Asetek's
11 counsel will need to initiate third-party discovery early during fact discovery because third party
12 discovery via subpoenas can become protracted.
13      All of the above was explained during the meet and confer. CoolIT/Corsair incorrectly assert
14 below that Asetek said that it will take Rule 30(b)(6) depositions on subjects covered by its earlier
15 one or two Rule 30(b)1(1) witnesses. Not so. In fact, Asetek explained that it has no interest in
16 taking unnecessary deposition testimony, but that it cannot agree at this time to limit its ability to
17 take Rule 30(b)(6) discovery based on Corsair's assertion that one of its Rule 30(b)(1) witnesses
18 touched on an issue. CoolIT/Corsair's attempts to tie Asetek's hands are unwarranted and would
19 prejudice Asetek's right to take relevant and reasonably targeted discovery. Nor should Asetek be
20 required, as CoolIT/Corsair proposes below, to obtain their agreement to one or two Rule 30(b)(1)
21 depositions (it is highly unlikely Corsair will agree to any depositions) or to be put to a showing of
22 good cause for same (which is not required by the Federal Rules).

---

25 arose within the context of multiple suits proceeding in different jurisdictions, whereas here, the
26 third-party defendants merely seek to stay the claims asserted against them in this single
   suit. Accordingly, the doctrine, at least as it is traditionally delimited, does not apply."), citing
27 *Privasys Inc. v. Visa Int'l*, No. C 07 03257, 2007 WL 3461761, at *3 (N.D. Cal. Nov. 14, 2007)
   ("Where, as here, plaintiff has brought suit against both the supplier and its customers in the same
28 suit and in the same district, the 'customer suit' exception does not apply.")

In the spirit of reaching a compromise on this disputed issue, Asetek's proposal for limited depositions of Corsair is as follows:

- a Rule 30(b)(1) deposition of Geoff Lyon (who is the inventor of the asserted CoolIT patents and is now an employee of Corsair)
- possibly one or two additional Rule 30(b)(1) depositions on non-technical subject matter, such as Corsair's sales channels/documents and financial documents, following review of Corsair documents and prior to taking any Rule 30(b)(6) depositions (these are separate from Rule 30(b)(1) notices that will be served for Corsair's later-identified Rule 30(b)(6) witnesses, as discussed below).
- One Rule 30(b)(6) deposition notice on Corsair, with the understanding that Corsair will identify the designated Rule 30(b)(6) witness(es) at least two weeks prior to the depositions and that these witness(es) will provide Rule 30(b)(1) testimony concurrently with the Rule 30(b)(6) deposition (pursuant to the Rule 30(b)(1) notice(s) that will be served after the witness(es) are identified).

<u>CoolIT and Corsair's position</u>: CoolIT and Corsair believe that the facts of this case fall squarely within the customer suit exception, justifying a stay of the claims against Corsair. As Judge Beeler expressly found in *Xiaohua Huang v. Open-Silicon* when she granted the manufacturer's motion to intervene and stay the case against its customer, "the parties … may suffer hardship or inequity in the absence of a stay from duplicative litigation with issues that largely overlap across [manufacturer and customer]" and "the orderly course of justice is served best by litigating Mr. Huang's patent claims first against the upstream manufacturer … before the claims against the downstream customer." *Xiaohua Huang v. Open-Silicon*, Case no. 18-cv-00707, 2018 WL 5099275, at *5 (N.D. Cal. Aug. 27, 2018) (J. Beeler); *see also id.* (citing *In re Nintendo of America, Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) as "disapproving of imposing the burdens of trial on the customer, for it is the manufacturer who is generally the true defendant in the dispute." (quotations omitted).) Asetek's reliance on *Mycone* in its footnote above is unavailing. Whereas "[p]rior to *Nintendo*, the customer-suit rule was limited to cases where a plaintiff brought suit against a manufacturer and its customers in different actions that were brought in different districts[,] … *Nintendo*, extended the

1  customer-suit rule and its principles to cases where patent infringement is alleged against an
2  infringer and its customers." *Tissue Anchor Innovations, LLC v. Fountain Valley Regional Hospital*,
3  Case No. SACV 19-00791 JVS (ADSx), 2019 WL 8219779, at *3 (C.D. Cal. Nov. 25, 1019)
4  (internal citations omitted); *accord WP Banquet, Inc. v. Target Corp.*, LA CV16-02082 JAK (JPRx),
5  2016 WL 9450448, at *5 (C.D. Cal. Dec. 15, 2016); *Sillage LLC v. Kenrose Perfumes Inc.*, No.
6  8:14-cv-02043-CAS(RNBx), 2015 WL 3649605, at *6 (C.D. Cal. June 9, 2015).

7        Nevertheless, to avoid burdening the Court with additional motion practice, CoolIT and
8  Corsair have proposed a compromise that would allow Asetek to take written discovery of Corsair as
9  noted above, a Rule 30(b)(1) deposition of Geoff Lyon (who is the inventor of the asserted CoolIT
10 patents and is now an employee of Corsair), the Rule 30(b)(6) deposition of Corsair, and up to two
11 additional Rule 30(b)(1) depositions upon agreement by the parties or a showing of good cause after
12 the Rule 30(b)(6) deposition.  CoolIT and Corsair further agreed not to object to Asetek serving two
13 separate Rule 30(b)(6) deposition notices on Corsair with one coming earlier than the other:  one on
14 the topics of sales and financial information, corporate structure, and business relationship with
15 CoolIT, and the second on any remaining topics.  Asetek has rejected this offer and has stated that it
16 intends to take the Rule 30(b)(1) deposition of a witness that can speak on "Corsair's sales and
17 financial documents, corporate structure, and business relationship with CoolIT" and then a
18 subsequent Rule 30(b)(6) deposition.  Given the subjects Asetek identifies for the 30(b)(1)
19 deposition, the subsequent 30(b)(6) deposition would more likely than not cover those same
20 subjects.  Subjecting Corsair employees to multiple depositions covering the same information is
21 burdensome and harassing.  This is especially egregious when Asetek admits that it is CoolIT's
22 technology that is at issue in this suit, not Corsair's technology.

23       If, in fact, Asetek has no intention of taking a 30(b)(6) deposition "on subjects covered by its
24 earlier one or two Rule 30(b)1(1) witnesses," then there is no logical reason for Asetek to reject
25 CoolIT's offer of two 30(b)(6) depositions, where Asetek is permitted to take an earlier deposition
26 covering the topics on which it claims it needs earlier information.  Indeed, during meet and confer,
27 Asetek articulated no reason whatsoever for why it needs a *separate* and *early* 30(b)(1) witness on
28 the topics of sales and financial information, corporate structure, and business relationship with

CoolIT, *in addition to* a subsequent Rule 30(b)(6) deposition on the very same topics, leading CoolIT and Corsair to believe Asetek's request to be nothing more than a fishing expedition. Asetek is represented by experienced patent litigation counsel and will not be surprised by anything that may come up in those depositions, so as to necessitate a preparatory and additional non-30(b)(6) deposition. CoolIT and Corsair's proposal, as outlined below, provides Asetek with an opportunity to get an earlier witness if it chooses in the form of separate 30(b)(6) notices while minimizing the burden on Corsair, whose technology is not even at issue in this patent infringement case. CoolIT and Corsair's proposal is as follows:

- o Corsair agrees to the written discovery above;
- o A Rule 30(b)(1) deposition of Geoff Lyon;
- o Asetek may serve two Rule 30(b)(6) deposition notices--one notice on the topics of sales and financial information, corporate structure, and business relationship with CoolIT and the other notice on all other topics, with the understanding that Asetek is not interested in noticing topics on technical subject matter because the technology at issue is CoolIT's technology; and
- o Upon agreement by the parties or a showing of good cause, Asetek may serve up to two additional Rule 30(b)(1) deposition notices after the Rule 30(b)(6) deposition.

A proposed order regarding the deposition limits on Corsair is included herewith.

Respectfully submitted,

Dated: January 21, 2021         FINNEGAN, HENDERSON, FARABOW,
                                    GARRETT & DUNNER, LLP


                                By: */s/ Robert McCauley*
                                    Robert F. McCauley
                                    Attorneys for Plaintiff and Counterdefendant
                                    ASETEK DANMARK A/S

Dated: January 21, 2021         COOLEY LLP

                                By: */s/ Reuben Chen*
                                    Reuben Chen
                                    Attorneys for Defendant and Counterclaimant
                                    COOLIT SYSTEMS, INC. and Defendants
                                    CORSAIR GAMING, INC. and CORSAIR
                                    MEMORY, INC.

**ATTESTATION**

Counsel for Asetek Danmark A/S hereby attests by his signature below that concurrence in the filing of this document was obtained from counsel for CoolIT Systems, Inc., Corsair Gaming, Inc., and Corsair Memory, Inc.

Dated: January 21, 2021

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

By: /s/ *Robert McCauley*
Robert F. McCauley
Attorneys for Plaintiff and Counterdefendant
ASETEK DANMARK A/S

# [PROPOSED] ORDER

The Court having reviewed the parties' FURTHER JOINT CASE MANAGEMENT STATEMENT, and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. The parties' stipulated case management schedule is accepted.

2. For the dispute regarding limits on deposition of Corsair witnesses, the Court grants (please choose one):

☐ Asetek's requested limits on deposition of Corsair witnesses: a Rule 30(b)(6) deposition of inventor Geoff Lyon; one or two possible Rule 30(b)(1) depositions of Corsair witnesses (prior to taking Rule 30(b)(6) depositions) on non-technical subject matter, such as Corsair's sales channels/documents and financial documents, corporate structure, and business relations with CoolIT; and one Rule 30(b)(6) deposition notice (with concurrent Rule 30(b)(1) deposition(s) of the identified Rule 30(b)(6) witness(es)).

☐ CoolIT's requested limits on deposition of Corsair witnesses: a Rule 30(b)(1) deposition of inventor Geoff Lyon; Rule 30(b)(6) depositions (Asetek may serve two separate notices); and, upon agreement by the parties or a showing of good cause, Asetek may serve up to two additional Rule 30(b)(1) deposition notices after the Rule 30(b)(6) deposition.

IT IS SO ORDERED.

Dated: _____     _____
                                 Honorable Edward M. Chen
                                 United States District Court Judge
                                 Northern District of California