UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>Plaintiff,<br><br>v.<br><br>COOLIT SYSTEMS INC, et al.,<br><br>Defendants. | Case No. 19-cv-00410-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S INVALIDITY CONTENTIONS**<br><br>Docket No. 226 |

Asetek has filed a Motion to Strike Portions of CoolIT's Supplemental Invalidity Contentions. Docket No. 226. Asetek asks that the Court strike all thirty-two grounds of alleged invalidity that include the Nakano reference in CoolIT's supplemental invalidity contentions, which were served on February 19, 2021. *Id.* at 5. It argues that the prior art references to Nakano violate the parties' Revised Further Joint Case Management Statement, and that they would prejudice Asetek. *Id.* at 3-4.

The Court previously ordered the parties to serve their final elections of prior art against the other's asserted patents following the Court's claim construction order. Docket No. 42. The parties were ordered to select and assert no more than six prior art references per asserted patent. *Id.* On September 2, 2020, CoolIT served its final election of asserted prior art against Asetek's asserted patents. *See* Docket No. 222-5 at 2. CoolIT asserted "Nakano" as a prior art reference against the '681 patent. *Id.* Thereafter, Asetek dropped the '681 patent in its amended complaint in the consolidated case. Accordingly, CoolIT's final election of asserted prior art references against Asetek's '362, '354, and '355 patents did not include the Nakano reference. *Id.*

On December 22, 2020, the Court ordered the instant case consolidated with Asetek's suit

1   against Corsair Gaming, Inc.  Docket No. 207.  The parties thereupon reached a stipulation
2   whereby Asetek removed all asserted claims from the '764 and '681 patents and added asserted
3   claims from the newly added '196 and '601 patents.  Docket No. 231 at 2-3.  The parties' case
4   management stipulation states that on February 19, 2021, CoolIT/Corsair would serve invalidity
5   contentions for the '196 and '601 patents and that CoolIT/Corsair would "include no prior art
6   against the '196 and '601 patents other than the prior art references in CoolIT's final election of
7   prior art *against Asetek's '362, '354, and '355 patents*)."  Docket No. 213 at 3 (emphasis added).

8   CoolIT served its amended final election of asserted prior art on Asetek on February 19,
9   2021; CoolIT asserted Nakano as a prior art reference for the newly-asserted '601 patent.  Docket
10  No. 223-3, Ex. A.  Asetek protested that the Nakano reference was impermissible because it was
11  not included in CoolIT's final election of prior art against Asetek's '362, '354, and '355 patents.
12  Docket No. 222-4 at 2.  CoolIT responds that its agreement to that provision of the Further Joint
13  Case Management Statement was inadvertent.  Docket No. 231 at 4.  CoolIT's prior
14  representations in court reflect its understanding that the prior art restriction was limited to the
15  universe of art in its final election as to *all of the then-asserted patents* (which included Nakano).
16  Docket No. 231 at 4.

17  CoolIT filed a Motion for Administrative Relief to Correct the Revised Further Joint Case
18  Management Statement.  Docket No. 222.  It asked that the Further Joint Case Management
19  Statement be corrected to reflect CoolIT's position, with the following proposed language:

20  "Defendants' position: CoolIT/Corsair to serve invalidity
    contentions for the '196 and '601 patents (CoolIT/Corsair to include
21  no prior art against the '196 and '601 patents *other than the prior art
    references in CoolIT's Final Election of Prior Art*)."
22

23  Docket No. 222-2, Ex. A (emphasis added).

24  CoolIT's request is a fair one.  When the Court issued its Order consolidating the cases, the
25  '681 patent was in dispute, and the Nakano reference was asserted as prior art in regard thereto at
26  the time.  When Asetek removed the '681 patent after the cases were consolidated, it was on
27  notice about the Nakano reference.  Any claim of surprise or prejudice rings hollow.  The
28  invalidity contentions from the Nakano reference now asserted against the '196 and '601 patents

are substantially similar to those previously asserted against the '681 patent. CoolIT's supplemental invalidity contentions assert Nakano "disclosures" against the "control system" limitation in claim 11 of the '601 patent, which is functionally identical to the "control system" limitation in claim 1 of the '681 patent, against which CoolIT also alleged that the claim element was disclosed or suggested by Nakano. *See* Docket No. 231 at 3. Thus, Asetek has been on notice about Nakano as a prior art reference and is unlikely to be prejudiced.

Asetek's motion to strike CoolIT's supplemental invalidity contentions is **DENIED**.

This order disposes of Docket No. 226.

**IT IS SO ORDERED**.

Dated: April 5, 2021

_____
EDWARD M. CHEN
United States District Judge

3