UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ASETEK DANMARK A/S, | Case No. 19-cv-00410-EMC (LB) |
| Plaintiff, | **DISCOVERY ORDER** |
| v. | Re: ECF No. 261 |
| COOLIT SYSTEMS INC, et al., | |
| Defendants. | |

# INTRODUCTION

Asetek sued CoolIT, claiming that CoolIT's liquid-cooling products infringe Asetek's patents. The parties dispute whether CoolIT can depose Asetek's patent-prosecution counsel about statements made to the Patent Office about Asetek's doctrine-of-equivalents arguments and CoolIT's potential claim of inequitable conduct. The court can decide the matter without oral argument. Civil L.R. 7-1(b). The court quashes the subpoena without prejudice.

# STATEMENT

CoolIT subpoenaed Asetek's counsel (including its patent-prosecution counsel) for a deposition on the following topics: (1) the prosecution history for the patents-in-suit and related Asetek patents; (2) communications with Asetek about the same patents; (3) communications with the inventor of the patents-in-suit about the same patents; (4) documents provided by Asetek or the inventor during the prosecution of the patents-in-suit and related Asetek patents; (5) the

ORDER – No. 19-cv-00410-EMC (LB)

contributions of the inventor of any invention (and/or any third party to the conception of any invention) claimed or disclosed in the patents-in-suit or related Asetek patents and applications; (6) prior art searches and results related to the patents-in-suit or related Asetek patents and applications; (7) all intellectual-property assessments, analyses, or reviews related to AIO coolers (liquid cooling devices with a pump and a cold plate in a single unit, as described in the patents-in-suit and two other patents); (8) documents and communications about discussions with the attorneys and Asetek about IP relating to the AIO coolers; (9) counsel's knowledge of CootIT and its products; (10) counsel's knowledge of inter partes review of the patents-in-suit and related Asetek patents and applications; (11) counsel's knowledge of the litigation; and (12) documents and communications with Asetek about the litigation.[1]

As part of the meet-and-confer process that attends the raising of a discovery dispute, CoolIT narrowed its deposition notice to

> (1) seek facts related to prosecution counsels' understanding of statements made to and by the Patent Office as it relates to Asetek's doctrine of equivalents arguments and to Asetek's potentially inconsistent positions on claim scope between prosecution and litigation, and (2) establish facts sufficient to provide a Rule 11 basis for CoolIT to plead a claim of inequitable conduct.[2]

CoolIT elaborates that Asetek's litigation counsel has asserted that the claim term "curved blades" is equivalent to "straight blades" and that "a reservoir" is equivalent to multiple receptables (despite claim construction and Asetek's prior testimony that " a reservoir" is a single receptacle). It wants to depose prosecution counsel to "assess and compare their understanding of these terms during prosecution with Asetek's litigation positions."[3]

CoolIT also wants to determine whether it has "a Rule 11 basis to add an affirmative defense of inequitable conduct based on Plaintiff's failure to disclose prior part that Plaintiff was made aware of in this very litigation."[4]

---

[1] Subpoena, Ex. A to Letter Brief – ECF No. 262-1 at 1–10. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Letter Brief – ECF No. 261 at 4.

[3] *Id.*

[4] *Id.*

## ANALYSIS

CoolIT clarified — through the meet-and-confer process — that it does not want to depose trial counsel. If it did, then on these facts, the court would quash the subpoena. Attorney depositions (even narrowed to fact discovery) generally are allowed only if the party cannot obtain the discovery from another place. *Graff v. Hunt & Henriques*, No. C 08–0908 JF (PVT), 2008 WL 2854517, at *1 (N.D. Cal. July 23, 2008). But CoolIT has narrowed its request to depose patent counsel. Courts allow depositions under the right circumstances. *See, e.g.*, *LG Philips LCD Co. v. Tatung Co.*, No. CIV.A. 04-343-JJF, 2007 WL 2908177, at *1 (D. Del. Oct. 1, 2007) (allowing a "narrowly tailored" deposition because it was "necessary to address an apparent discrepancy between representations made by [the plaintiff] in the course of prosecution" and the plaintiff's "litigation position on the patents-in-suit as related to . . . [a] prior art reference."); *Vita-Mix Corp. v. Basic Holdings, Inc.,* No. 1:06 CV 2622, 2007 WL 2344750, at *1–3 (N.D. Ohio Aug. 15, 2007) (allowing a deposition of patent prosecution counsel sought by defendant seeking evidence to support its inequitable conduct defense); *V. Mane Fils, S.A. v. Int'l Flavors & Fragrances Inc.*, No. CIVA062304FLW, 2008 WL 3887621, at *3–4 (D.N.J. Aug. 20, 2008) (same).

CoolIT's subpoena is broader than the narrower request it makes in the discovery letter. That said, in the letter, the parties largely are talking past each other. It would be useful to have a revised subpoena that that says exactly what CoolIT wants, and a revised letter brief that is tailored to the subpoena. The court denies the existing motion to compel the deposition without prejudice to CoolIT's renewing the request.

**IT IS SO ORDERED.**

Dated: August 13, 2021

LAUREL BEELER
United States Magistrate Judge