COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
LAM K. NGUYEN (265285)
(lnguyen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
DEEPA KANNAPPAN (313573)
(dkannappan@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

DUSTIN M. KNIGHT (*pro hac vice*)
(dknight@cooley.com)
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

GREENBERG TRAURIG, LLP
KYLE D. CHEN (SBN 239501)
kchen@gtlaw.com
1900 University, Avenue, 5th Floor
East Palo Alto, CA 94304
Telephone:    (650) 289-7887
Facsimile:     (650) 328-8508

Attorneys for Defendant and Counter-claimant
COOLIT SYSTEMS, INC. and Defendants
CORSAIR GAMING, INC. and CORSAIR
MEMORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>Plaintiff and<br>Counter-defendant,<br><br>v.<br><br>COOLIT SYSTEMS, INC.,<br><br>Defendant and<br>Counter-claimant,<br><br>CORSAIR GAMING, INC. and CORSAIR<br>MEMORY, INC.,<br><br> Defendants. | Case No.  3:19-cv-00410-EMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF<br>MOTION FOR LEAVE TO AMEND THEIR<br>ANSWERS**<br><br>DATE:   October 7, 2021<br>TIME:    1:30 p.m.<br>PLACE: Zoom (ECF No. 273) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Asetek presents a puzzling series of arguments in opposition to Defendants' Motion for Leave to Amend.  The pending motion merely seeks to add two entirely legal affirmative defenses to forestall an argument that, Asetek contends, it has no intention of making in this case. Defendants have legitimate concerns to assert estoppel defenses given Asetek's recent positions in the *CMI USA* case.  If Asetek truly intends to stay true to the positions upon which it prevailed in the *CMI USA* case, it has nothing to fear, as there will be no need to assert any estoppel defense here.  That Asetek has spilled so much ink in opposing what should be (from Asetek's perspective) a nothingburger defense is, to say the least, troubling.  Neither Defendants nor the Court can know at this point whether Asetek will, down the road in expert discovery, attempt to contradict the positions upon which it prevailed in the *CMI USA* case when it is forced to reconcile invalidity and non-infringement positions here.  But Defendants should be entitled to raise affirmative defenses of collateral and judicial estoppel to counter any such arguments if they arise, as indicated for the first time in Asetek's recent arguments in the *CMI USA* proceeding.

## II.    ARGUMENT

### A.    Defendants Diligently Sought Leave to Amend.

Defendants diligently sought leave to amend following discovery of Asetek's new arguments related to the "reservoir" limitation through briefing and argument on Asetek's sanctions motion in the *CMI USA* case which was heard by Judge Tigar in late July 2021.  That motion represented the first time that Asetek was forced to articulate how infringement allegations against a dual receptacle product could be reconciled with the contradictory positions it took during the *CMI USA* trial.

Asetek argues that Defendants could have brought this motion following service of Asetek's infringement contentions in February 2021, but those contentions made no mention of the proceedings from the *CMI USA* case, let alone any attempt to reconcile them.  Asetek's infringement contentions were, to say the least, not a model of clarity.  The fact that Asetek made conclusory allegations of infringement under the doctrine of equivalents in February 2021 is a far

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

CASE NO. 3-19-CV-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND
MOTION TO AMEND THEIR ANSWERS

1  cry from its more recent specific statements in *CMI USA* attempting to reinvent the basis of its 2014

2  trial victory.

3       And Asetek's arguments under the doctrine of equivalents in its February 2021 contentions

4  are different from the arguments the estoppel defense would address.  The language Asetek flags

5  from the infringement contentions alleges that the new design has a *single* receptacle because of

6  "two mated and interconnected *subcomponents* that together form **a single housing and a single**

7  **receptacle** defining a fluid path therethrough."  (Bhattacharyya Decl., Ex. A, at 2 (emphasis

8  added).)  While Defendants do not agree that the accused product has a *single* housing or receptacle,

9  that issue is beside the point.  The proposed estoppel defense is directed at a wholly different

10  argument altogether – that a cooling device with *multiple receptacles* can satisfy the "reservoir"

11  limitation.  Asetek's recent argument in the *CMI USA* case, that a device with multiple separable

12  receptacles can satisfy the "reservoir" limitation, was never articulated in the February 2021

13  contentions.  Rather, Asetek's new argument is that the "reservoir" need not be a *single receptacle*

14  *divided into functional pump and thermal exchange chambers*, which was what the jury found in

15  the claimed invention to be different from Ryu's two separable receptacles joined together.  This

16  new argument is not articulated in Asetek's February 2021 infringement contentions.[1]

17  Accordingly, Defendants did not have notice of these specific, inconsistent positions and Asetek's

18  attempt to run away from the jury verdict until Asetek took this new position in connection with

19  the *CMI USA* sanctions motion.

20       **B.**    **Amendment Would Not Be Futile.**

21       Further, Asetek fails to show that the proposed estoppel defense would be futile.  While

22  Judge Tigar's order denying Asetek's motion for sanctions in the *CMI USA* case found that

23  Asetek's positions were not "clearly inconsistent," this finding has no bearing here because the

24  accused products are not the same.  Judge Tigar's order considered only judicial estoppel – not

25  collateral estoppel – and only in the context of the particular copper "thermal exchange chamber"

26  design of the Cooler Master product at issue in *CMI USA*.  Judge Tigar noted a possible scenario

27

28  _____

[1]  Asetek's February 2021 infringement contentions raised only allegations of multiple "subcomponents," as opposed to the multiple "receptacles" or "chambers" at issue for the estoppel defenses in this motion.

Cooley LLP
Attorneys at Law
Palo Alto

2.

CASE No. 3-19-cv-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND
MOTION TO AMEND THEIR ANSWERS

in which the Cooler Master configuration could be analogized to "nesting dolls" in which a smaller receptacle is fully contained within a larger receptacle. (*See* Bhattacharyya Decl., Ex. B, at 6 ("[T]he lower chamber would merely include or consist entirely of a smaller receptacle or sub-chamber. For example, nesting dolls contain many receptacles. But the smaller dolls—or receptacles—do not affect whether the biggest doll is a 'single receptacle.'").) This was a key issue in rejecting the judicial estoppel argument in *CMI USA*, as it suggested a potential way in which the Cooler Master products differed from the Ryu prior art at the 2014 trial.

And although Judge Tigar never addressed whether the "nesting dolls" argument had any substantive merit, the analogy is inapplicable to CoolIT's new design. This is because whatever wiggle room Asetek had to distinguish the Cooler Master and Ryu designs simply does not exist here.[2] As shown below in the table comparing CoolIT's new design to the Ryu prior art reference, CoolIT's new design even more closely parallels the reservoir design of Ryu, with separate and separable receptacles that cannot be described as one receptacle contained within another.

| CoolIT's New Design | Ryu's Design |
| --- | --- |
|  | |

---

[2] Asetek strangely argues that somehow the defendants in *CMI USA* did not regard Ryu's multiple receptacles as important because on appeal, they discussed a Koga-Ryu combination in which Ryu was used as a secondary reference. (Opp. at 11.) This argument is a red herring and has no bearing on the present motion because what Asetek speculates the CMI USA defendants thought of Ryu is wholly irrelevant. Indeed, Asetek itself thought the issue was important enough to propose the "single" receptacle finding in the jury instructions, the jury thought it was important enough to select it as part of the findings upon conclusion of trial, and the Federal Circuit thought it was important enough to rely on to deny CMI USA's appeal. *See, e.g., Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1357-58 (Fed. Cir. 2017); *see also* Dkt. 265, Leeper Decl., Ex. B at 9.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

CASE NO. 3-19-CV-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND
MOTION TO AMEND THEIR ANSWERS

As the side-by-side comparison shows, both the CoolIT new design and the Ryu design involve two receptacles aligned one atop the other, and not a first receptacle contained within a second receptacle. Consequently, Judge Tigar's observation about possible arguments in the *CMI USA* case has no applicability to determining whether Asetek's arguments against the CoolIT product would be inconsistent with the arguments it made in 2014 in the *CMI USA* case.

CoolIT and Corsair were also not parties to the *CMI USA* case, so Judge Tigar never had occasion to consider CoolIT's new design when determining whether Asetek's new arguments were clearly inconsistent with the arguments it made in the 2014 trial. And in any event, Judge Tigar ultimately ruled in CMI USA and Cooler Master's favor and against Asetek in the sanctions motion, such that the estoppel question ultimately was not dispositive. Accordingly, the resolution of the sanctions motion in *CMI USA* can have no bearing on whether CoolIT and Corsair can assert collateral and/or judicial estoppel as defenses against new arguments by Asetek in this case.

As to Asetek's position that Defendants cannot satisfy all elements of collateral estoppel and judicial estoppel, Defendants disagree and the ultimate question need not be answered on this motion. Suffice to say, Defendants' position is that the issue here is identical (collateral estoppel) and Asetek has now indicated by its arguments made in its sanctions briefing and hearing in the *CMI USA* case that it intends to take clearly inconsistent positions (judicial estoppel) from the following jury verdict finding proposed by Asetek: "[T]he claimed 'reservoir' in Asetek's invention is **a single receptacle that is *divided* into an upper chamber and lower chamber** with the upper chamber providing the **pumping function** and the lower chamber providing the **thermal exchange function**." *See* Dkt. 265, Leeper Decl., Ex. B, at 9 (quoting verdict) (emphasis added).

**C.    Defendants' Assertion of Collateral and Judicial Estoppel Is in Good Faith and Consistent With the IPRs.**

Asetek next attempts to confuse the Court by suggesting that CoolIT's arguments in pending IPRs are somehow inconsistent with its non-infringement positions here. But there is no legal or factual inconsistency. The IPRs raised the issue of obviousness under § 103, a different inquiry from infringement under the doctrine of equivalents. A patent claim may be found obvious over the prior art even when no single prior art reference discloses or even has an equivalent version of

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

CASE NO. 3-19-CV-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND
MOTION TO AMEND THEIR ANSWERS

each claim limitation.  *See, e.g., KSR Int'l v. Teleflex*, 550 U.S. 398, 416, 419-422 (2007) (describing obviousness standard, including that "any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed").  By contrast, the doctrine of equivalents requires an objective, element-by-element determination that "the accused product or process contain[s] elements identical or equivalent to each claimed element of the patented invention."  *Warner-Jenkinson v. Hilton Davis Chem.*, 520 U.S. 17, 40 (1997).  CoolIT's arguments that a secondary prior art reference disclosing multiple receptacles can be used to render the claims invalid *as part of an obviousness combination* has no bearing on the infringement issues here.

And CoolIT never argued in the '354 IPR that the Shin reference <u>on its own</u> satisfied the "reservoir" limitation's single receptacle requirement.  (*See* Bhattacharyya Decl., Ex. D, at 11-15 ('354 IPR Petition, arguing that the combination of Batchelder and Shin satisfy the "reservoir" limitation).)  Asetek's selective quotations from CoolIT's '354 IPR petition omit the context that Shin, <u>when viewed in combination with Batchelder</u>, discloses a radiator that can be fluidly coupled to the reservoir.  The single receptacle reservoir to which Shin's radiator is coupled in the combination of Batchelder and Shin, as argued in the '354 IPR petition, is the single receptacle reservoir <u>from Batchelder</u>, not Shin.  (*See id.*, at 40-44.)  CoolIT illustrated this combination in the below figure, which clearly shows that the reservoir to which the radiator is coupled in the combination is that from Batchelder:

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5.

CASE NO. 3-19-CV-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND
MOTION TO AMEND THEIR ANSWERS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



(*Id.* at 43 (the block "reservoir" device above-left is from Batchelder, not Shin, and Shin supplies the fan and radiator above-right in the illustrated Batchelder-Shin combination).)

Asetek's argument about the Duan reference in the '355 IPR deploys a similar sleight-of-hand to obscure CoolIT's actual IPR argument.  The discussion of Duan highlighted by Asetek explains that Duan's reservoir contains within it the two chambers and other components, such as the heat-exchanging interface.  (*See* Bhattacharyya Decl., Ex. E, at 25-27.)  This is what the '355 claims require: for example, "[w]ith respect to claim 1, the reservoir is claimed to include 'a pump chamber,' 'a thermal exchange chamber,' and 'a heat-exchanging interface.' … Thus, the claims are drafted such that the reservoir refers to an overarching collection of components that form a single receptacle defining a fluid flow path" having two subdivided chambers within the single receptacle.  (*Id.* at 14.)  The image of Duan reproduced in Asetek's opposition shows how Duan's "reservoir" is composed of the requisite single receptable that includes within it the subdivided pump chamber and thermal exchange chamber.  (*See id.* at 26.)  Notably, the parties' agreed upon construction of "chamber" requires that each "chamber" is a "compartment within the reservoir."

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

CASE NO. 3-19-CV-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND
MOTION TO AMEND THEIR ANSWERS

1    (*Id.* at 14.)  But there is no converse requirement that the reservoir's "single receptacle" contains

2    *only* the two subdivided chambers within it and nothing else—indeed, other components, such as

3    the heat-exchanging interface, can be part of the reservoir.[3]  (*Id.* at 27 ("Thus, these components

4    are described to be integrated to serve as a single receptacle defining a fluid flow path."); *cf.* Leeper

5    Decl., Ex. J, U.S. Patent No. 8,245,764 (parent to '355 patent), Claim 15 ("a reservoir including an

6    impeller cover, an intermediate member and a heat exchange interface").)

7           Accordingly, Defendants' assertion of collateral and judicial estoppel is consistent with the

8    positions CoolIT took in IPR.[4]

9    **D.      Amending Defendants' Answers Will Not Prejudice Asetek.**

10          Because collateral and judicial estoppel raise strictly legal questions, Asetek would not be

11   prejudiced by Defendants' proposed amendments.  Although Asetek protests that amendment

12   would prejudice Asetek because of undue delays from a supposed need to reopen fact discovery,

13   Asetek has not explained what actual discovery it would need.  The sole topic for which Asetek

14   claims it would need discovery relates to the IPR proceedings, but no "discovery" is needed as the

15   entire IPR record is public and, indeed, already in Asetek's possession as it was a party and

16   participant in those proceedings where it, in fact, took depositions of CoolIT's IPR expert.  Asetek

17   does not need further "discovery" to identify positions CoolIT took in that case, any more than

18   CoolIT would need "discovery" to identify Asetek's positions.  And as explained above, the IPR

19   proceedings are not even relevant, as they did not address issues of infringement.

20          Collateral and judicial estoppel in this case will raise questions for the Court based on an

21   undisputed documentary record, including arguments in forthcoming expert reports.  The parties

22   will have ample opportunity to test the bounds of Asetek's infringement arguments and Defendants'

23   noninfringement arguments through the exchange of expert reports and expert depositions.  Simply

24
---
25   [3] What the claimed reservoir's "single receptacle" disallows is any additional and structurally
     separable receptacle due to the requirement that the reservoir's "receptacle" be "single."

26   [4] Even if there is any inconsistency in Defendants' position (which, again, there is not), resolving
     what arguments Defendants are supposedly prevented from taking in this case based on
27   Defendants' success in the IPR requires that Defendants remain the prevailing party on IPR.  But
     given that Asetek intends to appeal Defendants' recent IPR wins, the Court and the parties will not
     have certainty around the final outcome of the IPR proceedings until the appeals are resolved.  This
28   is yet another reason this case should be stayed, as explained more fully in Defendants' separate
     motion to stay pending IPRs.

Cooley LLP
Attorneys at Law
Palo Alto

7.

CASE No. 3-19-cv-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND
MOTION TO AMEND THEIR ANSWERS

1    put, Asetek will not prejudiced by allowing amendment of the Answers to include collateral and

2    judicial estoppel.[5]

3    **III.     CONCLUSION**

4          For the foregoing reasons, Defendants respectfully request that the Court grant their Motion

5    to Amend their Answers.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

[5] Asetek's prior statements and arguments will be part of this case in any event, regardless of
26   whether the Court grants Defendants' Motion to Amend.  Asetek's statements from the *CMI USA*
     case are party admissions that can be relied upon by experts and presented to the jury.  Defendants'
27   Motion to Amend will not alter the factual landscape of this case—including the existence of
     Asetek's prior positions from *CMI USA*.  Instead, Defendants are simply asking leave to amend to
28   include legal defenses based upon those prior positions given Asetek's new, clearly inconsistent
     positions.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8.

CASE NO. 3-19-CV-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND
MOTION TO AMEND THEIR ANSWERS

Dated:  September 9, 2021

/s/ *Alexandra Leeper*

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
LAM K. NGUYEN (265285)
(lnguyen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
DEEPA KANNAPPAN (313573)
(dkannappan@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:     (650) 849-7400

DUSTIN M. KNIGHT (*pro hac vice*)
(dknight@cooley.com)
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

*Attorneys for Defendant and Counter-claimant
COOLIT SYSTEMS, INC. and Defendants
CORSAIR GAMING, INC. and CORSAIR
MEMORY, INC.*

GREENBERG TRAURIG, LLP
KYLE D. CHEN (SBN 239501)
(kchen@gtlaw.com)
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 289-7887
Facsimile: (650) 328-8508

*Attorneys for Defendant CoolIT Systems, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9.

CASE NO. 3-19-CV-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND
MOTION TO AMEND THEIR ANSWERS