COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
LAM K. NGUYEN (265285)
(lnguyen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
DEEPA KANNAPPAN (313573)
(dkannappan@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

DUSTIN M. KNIGHT (*pro hac vice*)
(dknight@cooley.com)
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

GREENBERG TRAURIG, LLP
KYLE D. CHEN (SBN 239501)
kchen@gtlaw.com
1900 University, Avenue, 5th Floor
East Palo Alto, CA 94304
Telephone:   (650) 289-7887
Facsimile:   (650) 328-8508

Attorneys for Defendant and Counter-claimant
COOLIT SYSTEMS, INC. and Defendants
CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>Plaintiff and<br>Counter-defendant,<br><br>v.<br><br>COOLIT SYSTEMS, INC.,<br><br>Defendant and<br>Counter-claimant,<br><br>CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.,<br><br>Defendants. | Case No.  3:19-cv-00410-EMC<br><br>**COOLIT'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS**<br><br>REDACTED/PUBLIC VERSION OF DOCUMENT SOUGHT TO BE SEALED |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................................ 1
MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................... 1
    I.     INTRODUCTION .................................................................................................... 1
    II.    FACTUAL BACKGROUND ................................................................................... 2
    III.   ARGUMENT ............................................................................................................ 4
        A.    Legal Standards ............................................................................................ 4
        B.    CoolIT Has Good Cause to Amend Its Counterclaims ............................... 5
        C.    Justice Requires Granting CoolIT Leave to Amend ................................... 6
            1.    There is no bad faith or undue delay ............................................... 6
            2.    There is no prejudice to Asetek caused by CoolIT ......................... 7
            3.    Judicial efficiency is best served by granting the Motion ............... 7
            4.    Other factors favor granting leave to amend ................................... 8
    IV.   CONCLUSION ......................................................................................................... 8

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

-i-

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Asetek Danmark A/S v. CMI USA, Inc. and Cooler Master Co., Ltd.*,
No. 3:13-cv-00457-JST (N.D. Cal.) .................................................................................... 6

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ............................................................................................. 4

*Finjan, Inc. v. Qualys Inc.*,
No. 4:18-cv-07229-YGR, 2020 WL 1865264 (N.D. Cal. Apr. 13, 2020) ............................ 4

*Foman v. Davis*,
371 U.S. 178 (1962) ............................................................................................................. 4

*Griggs v. Pace Am. Grp., Inc.*,
170 F.3d 877 (9th Cir. 1999) ............................................................................................... 4

*Heath v. Google Inc.*,
No. 15-cv-01824-BLF, 2017 WL 4005598 (N.D. Cal. Sept. 12, 2017) ............................... 5

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ............................................................................................... 5

*Mullen v. Surtshin*,
590 F. Supp. 2d 1233 (N.D. Cal. 2008) ........................................................................... 4, 8

*Neidermeyer v. Caldwell*,
718 F. App'x 485 (9th Cir. 2017) ........................................................................................ 5

*Norton v. LVNV Funding, LLC*,
No.18-cv-05051-DMR, 2020 WL 2557003 (N.D. Cal. May 19, 2020) ............................... 5

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
No. 16-cv-1393-JST, 2017 WL 3149297 (N.D. Cal. July 25, 2017) ................................... 7

*Planned Parenthood of S. Ariz. v. Neely*,
130 F.3d 400 (9th Cir. 1997) ........................................................................................... 4, 8

*Ross v. AT&T Mobility, LLC*,
No. 19-cv-06669-JST, 2020 WL 9848733 (N.D. Cal. Dec. 18, 2020) ................................ 5

*Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*,
708 F.3d 1109 (9th Cir. 2013) ......................................................................................... 4, 5

*Synchronoss Techs., Inc. v. Dropbox Inc.*,
No. 16-cv-00119-HSG, 2019 WL 95927 (N.D. Cal. Jan. 3, 2019) .................................. 7, 8

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

-ii-

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS

# TABLE OF CONTENTS
(continued)

**Page**

*Verinata Health, Inc. v. Sequenom, Inc.*,
  No. C 12-00865 SI, 2014 WL 1931069 (N.D. Cal. May 14, 2014) ......................................... 8

*In re W. States Wholesale Nat'l Gas Antitrust Litig.*,
  715 F.3d 716 (9th Cir. 2013) ................................................................................................... 5

*Watson v. Ford Motor Co.*,
  No. 18-cv-928-SI, 2018 WL 3869563 (N.D. Cal. Aug. 15, 2018) ........................................... 4

**Other Authorities**

Federal Rule of Civil Procedure
  15 ..................................................................................................................................*passim*
  15(a) .................................................................................................................................. 1, 4
  15(a)(2) ................................................................................................................................. 4
  16 .......................................................................................................................................... 5
  16(b) ..................................................................................................................................... 5
  16(b)(4) ................................................................................................................................. 5

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORDS:**

PLEASE TAKE NOTICE that on October 21, 2021,[1] at 1:30 p.m. or as soon thereafter as the matter may be heard, in this Court, located at San Francisco Courthouse, Courtroom 5 – 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant and Counter-Plaintiff CoolIT Systems, Inc. ("CoolIT") will and hereby does move for an Order granting leave to amend CoolIT's Answer and Third Amended Counterclaims pursuant to Federal Rule of Civil Procedure 15(a).  CoolIT submits herewith a redline and clean version of its proposed amendments.  *See* Declaration of Deepa Kannappan in Support of CoolIT's Motion For Leave to Amend Its Counterclaims ("Kannappan Decl."), Exs. A [clean version against operative Answer and Third Amended Counterclaims], B [redlined version against operative Answer and Third Amended Counterclaims], C [clean version including proposed changes in CoolIT's pending Amended Answer and Counterclaims filed as Dkt. 264 on August 6, 2021], D [redlined version against pending Amended Answer and Counterclaims filed as Dkt. 264 on August 6, 2021].  Plaintiff and Counter-Defendant Asetek Danmark A/S ("Asetek") and CoolIT have met and conferred regarding the proposed amendments.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Deepa Kannappan ("Kannappan Decl.") and the exhibits attached thereto, the [Proposed] Order filed concurrently herewith, and upon such other and further matters, papers, and arguments as may be submitted to the Court at or before the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

CoolIT learned for the first time, on the last day of fact discovery, that Asetek corporate entities other than Asetek Danmark A/S sold products accused of infringement in this case.  CoolIT

---

[1] The Court is scheduled to hear argument on CoolIT's motion to stay on October 7, 2021.  CoolIT is filing this Motion at this time in order to meet its diligence requirement under Rule 15, in case the Court is inclined to deny CoolIT's stay motion.  If the Court grants CoolIT's stay motion, this Motion need not be resolved at this time.

followed-up with Asetek via email and two meet and confers over two weeks, during which CoolIT learned that Asetek was aware that these entities might have relevant revenues, but failed to provide CoolIT with discovery on all such relevant revenues in its financial productions. As a result of this newly discovered information, CoolIT diligently now moves to amend to add these additional entities to the case.

Asetek suffers no prejudice in providing sales information for its related corporate entities, and allowing amendment promotes judicial efficiency, avoiding CoolIT filing an entirely separate case to assert the same patents against the same technology between essentially the same parties.

## II.   FACTUAL BACKGROUND

On January 23, 2019, Asetek filed this case under its Danish corporate entity: Asetek Danmark A/S. CoolIT filed its initial Answer and Counterclaims on April 11, 2019. The parties filed their initial disclosures on June 6, 2019, and Asetek did not identify any other corporate entity as relevant to the case. Kannappan Decl., Ex. E (6/6/2019 Asetek Danmark A/S's Initial Disclosures). Asetek has also never supplemented its disclosures. Kannappan Decl., ¶ 3.

Rather, Asetek itself moved to amend its complaint to add CoolIT defendants. On February 12, 2021, Asetek moved to amend its complaint to "add subsidiaries of Defendant CoolIT Systems" and "to add a few clarifications about regarding [sic] the relationship and transactions between the Corsair Defendants and the CoolIT Defendants." Dkt. 218 at 3. Asetek's basis for amending was "deposition testimony from CoolIT's former CEO" shortly before the Motion that allegedly contradicted "Asetek's counsel [mis]understanding after years of litigating with CoolIT that CoolIT Systems, Inc. (in Canada) made all the accused infringing sales to the Corsair Defendants and datacenter customers." *Id.* at 4. Asetek filed that motion without attempting to meet and confer with CoolIT at all. Dkt. 224 at 1. Regardless, on February 24, 2021, CoolIT filed a statement of non-opposition, explaining that "CoolIT's position has always been that any authorized U.S. sales of accused CoolIT products that Defendants know will be imported in the United States are sales subject to the lawsuit and CoolIT has endeavored to produce all relevant sales information without hiding behind any corporate formalities." *Id.* CoolIT agreed to adding the additional CoolIT entities, two years into this case, in the spirit of preserving judicial resources and "in the hopes of

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS

1  avoiding future unnecessary discovery disputes." *Id.* The Court granted Asetek's motion on the
2  next day: February 25, 2021.
3        A similar set of facts repeated on the very last day of discovery, but with respect to Asetek's
4  corporate entities. During the deposition of Asetek's controller David Pangburn on August 31,
5  2021, CoolIT heard *for the first time* that Asetek entities other than Asetek Danmark A/S might
6  have sales relevant to this case. Specifically, Mr. Pangburn testified to Asetek's below corporate
7  structure.



26        CoolIT's counsel subsequently met and conferred with Asetek's counsel on September 3,
27  2021 and September 10, 2021, discussing among other topics whether Asetek considered the sales
28  by Asetek USA Inc. and Xiamen Asetek Computer Industry Co., Ltd. part of the case and whether

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS

Asetek would oppose a motion to amend by CoolIT to add these entities to the case. *Kannappan Decl.*, ¶¶8, 10. Asetek's counsel initially indicated that Asetek would "likely oppose" such a motion and then stated that they would speak to their client. *Id.* On September 14, 2021, CoolIT's counsel emailed Asetek's counsel asking to confirm Asetek's position; Asetek's counsel responded that Asetek will oppose this Motion. *Id.* at ¶11. CoolIT files this Motion two days later.

### III.    ARGUMENT

#### A.    Legal Standards

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings with leave from the Court, which courts freely grant "when justice so requires." The policy for granting leave to amend ought "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Indeed, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital,* 316 F.3d at 1052 (emphasis original). "In the absence of any apparent or declared reason" for denying leave, "the leave sought should, as the rules require, be 'freely given.'" *Id.*, at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The touchstone of an appropriate supplementation is that it allows "the entire controversy between the parties [to] be settled in one action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Rule 15 "reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules." *Watson v. Ford Motor Co.*, No. 18-cv-928-SI, 2018 WL 3869563, at *1 (N.D. Cal. Aug. 15, 2018). The courts "must be generous in granting leave to amend." *Id.*

Certain key factors bear on a court's ruling on a motion for leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the movant has previously amended its pleadings." *Finjan, Inc. v. Qualys Inc.*, No. 4:18-cv-07229-YGR, 2020 WL 1865264, at *1 (N.D. Cal. Apr. 13, 2020). "The court also may consider whether permitting the supplemental pleading will promote judicial efficiency." *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008) (citing *Planned Parenthood*, 130 F.3d at 402)). All inferences are drawn "in favor of granting the motion," *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS

877, 880 (9th Cir. 1999), and in the absence of "strong evidence" of one or more of these factors, leave to amend must be granted. *Sonoma Cty.*, 708 F.3d at 1117.

When a party seeks leave to amend the pleadings after the date specified in a scheduling order, the party must also satisfy the "good cause" standard of Rule 16(b)(4).[2] *Norton v. LVNV Funding, LLC*, No.18-cv-05051-DMR , 2020 WL 2557003, at *2 (N.D. Cal. May 19, 2020) (citing *Neidermeyer v. Caldwell*, 718 F. App'x 485, 488 (9th Cir. 2017); *In re W. States Wholesale Nat'l Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013)); *see also Ross v. AT&T Mobility, LLC*, No. 19-cv-06669-JST, 2020 WL 9848733, at *1-2 (N.D. Cal. Dec. 18, 2020); *Heath v. Google Inc.*, No. 15-cv-01824-BLF, 2017 WL 4005598, at *1-2 (N.D. Cal. Sept. 12, 2017); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Rule 16(b)'s good cause standard 'primarily considers the diligence of the party seeking the amendment.'" *Norton*, 2020 WL 2557003, at *2 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### B. CoolIT Has Good Cause to Amend Its Counterclaims

CoolIT's proposed amendments add counter-defendant entities, whose relevance CoolIT learned of for the first time two weeks ago. CoolIT has good cause for these amendments and has been diligent in seeking to amend.

Until Mr. Pangburn's deposition, CoolIT was not aware that Xiamen Asetek Computer Industry Co., Ltd. or Asetek USA, Inc. had sales relevant to this case. Further, the revenue information produced by Asetek was described as consolidated revenue, so CoolIT reasonably assumed that all relevant revenue was captured by naming Asetek Danmark A/S as the sole counter-defendant.

CoolIT expected Asetek's counsel to confirm this understanding in the parties' meet and confer after Mr. Pangburn's deposition, but instead, Asetek's counsel indicated that there might be sales attributable to Xiamen Asetek Computer Industry Co., Ltd. and Asetek USA, Inc. that Asetek was choosing to exclude from this case. Kannappan Decl., ¶8.

---

[2] In the present case, the parties stipulated to a deadline for filing amendments to the pleadings, but that date was never entered by the Court. *See* Dkt. 222-2. Although it is not apparent whether Rule 16 applies in this situation, CoolIT has satisfied the requirements of both Rules 15 and 16.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS

For Xiamen Asetek Computer Industry Co., Ltd., Asetek has no basis for excluding sales. Per the organization chart at page 53 of Asetek's 2020 Annual Report (reproduced to the right),[3] Xiamen Asetek Computer Industry Co., Ltd. is a wholly owned subsidiary of Asetek Danmark A/S. All of its sales should flow to Asetek Danmark A/S.



And for Asetek USA, Inc., even if it had sales that did not flow to Asetek Danmark A/S, Asetek's controller confirmed that the entire company's revenue is reported as consolidated in its annual reports. Pangburn Dep. Tr. at 113:3-20.

CoolIT learned on the last day of discovery and the two weeks of meet and confers that followed that there may be sales relevant to the patents-in-suit that are not covered by the counter-defendant named in its counterclaims. CoolIT thus has good cause to add Asetek USA and Xiamen Asetek Computer Industry Co., Ltd. as additional counter-defendants and has moved to do so without delay.

### C. Justice Requires Granting CoolIT Leave to Amend

#### 1. There is no bad faith or undue delay

CoolIT has shown a good faith basis for seeking leave to amend and no undue delay, for the same reasons explained above. Until two weeks ago, CoolIT's counsel had the understanding that all relevant sales were captured by naming Asetek Danmark A/S as the sole counter-claim defendant. Asetek Danmark A/S was the only entity that sued CoolIT here, and was the only entity that sued in a case on similar technology: *Asetek Danmark A/S v. CMI USA, Inc. and Cooler Master Co., Ltd.*, No. 3:13-cv-00457-JST (N.D. Cal.)). Asetek Danmark A/S was the only entity identified by Asetek in its initial disclosures. And Asetek produced years of annual revenue reports specifically containing financial information including all Asetek entities *without* a breakdown by entity. Pangburn Dep. Tr. at 113:3-20. If anything, *Asetek* is the party acting in bad faith by producing financial information that impacts damages calculations in a context that does not

---

[3] Available at https://ir.asetek.com/media/2801/annual-report-2020.pdf.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS

differentiate between relevant and irrelevant revenues, and then belatedly taking the position that some of those revenues (sales in the United States by Asetek USA and Xiamen Asetek Computer Industry Co., Ltd.) are not appropriately part of this case.

### 2.     There is no prejudice to Asetek caused by CoolIT

The proposed amendments would include infringing sales by Asetek USA and Xiamen Asetek Computer Industry Co., Ltd. Asetek has not identified any other additional information or discovery that would be required by adding these two entities. And, per Mr. Pangburn, Asetek keeps track of its revenues in a consolidated fashion anyway, so presumably Asetek can provide sales in a similarly consolidated fashion for the products accused of infringement.

Moreover, Asetek already has in its control any additional relevant factual information—all such information relates to *its own* subsidiary and sister entities. *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2019 WL 95927, at *3 (N.D. Cal. Jan. 3, 2019) (granting Dropbox's motion to amend pleadings after the end of discovery where it was "unclear what additional discovery Synchronoss might need . . . given that any evidence" relevant to the amendment "is presumably within Synchronoss's control."). And "even if some limited discovery were necessary, the mere need for additional discovery, by itself, does not constitute sufficient prejudice under Rule 15 to withhold leave to amend." *See, e.g.*, *id.*; *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-1393-JST, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017). By choosing to hide this issue until the *very last day of discovery*, Asetek unnecessarily put itself, CoolIT, and the Court in this position. Thus, any potential need for limited additional discovery is and continues to be of Asetek's own making, and does not constitute sufficient prejudice under Rule 15.

### 3.     Judicial efficiency is best served by granting the Motion

In fact, denying this motion is more likely to be prejudicial to both parties and a waste of this Court's resources. CoolIT would be forced to file another lawsuit against Asetek USA and Xiamen Asetek Computer Industry Co., Ltd. on the same patents, and end up repeating the discovery, claim construction, contentions, and expert work already done in this case. Such unnecessary duplication would be a huge and prejudicial waste of the parties' and judicial

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS

resources. Instead, CoolIT's proposed addition of Asetek USA and Xiamen Asetek Computer Industry Co., Ltd. allows "the entire controversy between the parties [to] be settled in one action"—promoting the "judicial efficiency . . . goal" of Rule 15. *Planned Parenthood*, 130 F.3d at 402; *Mullen*, 590 F. Supp. 2d at 1238; *see also Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 1931069, at *3 (N.D. Cal. May 14, 2014).

### 4. Other factors favor granting leave to amend

The remaining factors favor granting leave to amend. CoolIT's prior amendments of their Answers and Counterclaims were in response to Asetek's filing of the Second Amended Complaint and to exclude new, improper, contradictory arguments made by Asetek in a prior case. The proposed amendment here is not futile. Moreover, amendment is necessary for judicial efficiency and to prevent Asetek from gaming its way out of a percentage of sales it knew was relevant and avoided disclosing until the very last day of discovery. In this case, the needs of justice favor allowing CoolIT to amend its counterclaims. *See Synchronoss*, 2019 WL 95927, at *3; *Verinata*, 2014 WL 1931069, at *3.

## IV. CONCLUSION

For the foregoing reasons, CoolIT respectfully requests that the Court grant its Motion to Amend Pleadings.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS

Dated: September 16, 2021

/s/ *Deepa Kannappan*

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
LAM K. NGUYEN (265285)
(lnguyen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
DEEPA KANNAPPAN (313573)
(dkannappan@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:     (650) 849-7400

DUSTIN M. KNIGHT (*pro hac vice*)
(dknight@cooley.com)
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

*Attorneys for Defendant and Counter-claimant COOLIT SYSTEMS, INC. and Defendants CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.*

GREENBERG TAURIG, LLP
KYLE D. CHEN (SBN 239501)
(kchen@gtlaw.com)
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 289-7887
Facsimile: (650) 328-8508

*Attorneys for Defendant CoolIT Systems, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S NOTICE OF MOTION AND
MOTION TO AMEND PLEADINGS