Cooley LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
LAM K. NGUYEN (265285)
(lnguyen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
DEEPA KANNAPPAN (313573)
(dkannappan@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

DUSTIN M. KNIGHT (*pro hac vice*)
(dknight@cooley.com)
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

GREENBERG TRAURIG, LLP
KYLE D. CHEN (SBN 239501)
kchen@gtlaw.com
1900 University, Avenue, 5th Floor
East Palo Alto, CA 94304
Telephone:    (650) 289-7887
Facsimile:    (650) 328-8508

Attorneys for Defendant and Counter-claimant
COOLIT SYSTEMS, INC. and Defendants
CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>COOLIT SYSTEMS, INC.,<br><br>Defendant and Counter-claimant,<br><br>CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.,<br><br>Defendants. | Case No.  3:19-cv-00410-EMC<br><br>**CoolIT's Reply in Support of Its Motion For Leave to Amend Its Counterclaims** |

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3-19-cv-00410-EMC
CoolIT's Reply ISO Its
Motion to Amend Pleadings

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 1

    A. CoolIT Has Good Cause to Seek Amendment .................................................. 1

        1. CoolIT had no basis to know before the Pangburn deposition that entities other than Asetek Danmark sold the accused products in this case. ........................................................................... 1

        2. CoolIT was diligent in moving to amend as soon it was aware of the issue. ................................................................................. 3

    B. Asetek's Actions and Case Law Demonstrate That CoolIT Did Not Unduly Delay Here .......................................................................................... 4

    C. Asetek Is Not Prejudiced by the Proposed Amendment ................................... 5

        1. Asetek treats these entities as one. ........................................................ 5

        2. Trial date does not need to be affected. ................................................ 6

    D. Judicial Economy is Served by Granting this Motion ...................................... 7

        1. The timing and content of this Motion is different from Asetek's failed attempt to add new products to the previous litigation .............................................................................................. 7

        2. CoolIT filing a separate case is a waste of judicial resources. ............ 8

    E. Amendment is Not Futile with Regard to Xiamen ........................................... 8

    F. CoolIT Has Only Moved to Amend Once Previously, and That Amendment Is Not Evidence of Repeated Failure to Cure Deficiencies by Prior Amendment .................................................................. 9

III. CONCLUSION ................................................................................................................ 10

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

-i-

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Med. Res. Corp. v. Tyco Healthcare Grp. LP*,
   No. 8:11-cv-01406-JVS-AN, Dkt. 117 (C.D. Cal. Jan. 14, 2013) .......................................... 4

*Boston Sci. Corp. v. Edwards Lifesciences Corp.*,
   No. 16-275-JFB-SRF, 2018 WL 5043754 (D. Del. Sept. 19, 2018) ........................... 2, 4, 5

*Coleman v. Quaker Oats Co.*,
   232 F.3d 1271 (9th Cir. 2000) ............................................................................................. 6

*Cota v. Maxwell-Jolly*,
   No. C 09-3798 SBA, 2011 WL 2182724 (N.D. Cal. June 2, 2011) ................................... 8

*Davis v. Soc. Serv. Coordinators*,
   No. 1:10-cv-02372-OWW-SKO, 2011 WL 3207818 (E.D. Cal. Jul. 28,
   2011) ................................................................................................................................... 9

*E.I. DuPont de Nemours & Co. v. Unifrax I LLC*,
   No. 14-1250-RGA, 2017 WL 1822279 (D. Del. May 5, 2017) ................................ 2, 4, 5

*Foman v. Davis*,
   371 U.S. 178 (1962) ....................................................................................................... 9, 10

*Food & Water Watch, Inc. v. United States Env't Prot. Agency*,
   No. 17-cv-02162-EMC, 2021 WL 1893063 (N.D. Cal. May 11, 2021) ............................ 8

*Jonson v. Northwest Tr. Servs., Inc.*,
   No. C12-0552RSL, 2013 WL 752634 (W.D. Wash. Feb. 27, 2013) ................................. 9

*Keith v. Volpe*,
   858 F.2d 467 (9th Cir. 1988) .............................................................................................. 8

*Lyon v. U.S. Immigr. & Customs Enf't*,
   308 F.R.D. 203 (N.D. Cal. 2015) ........................................................................................ 8

*Muench Photography, Inc. v. Pearson Educ., Inc.*,
   No. 12-cv-01927-WHO, 2013 WL 4426493 (N.D. Cal. Aug. 15, 2013) ...................... 6, 7

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
   No. 16-cv-1393-JST, 2017 WL 3149297 (N.D. Cal. July 25, 2017) .................................. 7

*Synchronoss Techs., Inc. v. Dropbox Inc.*,
   No. 16-cv-00119-HSG, 2019 WL 95927 (N.D. Cal. Jan. 3, 2019) .................................... 7

*Synopsys, Inc. v. ATopTech, Inc.*,
   No. C-13-2965 MMC, 2015 WL 5526040 (N.D. Cal. Sep. 17, 2015) ............................... 6

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

-ii-

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

# TABLE OF AUTHORITIES
(continued)

Page

**Statutes**

35 U.S.C. § 271 ..................................................................................................................9

**Other Authorities**

Federal Rule of Civil Procedure
    15 ....................................................................................................................4, 7, 8
    15(a)(1) ..............................................................................................................9
    16 ........................................................................................................................4, 8

## I. INTRODUCTION

CoolIT has been diligent and has shown good cause for amendment to add Asetek's US and Chinese entities. CoolIT was diligent in seeking to amend as soon as it learned of the existence of US sales of the accused products by Asetek USA Inc. ("Asetek USA") and Xiamen Asetek Computer Industry Co., Ltd ("Xiamen"). CoolIT does not dispute that it knew of the *existence* of these two entities from the previous litigation. Rather, CoolIT disputes that it should have known of the *relevance* of those two entities to *this litigation*. The previous litigation only involved Asetek's claims against CoolIT, and there, Asetek sought to substitute out other entities with Asetek Danmark A/S ("Asetek Danmark"). It then sued CoolIT again in this case via Asetek Danmark. CoolIT thus logically assumed that Asetek Danmark was the relevant entity here. Asetek points to nothing in this case's record flagging US sales of the accused products by Asetek USA or Xiamen to CoolIT—nothing until the very last day of discovery and subsequent meet and confers. CoolIT moved to add the two entities within days of becoming aware of their relevance to the patents and products in this case.

There is no prejudice to Asetek in adding these entities. The parties agree that adding these entities requires only producing additional sales information on already identified products and adjusting the parties' damages expert reports (of which only CoolIT's opening report has been served) accordingly. These changes should not affect a trial date that is seven months away. In contrast, CoolIT's other option is to file a separate lawsuit, on the same patents in the same court accusing the same products with the same infringement and validity arguments, but naming Asetek USA and Xiamen as defendants. Filing such a duplicate case would be far more prejudicial than this Motion to the parties and the Court—wasting the resources of a COVID-backlogged docket that serves neither justice nor judicial efficiency.

## II. ARGUMENT

### A. CoolIT Has Good Cause to Seek Amendment

**1. CoolIT had no basis to know before the Pangburn deposition that entities other than Asetek Danmark sold the accused products in this case.**

As explained in CoolIT's opening brief, CoolIT did not know that Asetek USA or

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

Xiamen sold the accused products in this case in the United States until the Pangburn deposition. Asetek does not point to any evidence that either of those entities came up in the pleadings, initial disclosures, contentions briefing, or written discovery in this case. *C.f. Boston Sci. Corp. v. Edwards Lifesciences Corp.*, No. 16-275-JFB-SRF, 2018 WL 5043754, at *3 (D. Del. Sept. 19, 2018); *E.I. DuPont de Nemours & Co. v. Unifrax I LLC*, No. 14-1250-RGA, 2017 WL 1822279, at *2 (D. Del. May 5, 2017). As Asetek itself points out, its sales spreadsheets have only ever identified Asetek Danmark, and Asetek's annual reports only show consolidated financials—not broken down by entity.

Instead, Asetek argues that CoolIT should have sought discovery on these entities earlier, based on what happened in a previous litigation between CoolIT and Asetek seven years ago. CoolIT does not deny that it was aware of these other entities because of that case. But that case *only* involved Asetek's claims against CoolIT.[1] Simply being aware of entities is not a basis for adding a party to a case with different patents and accused products.

Further, the entity confusion in the previous case was because *Asetek*'s counsel "realized for the first time" *ten days* before the pre-trial conference that *it* had named the wrong entity as Plaintiff because a different entity was the owner of the patents-in-suit. Dkt. 316-3 at 3:6-9. Asetek asked to add Asetek Danmark A/S—the entity that CoolIT sued here— in place of Asetek A/S and Asetek Holdings, Inc. *Id.* at 4:1-5:6; Dkt. 316-4 ("Plaintiffs informed the Court that the patent owner is Asetek Danmark A/S, not Asetek A/S, the presently-named plaintiff. Parties have reached a tentative agreement to change the named plaintiff to Asetek Danmark A/S and to dismiss Asetek Holdings as a plaintiff."). Asetek's corporate change triggering Asetek's request to substitute entities happened *over a year and a half* before Asetek's request at the pre-trial conference. Dkt. 316-3 at 5:25-6:7. Despite being in sole possession of all relevant facts, at that conference, Asetek's counsel Robert McCauley repeatedly told the Court that he himself was confused about his client's corporate shuffling, *id.* at 6:22, 8:23-24, but that he did not think the change would have substantive

---

[1] CoolIT did file a separate lawsuit against Asetek in the District of Delaware around the same time, however that case did not advance much beyond the initial stages of discovery before the parties settled.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

impacts on the case, *id.* at 5:9-18, just that "damages discovery [was] going to need to get updated." *Id.* at 27:7-8. The Court allowed the change, and moved the trial date to allow additional discovery on the issue. *See* Dkt. 316-4. In contrast, Asetek now seeks to hold CoolIT to a far higher standard. But just as with Asetek's request in the previous case, the only thing that needs to be updated here will be damages discovery.

Seven years later, here, Asetek Danmark sued CoolIT. CoolIT countersued Asetek Danmark—the entity that Asetek substituted into the previous case and the entity that sued CoolIT in this case. CoolIT had no reason to think that other entities had sales relevant to the patents and products at issue in this case. Neither Asetek USA nor Xiamen were included in the previous case or raised in this one. Thus, CoolIT did not have a reason to waste its limited discovery opportunities on the issue.

Instead, CoolIT only sought general (not necessarily sales-related) organizational structure discovery: one 30(b)(6) topic naming "[t]he organizational structure of ASETEK and of all of its subsidiaries or related companies, including the identity of ASETEK's principals, officers, and investors" and one 30(b)(6) topic on products "sold outside of the United States" to see if those products end up back in the United States. Suppl. Kannappan Decl., Ex. H (7/9/2021 CoolIT 30(b)(6) Notice to Asetek) at 5, 6 (Topics 1 and 13). Asetek designated Mr. Pangburn on the first topic and pointed to his testimony after the fact on the second topic. His testimony was thus the first point that CoolIT learned of Asetek USA and Xiamen's possible relevance to this case.[2]

**2.   CoolIT was diligent in moving to amend as soon it was aware of the issue.**

The relevant diligence period is between Mr. Pangburn's deposition and when CoolIT moved to amend. Mr. Pangburn's testimony is when CoolIT first learned of these other entities' possible relevance *to the patents and products in this case*. CoolIT understood that

---

[2] It is unclear why Asetek's motion to add CoolIT entities (which CoolIT *did not oppose*) would trigger a reciprocal action from CoolIT, because, again, CoolIT had no reason to think that any sales were being excluded with just Asetek Danmark as counter-defendant. *Cf.* Dkt. 316 at 11-12.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

Mr. Pangburn testified about the annual reports' "consolidated revenue" and sales of general "liquid cooling products." Dkt. 302-7 at 111:15-113:20. So, CoolIT thought there was a still a chance that the *relevant* sales were entirely under Asetek Danmark. That is why CoolIT attempted to clarify in subsequent meet and confers if Asetek USA or Xiamen had any U.S. sales of the accused products. Dkt. 302-1 at ¶¶ 6-11. Asetek's answer seemed to be yes, but that Asetek did not consider those sales to be part of this case, so CoolIT filed this motion within two weeks of Mr. Pangburn's deposition, and within days of the meet and confers confirming this fact.

That CoolIT "could have taken [Pangburn]'s deposition[] earlier, or asked for document production before the amendment deadline, does not in itself prove a lack of diligence," especially where CoolIT was not aware that it needed to do so. *Applied Med. Res. Corp. v. Tyco Healthcare Grp. LP*, No. 8:11-cv-01406-JVS-AN, Dkt. 117 at 6, 9 (C.D. Cal. Jan. 14, 2013) (granting motion to amend under Rule 15 and 16); *cf.* Dkt. 316 at 11. Just as in *Applied Med. Res.*, CoolIT's amendment is "based on facts obtained and confirmed during discovery which took place after the scheduling order's deadline for amended pleadings," and CoolIT promptly moved to amend after learning of the new information. *Applied Med. Res.*, Dkt. 117 at 6. CoolIT's motion should similarly be granted.

**B. Asetek's Actions and Case Law Demonstrate That CoolIT Did Not Unduly Delay Here**

This case is different both from Asetek's request to substitute parties in the previous case, and from the *Boston Scientific* and *DuPont* cases it cites. Dkt. 316 at 9-10.

Asetek delayed far more and was still able to substitute entities. Asetek requested substitution at an extremely late stage of the case—at the pretrial conference just three weeks out from trial. Further, Asetek requested substitution based on information Asetek had access to *over 1.5 years prior*, information that was in its own possession. Finally, Asetek's request affected the trial date. In contrast, this case is over 7 months out from trial. It is based on sales information in Asetek, not CoolIT's possession. And the only additional discovery would be updated sales spreadsheets and addendums to CoolIT's damages report (which was

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

filed weeks after CoolIT raised the issue to Asetek and could have been avoided if Asetek had just produced the sales data then).

The movants in *Boston Scientific* and *DuPont* had clear knowledge from written portions of the case record—there is no such record evidence here.  In *Boston Scientific*, (1) the counterclaims identified Edwards LLC as a party, (2) the answer admitted the allegation that an "actual controversy exist[ed] between . . . Edwards LLC," and (3) "Edwards disclosed that 'Edwards Lifesciences LLC . . . manufacture[d] all or some of the [accused product] in the United States" in an interrogatory response.  *Boston Sci.,* 2018 WL 5043754 at *3  (finding that "[t]he record reflects that Edwards consistently identified Edwards LLC as the entity responsible for manufacturing the Sapien 3 device in the United States.")  In *E.I. DuPont*, DuPont sought to add a willfulness claim after stating in its infringement contentions that "Unifrax's infringement is willful, as it was aware of the DuPont patent well before the filing of this action, and it had or has no good faith basis for continuing to infringe."  *E.I. DuPont de Nemours & Co.*, 2017 WL 1822279, at *2.  The Court reasoned: "[g]iven that Plaintiff seems to have been in possession of the facts essential to bring a willfulness claim well prior to the amendment deadline established by the scheduling order, there is no diligence here."  *Id*.

<u>None of these facts are present here</u>.  Asetek does not point to a single instance of US sales by Asetek USA or Xiamen coming up in this case.  Asetek cannot point to pleadings, disclosures, contentions, briefing, or written discovery raising the issue.  Instead, Asetek can only point to a different case from seven years ago, on different patents and products, where CoolIT did not have any claims against Asetek, that ended up with Asetek Danmark A/S as the named entity.  CoolIT was not in "possession of facts essential" (*id.*) to name Asetek USA or Xiamen as counter-defendants at any point in this case until the last day of discovery and subsequent meet and confers.

**C.     Asetek Is Not Prejudiced by the Proposed Amendment**

**1.     Asetek treats these entities as one.**

Asetek asks the Court to ignore that, in all practicality, Asetek treats its various entities the same.  Asetek's counsel stated to the Court that "the decision makers at Asetek are all of

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

the same people. It's not a worldwide conglomerate, the way it may sound." *See* Dkt. 316-3 at 15:15-17. Asetek's annual reports confirm that all the officers of the various Asetek identities are the same. Suppl. Kannappan Decl., Ex. I (Asetek 2018 Annual Report) at ASE-CLT00001420, Ex. J (Asetek 2020 Annual Report) at 2. Mr. Pangburn testified that though he is officially employed by Asetek USA, he provided services to all the related Asetek entities, such as "external reporting, annual report preparation, quarterly report preparation, . . . technical accounting advice, . . . oversight of the [financial] consolidation process," and "oversight of the U.S. federal tax return" for the various Asetek entities. *See, e.g.*, Suppl. Kannappan Decl., Ex. K (Pangburn Dep. Excerpt) at 23:21-24:20. And Asetek's counsel represented to the Court in the previous case that swapping out corporate entities would have no substantive impact. Dkt. 316-3 at 5:9-18. Asetek is thus concealing damages behind corporate technicalities that it itself believes are trivial.

### 2. Trial date does not need to be affected.

The effect of granting this motion is Asetek producing two spreadsheets of Asetek USA and Xiamen's US sales of already-identified accused products. No additional fact discovery is needed. CoolIT's September 15, 2021 opening damages report will be affected, and possibly Asetek's rebuttal damages report due October 21, 2021. But as Asetek agrees, the opening and rebuttal reports can simply be amended to account for the additional sales. Trial is seven months away. *See* Dkt. 260. There is plenty of room in the case schedule to allow for these amendments.[3] This case is unlike any of the cases Asetek cites, which all sought to add new claims that would "torpedo" case schedules. *Synopsys, Inc. v. ATopTech, Inc.*, No. C-13-2965 MMC, 2015 WL 5526040, at *2, 4 (N.D. Cal. Sep. 17, 2015) (seeking to add claim of copyright infringement and count of replevin); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (seeking to add new claim under "disparate impact theory of liability"); *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 4426493, at *1 (N.D. Cal. Aug. 15, 2013) (seeking to add two new

---

[3] This is assuming that the Court does not grant the Motion to Stay pending before the Court or does not need to push the trial date due to COVID-related docket backlog, in which case granting this Motion should have no effect on the eventual trial date.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

causes of action for contributory and vicarious copyright infringement). In contrast here, only minimal sales spreadsheet production (information that is entirely within Asetek's control) and damages expert report addendums are implicated by granting the amendments. *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2019 WL 95927, at *3 (N.D. Cal. Jan. 3, 2019) (granting Dropbox's motion to amend pleadings after the end of discovery "given that any evidence" relevant to the amendment "is presumably within Synchronoss's control" and that "even if some limited discovery were necessary, the mere need for additional discovery, by itself, does not constitute sufficient prejudice under Rule 15 to withhold leave to amend"); *see also Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-1393-JST, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017) ("Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice.").

### D. Judicial Economy is Served by Granting this Motion

#### 1. The timing and content of this Motion is different from Asetek's failed attempt to add new products to the previous litigation

In the same case from seven years ago, Asetek attempted to add new accused products,[4] after the trial had already been rescheduled due its entity error. *See* Dkt. 316-8. Adding new products raises technical infringement issues, requiring extensive additional discovery (fact and expert). The Court recognized that it essentially would be allowing a new case in and denied Asetek's motion, particularly noting that Asetek had already forced the Court to move the trial dates once. *Id.* at 3:23-4:3 (emphasis added) ("[N]ormally one does not allow an amendment to a complaint if it's going to delay trial. That's a classic example of a denial of a Rule 15 situation, *especially since this trial had already been put off*. We've been prepared previously to get this to trial until we had this other problem [referring to substitution of corporate entities by Asetek]."). As explained above, CoolIT's Motion does not require moving the trial date.

---

[4] Asetek characterizes these changes as "insubstantial" but fails to mention that CoolIT disagreed. The Court was thus faced with adding new technical disputes that are not present here.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

The additional discovery here is minimal and affects damages reports while the parties are still in the midst of expert discovery. If Asetek had simply produced the additional sales information after the parties' met and confer, the opening damages expert report would have been able to incorporate the figures. No other discovery adjustments (and certainly no trial date adjustment) would have been necessary.

### 2. CoolIT filing a separate case is a waste of judicial resources.

As explained in CoolIT's opening brief, CoolIT's other option is to file a separate lawsuit, on the same patents in the same court accusing the same products with the same infringement and validity arguments, but naming Asetek USA and Xiamen as defendants. Such a case would likely be consolidated with this one anyway, and if it were not, the duplication would be an extreme and unnecessary waste of resources, prejudicing the parties and the Court far more than this Motion. Granting this motion is consistent with well-established Ninth Circuit and district precedent granting motions to amend in the interest of judicial efficiency. *See, e.g.*, *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (explaining that that Rule 15 "is a tool of judicial economy and convenience" and affirming grant of motion to amend in the "interest[] of judicial economy"); *Cota v. Maxwell-Jolly*, No. C 09-3798 SBA, 2011 WL 2182724, at *4-5, 7 (N.D. Cal. June 2, 2011) (granting leave to supplement pleadings in the interest of "promot[ing] judicial efficiency" where filing a separate suit "would waste, rather than conserve, judicial resources"); *see also Food & Water Watch, Inc. v. United States Env't Prot. Agency*, No. 17-cv-02162-EMC, 2021 WL 1893063, at *8 (N.D. Cal. May 11, 2021); *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 215-17 (N.D. Cal. 2015) (granting leave to amend under Rule 15 and 16, in part "to promote judicial efficiency").

### E. Amendment is Not Futile with Regard to Xiamen

Xiamen is a subsidiary of Asetek Danmark. *See* Dkt. 302 at 3; Dkt. 316 at 2. Its sales should have rolled into Asetek Danmark, but Asetek curiously does not address that issue. Instead, Asetek confuses the issue by arguing to the Court that Xiamen "has not engaged in activities in the United States that constituted patent infringement" (Dkt. 316 at 16), after

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

telling CoolIT during the parties' meet and confer that Asetek USA and Xiamen sold the accused products in the United States when explaining that Asetek had not produced those sales figures. *See* 35 U.S.C. § 271 ("[W]hoever without authority . . . *offers to sell, or sells any patented invention, within the United States* . . . any patented invention during the term of the patent therefor, infringes the patent.") (emphasis added). If Asetek confirms to the Court that Xiamen has not sold the accused products in the United States, then CoolIT will not seek to add Xiamen as a defendant.

> **F.  CoolIT Has Only Moved to Amend Once Previously, and That Amendment Is Not Evidence of Repeated Failure to Cure Deficiencies by Prior Amendment**

The standard for holding prior amendments against granting the Motion is "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In attempting to invoke this principle, Asetek erroneously cites to four amendments to CoolIT's counterclaims as relevant to the Court's analysis. Dkt. 316 at 16 (citing Dkt. 27, 36, 217, and 233). Docket number 233 was an amended answer responding to Asetek filing a second amended complaint; CoolIT's counterclaims were not amended. *Compare* Dkt. 217, *with* Dkt. 233. Docket 27's and Docket 36's amendments were made as a matter of right, per Federal Rule of Civil Procedure 15(a)(1), allowing pleading amendments as a matter of course within 21 days of a previous pleading or responsive pleading. Such amendments are generally not considered against the moving party in a motion to amend analysis. *See Davis v. Soc. Serv. Coordinators*, No. 1:10-cv-02372-OWW-SKO, 2011 WL 3207818, at *2 (E.D. Cal. Jul. 28, 2011) (declining to consider previous amendment as a strike against an amending party where "no amendment to the complaint has been 'previously allowed'" by the Court because Plaintiff's amendment "was effected as of right") (quoting *Foman*, 371 U.S. at 182); *Jonson v. Northwest Tr. Servs., Inc.*, No. C12-0552RSL, 2013 WL 752634, at *6 (W.D. Wash. Feb. 27, 2013) (holding "prior amendment does not weigh against granting leave" to amend where "previous amendment was as a matter of right and plaintiffs have not yet had the benefit of the Court's analysis of their various claims").

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

Docket 217's amendments are the only amendments relevant to the Court's analysis here. There, CoolIT moved to add declaratory judgment counterclaims triggered by Asetek filing suit against CoolIT's customer Corsair (*see* Dkt. 186 at 3-5) and to add Asetek's new Gen 7 products. These amendments had nothing to do with the named counter-defendants, and as explained above, CoolIT was not aware then that it needed to name additional counter-defendants. Thus, this previous amendment is not evidence of "repeated failure to cure deficiencies by amendments previously allowed," and should not weigh against CoolIT's Motion. *Foman*, 371 U.S. at 182.

### III. CONCLUSION

For the foregoing reasons and the reasons in CoolIT's opening brief, CoolIT respectfully requests that the Court grant its Motion to Amend Its Counterclaims.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS

Dated: October 7, 2021

/s/ *Deepa Kannappan*

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
LAM K. NGUYEN (265285)
(lnguyen@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
DEEPA KANNAPPAN (313573)
(dkannappan@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

DUSTIN M. KNIGHT (*pro hac vice*)
(dknight@cooley.com)
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

*Attorneys for Defendant and Counter-claimant COOLIT SYSTEMS, INC. and Defendants CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.*

GREENBERG TAURIG, LLP
KYLE D. CHEN (SBN 239501)
(kchen@gtlaw.com)
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 289-7887
Facsimile: (650) 328-8508

*Attorneys for Defendant CoolIT Systems, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11.

CASE NO. 3-19-CV-00410-EMC
COOLIT'S REPLY ISO ITS
MOTION TO AMEND PLEADINGS