UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>    Plaintiff,<br><br>    v.<br><br>COOLIT SYSTEMS INC, et al.,<br><br>    Defendants. | Case No. 19-cv-00410-EMC (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 275 |

**INTRODUCTION**

The parties dispute a subpoena and deposition topics served by CoolIT Systems Inc. (CoolIT) on Finnegan, Henderson, Farabow, Garrett & Dunner, LLP (Finnegan) on August 16, 2021. Finnegan counseled the plaintiff, Asetek, in the prosecution of patents that are now subject to this infringement litigation. There are pending motions for leave to file amended counterclaims and to amend infringement contentions, but as these motions add new entities and do not amend the claims at issue, the court may decide the pending discovery dispute at this time. The court grants Finnegan's motion to quash the subpoena.[1]

---

[1] Joint Letter Br. – ECF No. 275. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. The court can decide the matter without oral argument. N.D. Cal. Civ. L. R. 7-1(b).

ORDER – No. 19-cv-00410-EMC

**STATEMENT**

This is CoolIT's second attempt to serve a subpoena on Finnegan. On August 13, 2021, this court quashed Asetek's subpoena because it was far broader than the narrowed request put forth in the discovery letter. That subpoena included twelve topics, but the joint letter only alleged two broad topics.[2] As attorney depositions are rarely allowed unless the deposition is narrowly tailored and necessary, and the subpoena was significantly broader than the request made in the discovery letter, this court quashed that subpoena.[3]

On August 16, 2021, CoolIT served Finnegan with a second subpoena with six revised topics regarding counsel's understanding of (1) the patents-in-suit and/or related patents and applications (relevant patents and applications), and their prosecution history, (2) communications with Asetek or the inventor about the relevant patents and applications, (3) the inventor and/or any third party's contributions to the conception of the invention included in the relevant patents and/or applications, (4) prior art searches and results related to the relevant patents and applications, (5) "all intellectual property assessments, analyses, or reviews related to AIO Coolers" that were prepared by the prosecution counsel during prosecution of the relevant patents and applications, and (6) CoolIT and its products.[4] CoolIT asserts that these topics narrowly target information relevant to Asetek's doctrine of equivalents and "CoolIT's assessment of whether to seek leave to add an inequitable conduct defense."[5]

Finnegan objected to the second subpoena on August 25, 2021, and asks this court to quash the subpoena, asserting that the subpoena asks for irrelevant testimony and that CoolIT's defenses of inequitable conduct and prosecution history estoppel are insufficiently pled and time-barred.[6]

---

[2] Discovery Order – ECF No. 270.

[3] *Id.*

[4] Schedule A of Asetek's August 16, 2021 Subpoena – ECF No. 275-1 at 12–13.

[5] Joint Letter Br. – ECF No. 275 at 3.

[6] *Id.* at 1–3.

# ANALYSIS

### 1. Prosecution History Estoppel

CoolIT noticed the deposition to seek evidence relevant to Asetek's doctrine of equivalents arguments and probative of Asetek's current positions on claim scope. Specifically, testimony by prosecution counsel may be relevant to Asetek's contention that the claim term "curved blades" is equivalent to "straight blades" and that "a reservoir" is equivalent to multiple receptacles.[7]

Finnegan argues any deposition would be irrelevant to the issue of prosecution history estoppel because that inquiry is "based solely on the USPTO's written record."[8] *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 952 (Fed. Cir. 1993) ("The legal standard for determining what subject matter was relinquished is an objective one, measured from the vantage point of what a competitor was reasonably entitled to conclude, from the prosecution history, that the applicant gave up to procure issuance of the patent.").

CoolIT does not contradict this contention and cites only to cases that found depositions of patent prosecution attorneys were relevant to issues of inequitable conduct. There is no dispute here, and the court finds no basis in the doctrine of prosecution history estoppel to compel deposition of an attorney.

### 2. Inequitable Conduct

Finnegan argues that CoolIT is barred from obtaining discovery on the basis of alleged inequitable conduct because CoolIT has not pled inequitable conduct as a defense in this case *Petka v. Mylan Pharms, Inc.*, No. 16-mc-80196-MEJ, 2016 WL 6947589 (N.D. Cal. Nov. 28, 2016); *In re Insogna*, No. 3:19-cv-1589, 2020 WL 85487, at *10 (S.D. Cal. Jan. 3, 2020) ("Defendants do not allege an inequitable conduct defense. Yet, the cases Defendants cite for the proposition that courts 'routinely' depose opposing counsel overwhelmingly include those where an inequitable conduct defense is at issue."). Finnegan goes one step further to say CoolIT is not permitted to plead that

---

[7] Joint Letter Br. – ECF No. 275 at 4.
[8] *Id.* at 2.

defense now as the deadline to amend pleadings past on February 12, 2021.[9] Notably, a motion to amend CoolIT's infringement contentions is pending before the trial court but does not include inequitable conduct. Thus, inequitable conduct is not an active issue.

Nevertheless, CoolIT argues the depositions are relevant to "CoolIT's assessment of whether to seek leave to add an inequitable conduct defense." But discovery cannot be a fishing expedition for new claims, defenses, or surprise facts. Fed. R. Civ. P. 26(b)(1) Advisory Committee's note ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."); *see also Games2U, Inc. v. Game Truck Licensing, LLC*, No. MC-13-00053-PHX-GMS, 2013 WL 4046655, at *9 (D. Ariz. Aug. 9, 2013) (granting a motion to quash subpoena of prosecuting attorney where the alleged infringer had not alleged inequitable conduct). Without allegations of inequitable conduct, there is a risk of a deposition with too few parameters to limit the inquiry.

## CONCLUSION

The court grants Finnegan's motion to quash CoolIT's August 16, 2021, subpoena.

**IT IS SO ORDERED.**

Dated: October 8, 2021

LAUREL BEELER
United States Magistrate Judge

---

[9] Joint Case Management Statement – ECF No. 222-2 at 5.