Robert F. McCauley (SBN 162056)
robert.mccauley@finnegan.com
Arpita Bhattacharyya (SBN 316454)
arpita.bhattacharyya@finnegan.com
Jeffrey D. Smyth (SBN 280665)
jeffrey.smyth@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

*Attorneys for Plaintiff and Counterdefendant
ASETEK DANMARK A/S*

Heidi L. Keefe (SBN 178960)
hkeefe@cooley.com
Reuben H. Chen (SNB 228725)
rchen@cooley.com
Daniel J. Knauss (SBN 267414)
dknauss@cooley.com
Lam K. Nguyen (SNB 265285)
lnguyen@cooley.com
Deepa Kannappan (SBN 313573)
dkannappan@cooley.com
Alexandra Leeper (SBN 307310)
  aleeper@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

*additional attorneys listed in signature block

*Attorneys for Defendant and Counterclaimant
COOLIT SYSTEMS, INC., and Defendants
COOLIT SYSTEMS USA INC., COOLIT
SYSTEMS ASIA PACIFIC LIMITED, COOLIT
SYSTEMS (SHENZHEN) CO., LTD., CORSAIR
GAMING, INC. and CORSAIR MEMORY, INC.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>         Plaintiff and<br>         Counterdefendant,<br><br>     v.<br><br>COOLIT SYSTEMS, INC.,<br><br>         Defendant and<br>         Counterclaimant,<br><br>COOLIT SYSTEMS USA INC., COOLIT SYSTEMS ASIA PACIFIC LIMITED, COOLIT SYSTEMS (SHENZHEN) CO., LTD.,<br><br>         Defendants,<br><br>CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.,<br><br>         Defendants. | CASE NO. 3:19-cv-00410-EMC<br><br>**JOINT STATEMENT REGARDING THE PARTIES' PROPOSALS FOR THE REMAINDER OF THIS CASE** |

At hearing in this matter on October 7, 2021, the Court continued the jury trial in this case until July 25, 2022. The Court asked when decisions on whether to institute IPRs on the '601 and '196 patents would issue.  Institution Decisions are expected by December 30, 2021.  The Court then directed counsel for the parties to meet and confer regarding potential dates for the remaining case schedule, and to file a paper regarding same by October 8, 2021.  Counsel for the parties (Plaintiff Asetek Danmark A/S ("Asetek") and Defendants CoolIT Systems, Inc., CoolIT Systems USA Inc., CoolIT Systems Asia Pacific Limited, CoolIT Systems (Shenzhen) Co., Ltd., Corsair Gaming, Inc. and Corsair Memory, Inc.  (collectively, "Defendants")) have met and conferred and have not reached an agreement regarding the remainder of the schedule.

In the table below, the parties submit the existing case schedule, the parties' respective proposals for a new case schedule, as well as their further comments below the table.

| Event | Current Date | Asetek Proposed Dates (Option I) | Asetek Proposed Dates (Option II) | CoolIT Proposed Dates |
|---|---|---|---|---|
| Rebuttal Expert Reports | October 21, 2021 | No change - Oct. 21, 2021 (Asetek's counsel in India Oct. 15-30) | No change - Oct. 21, 2021 (Asetek's counsel in India Oct. 15-30) | December 15, 2021 |
| Expert Discovery Cut-Off | November 11, 2021 | November 23, 2021 | December 23, 2021 | January 13, 2022 |
| Deadline to File Dispositive Motions | November 18, 2021 | December 7, 2021 | January 20, 2022 | |
| Case Status Conference | | February 1, 2022 at 2:30 pm | February 1, 2022 at 2:30 pm | |
| Deadline to File Oppositions to Dispositive Motions | December 2, 2021 | December 21, 2021 | February 10, 2022 | |
| Deadline to File Replies to Dispositive Motions | December 9, 2021 | January 6, 2022 (three weeks before hearing) | February 17, 2022 | |
| Last Day to Hear Dispositive Motions | December 23, 2021 | January 27, 2022 | March 3, 2022 | |
| Meet and Confer re Pretrial Conference Statements | January 25, 2022 | May 17, 2022 | May 17, 2022 | |
| Joint Pretrial Conference Statement/Trial Briefs | February 15, 2022 | June 7, 2022 | June 7, 2022 | |

| | | | |
|---|---|---|---|
| Objections Due | February 25, 2022 | June 17, 2022 | June 17, 2022 |
| Pretrial Conference | April 12, 2022 | June 28, 2022 | June 28, 2022 at 2:30 p.m. |
| Trial | May 9, 2022 | July 25, 2022 | July 25, 2022 |
| Estimate of Trial Length (in Days) | 10-12 Court Days | | |

**Asetek's Comments**

Asetek has submitted two Options for the schedule based on the parties' differing recollections about when the Court stated a preference for the hearing on dispositive motions; Options One and Two are discussed further below.

All expert reports are nearly complete; rebuttal expert reports are due on October 21, 2021 per the Court's order. The parties are thus nearly across the Rubicon and extending that deadline will create inefficiencies. As explained to Defendants months ago, Asetek's counsel most familiar with the technical issues and working with its experts, Arpita Bhattacharyya, will be in India from October 15-30, 2021, to attend ceremonial services for her deceased father and to tend to family estate issues. She will not have a reliable internet connection while there. As a result, Asetek has long planned to have its technical expert reports all but competed by October 14 (next Thursday), even though Defendants will have the advantage of an extra week to complete their rebuttal reports. (During negotiations about the schedule, Asetek requested in the interest of reciprocity and fairness that Defendants agree to a mutual deadline for expert reports of October 14, but Defendants refused.) Asetek believes October 21 deadline for rebuttal expert reports should remain. That said, Asetek is open to extending the date for expert depositions, as requested by Defendants, by two or six weeks in Options One and Two.

Regarding Asetek's schedule Options One and Two, Asetek's counsel thought Judge Chen said at this week's hearing that the Court would prefer the dispositive motions hearing be scheduled for the end of January 2022. (Perhaps that is the Court's preference because of the long criminal trial beginning in mid-March 2022.) Asetek's Option One is based on that assumption.

Defendants' counsel does not recall the Court stating a preference for the dispositive motions hearing to be held at the end of January, but instead that opening briefs on dispositive motions could be filed in January 2022. If that is the Court's preference, Asetek's Option Two follows that assumption and sets the dispositive motion hearing on March 3, 2022, which will allow the Court to prepare for and hear the dispositive motions before beginning the long criminal trial. Option Two also requires expert depositions to be concluded by December 23, 2021, before the holidays, so that dispositive motions can be completed and filed in January 2022.

Asetek objects to Defendant's proposal to extend expert depositions through January 13, with dispositive motions filed on January 20, because it would ruin the holidays and only gives the parties one week between the end of expert depositions and filing dispositive motions. Defendants have continually sought delays and if their schedule is entered they will no doubt refuse to produce expert witnesses until January, and likely not until the week of January 10, and cause a log jam with expert depositions and drafting/filing dispositive motions on January 20.

Below, Defendants rehash disputed points they raised in their motion to stay that was denied this week. Defendants continue to prematurely count their chickens in contending the PTAB will institute their IPRs on the '196 and '601 patents, but there are multiple reasons for the PTAB to deny those IPRs that will not be repeated here for the sake of brevity. Defendants' argument about the terminal disclaimer submitted by Asetek to obtain allowance of the patents is off base. The Federal Circuit has recognized that terminal disclaimers are routinely submitted to expedite prosecution without conceding any allegation of obviousness type double patenting (OTDP), as was done here, and such disclaimers to obtain issuance do not create any presumption of ODTP.

Defendants' argument that they need to depose Asetek's experts before filing rebuttal expert reports, which was never discussed or agreed upon when the parties agreed upon the existing expert discovery schedule, is groundless and yet another stall tactic. Defendants never even broached the possibility of taking expert depositions before serving rebuttal expert reports until yesterday at the hearing, and they never requested dates that Asetek's expert witnesses might be available for deposition before the October 21 deadline for expert reports, as they would have done shortly after service of the opening expert reports three weeks ago, on September 16, if that had in fact been the

parties' agreement. Tellingly, when the parties negotiated the expert discovery schedule earlier in the case, ***both sides checked and confirmed that their experts would be available for deposition after the rebuttal expert reports were served - there was no discussion of any depositions between the opening and rebuttal rounds of expert reports.*** Furthermore, Defendants have long known that that Asetek's counsel, Arpita Bhattacharyya, will need to prep and defend Asetek's technical expert depositions and that she will be leaving the country next Friday, yet they never even mentioned the possibility of depositions on the first round of expert reports until the hearing yesterday.

Defendants' arguments about their requests for additional data supporting Asetek's simulation expert are also disputed, without merit, and interposed in an attempt to excuse their requests for further delays. Pursuant to Defendants' request, on October 1 Asetek produced to them the CAD and mesh files used by Asetek's simulation expert, with which Defendants' expert could run his own analysis. Earlier this week, Asetek further provided to Defendants all data/inputs and parameters used by Asetek's simulation expert to run his simulation, with which Defendants can further check and verify the results obtained by Asetek's expert. Asetek also explained that it is also willing to produce the simulation case files (.sim files) created by Asetek's expert, which are his work product, provided that Defendants agree to expressly state in their expert's rebuttal report any and all changes he may make to Asetek's expert's .sim files in creating his own modified simulation.

**CoolIT's and Corsair's Comments**

The parties have agreed to a schedule for summary judgment briefing through trial, provided the Court is amenable to summary judgment briefing that begins on January 20, 2022. The agreed upon summary judgment schedule will also facilitate the parties' participation in settlement conference before summary judgment briefing begins. Both parties have agreed in principle to a settlement conference in January 2022. If the Court adopts the parties' agreed schedule for summary judgment through trial, the only disputed dates are for rebuttal expert reports and close of expert discovery.

<u>Rebuttal Expert Reports and Expert Discovery Cut-Off</u>

If the PTAB institutes the IPRs on the '601 and '196 child patents, CoolIT and Corsair will renew their stay motion. The PTAB is required to issue its decision by December 30, 2021, but the PTAB can also issue its decision earlier and sometimes does so by a month. CoolIT and Corsair would

prefer to schedule rebuttal expert reports after the deadline for institution, but, as a compromise, Defendants have proposed December 15, 2021 which will support the remainder of the case schedule, while giving CoolIT and Corsair a realistic possibility of obtaining an institution decision before the rebuttal expert report deadline.  This would conserve resources spent on the rebuttal expert reports and rebuttal expert depositions for claims that are almost identical to the already-invalidated claims of the '354 and '355 patents.  The near identical claim scope is further evidenced by the obviousness-type double patenting rejections that were issued during original prosecution of the '601 and '196 patents and that were only overcome by the filing of terminal disclaimers to the expiration dates of the '354 and '355 patents.

Two additional reasons exist for moving the rebuttal expert report deadline to December 15, 2021 and the expert discovery cut-off to January 13, 2022:

(1) CoolIT believes that its rebuttal experts should be allowed to consider the deposition testimony of Asetek's <u>opening</u> experts, and never agreed to the contrary.[1]  CoolIT and Corsair learned for the first time today that Asetek's counsel will not allow the depositions of Asetek's opening experts to take place until after CoolIT's rebuttal expert reports are served, which would be prejudicial to CoolIT.  During the parties' meet and confer today, Ms. Bhattacharyya stated that she was the only person on the team that could defend the expert depositions and that she does not have time to do that before she leaves on her trip to India.  CoolIT's proposed December 15 date would alleviate this issue since Ms. Bhattacharyya returns from her trip on October 30, well in advance of December 15.

(2) On September 16, Asetek served an expert report that presented opinions on a *simulation* of CoolIT's impeller blades, but Asetek failed to serve with its report any of the simulation files and data used by its expert.  CoolIT requested production of all relevant files, including the key .sim files.  Asetek produced some of the data this week, but still has not produced the key .sim files.  CoolIT's rebuttal expert needs those files to perform his analysis.  The delay in providing this information is

---

[1] In response to a request from Asetek's counsel to accommodate Ms. Bhattacharyya's trip, Defendants, in an August 3, 2021 email, "agree[d] with scheduling technical expert depositions for rebuttal reports between Nov. 2-11." This agreement was specific to rebuttal reports and was not intended to alter the normal course of expert discovery and expert depositions following opening reports in patent cases.

prejudicial to CoolIT, but this would be alleviated by moving the rebuttal expert report deadline to December 15, 2021, assuming Asetek produces the .sim files.

Respectfully submitted,

Dated: October 8, 2021

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP

By: */s/ Robert F. McCauley*
   Robert F. McCauley

   Robert F. McCauley (SBN 162056)
   robert.mccauley@finnegan.com
   Arpita Bhattacharyya (SBN 316454)
   arpita.bhattacharyya@finnegan.com
   Jeffrey D. Smyth (SBN 280665)
   jeffrey.smyth@finnegan.com
   **FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP**
   3300 Hillview Avenue
   Palo Alto, California 94304
   Telephone:(650) 849-6600
   Facsimile: (650) 849-6666

   *Attorneys for Plaintiff and Counterdefendant
   ASETEK DANMARK A/S*

Dated: October 8, 2021

COOLEY LLP/ GREENBERG TRAURIG, LLP /
  DICKINSON WRIGHT RLLP

By: */s/ Reuben H. Chen*
   Reuben H. Chen

   Heidi L. Keefe (SBN 178960)
   hkeefe@cooley.com
   Reuben H. Chen (SNB 228725)
   rchen@cooley.com
   Daniel J. Knauss (SBN 267414
   dknauss@cooley.com
   Lam K. Nguyen (SNB 265285)
   lnguyen@cooley.com
   Deepa Kannappan (SBN 313573)
   dkannappan@cooley.com
   Alexandra Leeper (SBN 307310)
    aleeper@cooley.com
   **COOLEY LLP**
   3175 Hanover Street
   Palo Alto, CA 94304-1130
   Telephone: (650) 843-5000

Facsimile:  (650) 849-7400

Dustin M. Knight (*pro hac vice*)
dknight@cooley.com
**COOLEY LLP**
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile:  (703) 456-8100

*Attorneys for Defendant and Counterclaimant COOLIT SYSTEMS, INC. and Defendants COOLIT SYSTEMS USA INC., COOLIT SYSTEMS ASIA PACIFIC LIMITED, COOLIT SYSTEMS (SHENZHEN) CO., LTD., CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.*

Kyle D. Chen (SBN 239501)
kchen@gtlaw.com
**GREENBERG TRAURIG, LLP**
1900 University, Avenue, 5th Floor
East Palo Alto, CA 94304
Telephone: (650) 289-7887
Facsimile:  (650) 328-8508

*Attorneys for Defendant and Counterclaimant COOLIT SYSTEMS, INC.*

Kenneth J. Dyer (SBN 191192)
KDyer@dickinsonwright.com
**DICKINSON WRIGHT RLLP**
800 West California Avenue, Suite 110
Sunnyvale, CA 94086
Telephone: (408) 701-6170
Facsimile:  (884) 670-6009

*Attorneys for Defendant and Counterclaimant COOLIT SYSTEMS, INC. and Defendants COOLIT SYSTEMS USA INC., COOLIT SYSTEMS ASIA PACIFIC LIMITED, COOLIT SYSTEMS (SHENZHEN) CO., LTD.*

**ATTESTATION**

Counsel for Asetek Danmark A/S hereby attests by his signature below that concurrence in the filing of this document was obtained from counsel for CoolIT Systems, Inc., CoolIT Systems USA Inc., CoolIT Systems Asia Pacific Limited, CoolIT Systems (Shenzhen) Co., Ltd., Corsair Gaming, Inc., and Corsair Memory, Inc.

Dated: October 8, 2021

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP

By: /s/ *Robert F. McCauley*
  Robert F. McCauley
  Attorneys for Plaintiff and Counterdefendant
  ASETEK DANMARK A/S