1  COOLEY LLP
   HEIDI L. KEEFE (SBN 178960)
2  (hkeefe@cooley.com)
   REUBEN H. CHEN (SBN 228725)
3  (rchen@cooley.com)
   DANIEL J. KNAUSS (SBN 267414)
4  (dknauss@cooley.com)
   LAM K. NGUYEN (SBN 265285)
5  (lnguyen@cooley.com)
   ALEXANDRA LEEPER (SBN 307310)
6  (aleeper@cooley.com)
   DEEPA KANNAPPAN (SBN 313573)
7  (dkannappan@cooley.com)
   3175 Hanover Street
8  Palo Alto, CA  94304-1130
   Telephone:    (650) 843-5000
9  Facsimile:    (650) 849-7400

   DUSTIN M. KNIGHT (*pro hac vice*)
   (dknight@cooley.com)
   11951 Freedom Drive, 16th Floor
   Reston, VA 20190
   Telephone: (703) 456-8000
   Facsimile: (703) 456-8100

   GREENBERG TRAURIG, LLP
   KYLE D. CHEN (239501)
   (kchen@gtlaw.com)
   1900 University Avenue
   East Palo Alto, CA 94303
   Telephone: (650) 289-7887
   Facsimile: (650) 328-8508

10 Attorneys for Defendants
   COOLIT SYSTEMS, INC., COOLIT
11 SYSTEMS USA INC., COOLIT SYSTEMS
   ASIA PACIFIC LIMITED, COOLIT
12 SYSTEMS (SHENZHEN) CO., LTD.

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16

17

18 ASETEK DANMARK A/S,                    Case No.  3:19-cv-00410-EMC

19               Plaintiff and            **ANSWER TO SECOND AMENDED**
                 Counter-defendant,       **COMPLAINT FOR PATENT**
                                          **INFRINGEMENT AND FOURTH**
20 ASETEK USA, INC.,                      **AMENDED COUNTERCLAIMS**

21               Counter-defendants,      **DEMAND FOR JURY TRIAL**

22      v.

23 COOLIT SYSTEMS, INC.,

24               Defendant and
                 Counter-claimant,
25
   COOLIT SYSTEMS USA INC., COOLIT
26 SYSTEMS ASIA PACIFIC LIMITED,
   COOLIT SYSTEMS (SHENZHEN) CO.,
27 LTD.,

28               Defendants,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

1

2  CORSAIR GAMING, INC., CORSAIR
   MEMORY, INC.,

3                              Defendants.

4

5          Defendants and Counter-claimants CoolIT Systems, Inc., CoolIT Systems USA Inc., CoolIT

6  Systems Asia Pacific Limited, and CoolIT Systems (Shenzhen) Co., Ltd. (collectively, "CoolIT")

7  hereby file their answer and affirmative defenses ("Answer") to the Second Amended Complaint filed

8  on March 2, 2021 ("SAC") by Plaintiff Asetek Danmark A/S ("Asetek").   Each of the paragraphs

9  below corresponds to the same numbered paragraph in the SAC.   CoolIT denies all allegations in the

10 SAC, whether express or implied, that are not specifically admitted below.   CoolIT further denies that

11 Asetek is entitled to the relief requested in the SAC, or to any other relief.

12                                **NATURE OF ACTION**

13         1.      CoolIT admits that the SAC purports to state claims for infringement of Asetek's U.S.

14 Patent Nos. 8,240,362 (the "'362 patent"); 10,078,354 (the "'354 patent"); 10,078,355 (the "'355

15 patent"); 10,613,601 (the "'601 patent"); and 10,599,196 (the "'196 patent") (collectively the "Asetek

16 Patents").   CoolIT denies the remaining allegations in paragraph 1.

17                                 **THE PARTIES**

18         2.      CoolIT lacks sufficient information to form a belief as to the truth of the allegations

19 recited in paragraph 2, and on that basis denies them.

20         3.      Admitted.

21         4.      Admitted.

22         5.      Admitted.

23         6.      CoolIT admits that CoolIT Systems (Shenzhen) Co., Ltd. is a corporation operating and

24 existing under the laws of China.   CoolIT denies the location of its principal place of business as

25 recited in paragraph 6.   CoolIT Systems (Shenzhen) Co., Ltd. is located at Building A2-701, Zihui

26 City of China Merchant Bureau, Guangming Technical Zone, Guangqiao Road, Guangming District,

27 Shenzhen City, Guangdong Province, China.

28         7.      Admitted.

1    8.    Admitted.

2    9.    CoolIT lacks sufficient information to form a belief as to the truth of the allegations

3    recited in paragraph 9, and on that basis denies them.

4    10.    CoolIT lacks sufficient information to form a belief as to the truth of the allegations

5    recited in paragraph 10, and on that basis denies them.

6    11.    CoolIT lacks sufficient information to form a belief as to the truth of the allegations

7    recited in paragraph 11, and on that basis denies them.

8    12.    CoolIT lacks sufficient information to form a belief as to the truth of the allegations

9    recited in paragraph 12, and on that basis denies them.

10                    **JURISDICTION AND VENUE**

11    13.    CoolIT admits that the SAC purports to bring an action for patent infringement under

12    the patent laws of the United States.  CoolIT denies any and all allegations of patent infringement

13    alleged in the SAC.  CoolIT also denies the legal sufficiency of Asetek's claims and allegations and

14    deny that Asetek has any viable claims as to CoolIT.  CoolIT admits that this Court has subject matter

15    jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16    14.    CoolIT Systems, Inc. admits that it has offered to sell, sold, and/or imported/shipped at

17    least one product accused of infringement in this action to Corsair Gaming, Inc. and/or Corsair

18    Memory, Inc. ("Corsair") in the United States and this judicial district. CoolIT denies that any of its

19    liquid cooling products that it has offered to sell, sold, and/or imported/shipped to Corsair, or to other

20    customers in the United States, infringe the Asetek Patents.  CoolIT denies that it infringes the Asetek

21    Patents.  CoolIT is unable to ascertain what Asetek means in its allegations by the phrase "worked as

22    a team and in concert" as recited in paragraph 14, and on that basis denies them.  CoolIT Systems, Inc.

23    admits that it has offered to sell, sold, and/or imported at least one product accused of infringement to

24    customers in the United States and this judicial district. CoolIT Systems, Inc. admits that at least some

25    of the products accused of infringement in this action are used in computers in California and in this

26    district.  All remaining allegations in this paragraph are denied.

27    15.    CoolIT lacks sufficient information to form a belief as to the truth of the allegations

28    recited in paragraph 15, and on that basis denies them.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

16.     CoolIT Systems, Inc. admits that it has entered into a product purchase agreement with Corsair (Hong Kong) Ltd. related to the purchase of certain components and subassemblies associated with CoolIT's liquid cooling technology.  All remaining allegations of this paragraph are denied.

17.     CoolIT Systems, Inc. admits that it has entered into the product purchase agreement described in paragraph 16.  CoolIT denies that it infringes the Asetek Patents.  CoolIT further denies that it has "worked together" with Corsair in the manner alleged in paragraph 17.  CoolIT denies that any of the products it promotes, sells, or imports in and into the United States infringe any of Asetek's Patents.  All remaining allegations of this paragraph are denied.

18.     CoolIT lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 18, and on that basis denies them.

19.     CoolIT denies that it infringes the Asetek Patents.  CoolIT Systems, Inc. admits that it has a website through which it promotes its liquid cooling products.  All remaining allegations of this paragraph are denied.

20.     CoolIT denies that it infringes the Asetek Patents.  CoolIT Systems, Inc. admits that it has a website through which it promotes its liquid cooling products.  All remaining allegations of this paragraph are denied.

21.     CoolIT denies that it infringes the Asetek Patents.  CoolIT is unable to ascertain what Asetek means in its allegations by the phrase "derive substantial revenue" recited in paragraph 21, and on that basis denies them.  CoolIT Systems, Inc. admits that at least some of its liquid cooling products are designed for use with personal computers.  CoolIT lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 21 with respect to Corsair's sales in California and this judicial district, and on that separate basis denies them.  All remaining allegations of this paragraph are denied.

22.     CoolIT Systems, Inc. admits that at least some of the products accused of infringement in this action are used in computers in California and in this district.  CoolIT lacks sufficient information to form a belief as to the truth of Asetek's allegations that any of the products accused of infringement in this action are used in datacenters in California and in this judicial district, and on that basis denies them.  CoolIT denies that its liquid cooling products infringe any of the Asetek Patents

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

1   and denies the remaining allegations in this paragraph.

2       23.     CoolIT lacks sufficient information to form a belief as to the truth of the allegations

3   recited in paragraph 23, and on that basis denies them.

4       24.     CoolIT lacks sufficient information to form a belief as to the truth of the allegations

5   recited in paragraph 24, and on that basis denies them.

6                           **FACTUAL BACKGROUND**

7       25.     CoolIT lacks sufficient information to form a belief as to the truth of the allegations

8   recited in paragraph 25, and on that basis denies them.

9       26.     CoolIT lacks sufficient information to form a belief as to the truth of the allegations

10  recited in paragraph 26, and on that basis denies them.

11      27.     CoolIT Systems, Inc. admits that it has sold at least one product that includes its E3 +

12  HV and/or Gemini pumps to Corsair in the United States.  All remaining allegations of this paragraph

13  are denied.

14      28.     CoolIT denies that it continues to offer for sale, sell, and/or ship to Corsair in the United

15  States products that include its E3 + HV and/or Gemini pumps.

16      29.     Denied.

17      30.     Denied.

18      31.     CoolIT lacks sufficient information to form a belief as to the truth of the allegations

19  recited in paragraph 31, and on that basis denies them.

20      32.     CoolIT denies that it has offered for sale to Corsair in the United States "components

21  and/or subassemblies for Corsair's iCUE RGB PRO XT line of products."

22      33.     Denied.

23      34.     CoolIT Systems, Inc. admits that it has sold, and/or shipped certain of its liquid cooling

24  technology to Corsair (Hong Kong) Ltd.  CoolIT Systems, Inc. admits that at least some of its liquid

25  cooling technology is used in at least one iCUE RGB PRO XT product.  CoolIT is unable to ascertain

26  what Asetek means in its allegations by the term "knowledge" as recited in paragraph 34, and on that

27  basis denies them.  CoolIT lacks sufficient information to form a belief as to the truth of the allegations

28  recited in paragraph 34 as to what the Corsair Defendants "planned," and on that basis denies them.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

35.     CoolIT lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 35, and on that basis denies them.

36.     CoolIT denies that it has offered for sale to Corsair in the United States "components and/or subassemblies for Corsair's iCUE ELIT CAPELLIX line of products."

37.     Denied.

38.     CoolIT Systems, Inc. admits that it has sold, and/or shipped certain of its liquid cooling technology to Corsair (Hong Kong) Ltd.  CoolIT Systems, Inc. admits that at least some of its liquid cooling technology is used in at least one iCUE ELITE CAPELLIX product.  CoolIT is unable to ascertain what Asetek means in its allegations by the term "knowledge" as recited in paragraph 38, and on that basis denies them.  CoolIT lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 38 as to what the Corsair Defendants "planned," and on that basis denies them

39.     CoolIT lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 39, and on that basis denies them.

40.     CoolIT Systems, Inc. admits that it has "offered for sale, sold, and/or installed" datacenter and/or server cooling loops that include CoolIT's E3 + HV pumps.  CoolIT admits that COOLIT0004391 identifies sales and installations of the same.  All remaining allegations of this paragraph are denied.

41.     Denied.

42.     CoolIT Systems, Inc. admits that its counsel advised the Court and Asetek's counsel that CoolIT Systems, Inc. developed a new pump design. CoolIT Systems, Inc. further admits that it expects the pump based on the new pump design to be ready for commercial sale soon in the United States.  CoolIT denies all remaining allegations in this paragraph.

43.     This paragraph contains allegations to which no response is required.  To the extent a response is required, CoolIT denies the allegations in this paragraph.

44.     CoolIT is unable to ascertain what Asetek means in its allegations by the underlined phrase in "each of the Accused Products having the E3 + HV, Gemini, and/or Marzen Pumps has the same fundamental pump unit structure and configuration," and on that basis denies them.  CoolIT

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

admits that "any differences between the products are irrelevant to the claims of the Patents-in-Suit and to CoolIT's infringement of the same."  CoolIT denies that these pumps, or any of its liquid cooling technology, infringe the Asetek Patents.  This paragraph also contains allegations to which no response is required.  To the extent a response is required, CoolIT denies the allegations in this paragraph. CoolIT further denies the remaining allegations in this paragraph.

45.    CoolIT admits that the '362 patent was previously at issue in Case No. 12-cv-04498-EMC, which was filed in 2012 and settled in June 2015.  CoolIT lacks sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 45, and on that basis denies them.

46.    CoolIT is unable to ascertain what Asetek means in its allegations by the term "periodically" and on that basis denies them.  CoolIT admits that it and/or its attorney(s) have checked at least one of Asetek's United States patent filings and/or issued patents since 2015.

47.    Based on present knowledge and information, denied.

48.    CoolIT admits that it was aware of the pendency of the underlying applications that matured into the '354 and '355 patents prior to Asetek filing suit against CoolIT Systems, Inc. in January 2019.  All remaining allegations are denied.

49.    CoolIT admits that it was aware of the pendency of the underlying application that matured into the '601 patent prior to Asetek filing suit against Corsair in September 17, 2020.  CoolIT denies that it was aware of the "'916 patent" prior to Asetek filing suit against Corsair in September 17, 2020.  All remaining allegations are denied.

50.    CoolIT lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 50, and on that basis denies them.

51.    CoolIT lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 51, and on that basis denies them.

52.    CoolIT admits that it received a letter from Asetek in July 2016.  CoolIT denies the remaining allegations in this paragraph.

53.    CoolIT currently lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 53, and on that basis denies them.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

1   54.   CoolIT lacks sufficient information to form a belief as to the truth of the allegations

2   recited in paragraph 54, and on that basis denies them.

3   <u>**COUNT I**</u>

4   <u>**Infringement of U.S. Patent No. 10,613,601**</u>

5   55.   CoolIT incorporates by reference its responses to paragraphs 13 through 54.

6   56.   CoolIT admits that Exhibit A attached to the SAC purports to be a copy of the '601

7   patent.  CoolIT lacks sufficient information to form a belief as to the truth of the remaining allegations

8   recited in paragraph 56, and on that basis denies them.

9   57.   Denied.

10   58.   Denied.

11   59.   Denied.

12   60.   Denied.

13   61.   Denied.

14   62.   Denied.

15   63.   Denied.

16   64.   Denied.

17   65.   Denied.

18   66.   Denied.

19   67.   Denied.

20   68.   Denied.

21   69.   Denied.

22   <u>**COUNT II**</u>

23   <u>**Infringement of U.S. Patent No. 10,599,196**</u>

24   70.   CoolIT incorporates by reference its responses to paragraphs 13 through 54.

25   71.   CoolIT admits that Exhibit B attached to the SAC purports to be a copy of the '196

26   patent.  CoolIT lacks sufficient information to form a belief as to the truth of the remaining allegations

27   recited in paragraph 71, and on that basis denies them.

28   72.   Denied.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

1    73.    Denied.

2    74.    Denied.

3    75.    Denied.

4    76.    Denied.

5    77.    Denied.

6    78.    Denied.

7    79.    Denied.

8    80.    Denied.

9    81.    Denied.

10    82.    Denied.

11    83.    Denied.

12    84.    Denied.

13                                    **COUNT III**

14                    **Infringement of U.S. Patent No. 10,078,354**

15    85.    CoolIT incorporates by reference its responses to paragraphs 13 through 54.

16    86.    CoolIT admits that Exhibit C attached to the SAC purports to be a copy of the '354

17    patent. CoolIT lacks sufficient information to form a belief as to the truth of the remaining allegations

18    recited in paragraph 86, and on that basis denies them.

19    87.    Denied.

20    88.    Denied.

21    89.    Denied.

22    90.    Denied.

23    91.    Denied.

24    92.    Denied.

25    93.    Denied.

26    94.    Denied.

27    95.    Denied.

28    96.    Denied.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

1    97.    Denied.

2    98.    Denied.

3    99.    Denied.

4    100.    Denied.

5    **COUNT IV**

6    **Infringement of U.S. Patent No. 10,078,355**

7    101.    CoolIT incorporates by reference its responses to paragraphs 13 through 54.

8    102.    CoolIT admits that Exhibit D attached to the SAC purports to be a copy of the '355

9    patent.  CoolIT lacks sufficient information to form a belief as to the truth of the remaining allegations

10    recited in paragraph 102, and on that basis denies them.

11    103.    Denied.

12    104.    Denied.

13    105.    Denied.

14    106.    Denied.

15    107.    Denied.

16    108.    Denied.

17    109.    Denied.

18    110.    Denied.

19    111.    Denied.

20    112.    Denied.

21    113.    Denied.

22    114.    Denied.

23    115.    Denied.

24    116.    Denied.

25    **COUNT V**

26    **Infringement of U.S. Patent No. 8,240,362**

27    117.    CoolIT incorporates by reference their responses to paragraphs 13 through 54.

28    118.    CoolIT admits that Exhibit E attached to the SAC purports to be a copy of the '362

Cooley LLP
Attorneys At Law
Palo Alto

9.

Answer to Second Am. Compl. and
4th Am. Counterclaims
Case No. 3:19-cv-00410-EMC

patent.  CoolIT lacks sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 118, and on that basis denies them.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

## ASETEK'S PRAYER FOR RELIEF

CoolIT incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.  CoolIT denies any and all allegations of patent infringement in the SAC.  CoolIT denies all allegations that Asetek is entitled to any relief requested in paragraphs "A-H" of the SAC's Prayer for Relief, or any other relief.

## ASETEK'S DEMAND BY JURY TRIAL

No response is required to this paragraph.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, CoolIT asserts the following defenses to the SAC and reserves its right to assert additional defenses.

**FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT**

1.      CoolIT does not infringe and has not infringed any valid claim of the '601, '196, '354, '355, or '362 patents.

**SECOND AFFIRMATIVE DEFENSE – INVALIDITY**

2.      One or more of the claims of the '601, '196, '354, '355, or '362 patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES**

3.      Asetek's claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288, and/or 28 U.S.C. § 1498.

**FOURTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL**

4.      Asetek's claims for damages are barred, in whole or in part, by the doctrine of equitable estoppel.

**FIFTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL**

5.      The relief sought by Asetek is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the Asetek Patents.

**SIXTH AFFIRMATIVE DEFENSE – IMPLIED LICENSE**

6.      The relief sought by Asetek is barred, in whole or in part, by the doctrine of implied license.

**SEVENTH AFFIRMATIVE DEFENSE – LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND INSUFFICIENT SERVICE OF PROCESS**

7.      On information and belief, there is lack of personal jurisdiction, improper venue, and/or insufficient service of process as to CoolIT Systems USA Inc., CoolIT Systems Asia Pacific Limited, and/or CoolIT Systems (Shenzhen) Co., Ltd.

**PRAYER FOR RELIEF**

WHEREFORE, CoolIT prays that this Court enter judgment:

A.      In favor of CoolIT, and against Asetek, thereby dismissing the SAC with prejudice,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

with Asetek taking nothing by the way of its claims;

       B.    That CoolIT has not infringed, and is not now infringing any valid claims of the '601 patent under any subsection of 35 U.S.C. § 271;

       C.    That all asserted claims of the '601 patent are invalid and/or unenforceable;

       D.    That CoolIT has not infringed, and is not now infringing any valid claims of the '196 patent under any subsection of 35 U.S.C. § 271;

       E.    That all asserted claims of the '196 patent are invalid and/or unenforceable;

       F.    That Defendants have not infringed, and are not now infringing any valid claims of the '354 patent under any subsection of 35 U.S.C. § 271;

       G.    That all asserted claims of the '354 patent are invalid and/or unenforceable;

       H.    That CoolIT has not infringed, and is not now infringing any valid claims of the '355 patent under any subsection of 35 U.S.C. § 271;

       I.    That all asserted claims of the '355 patent are invalid and/or unenforceable;

       J.    That CoolIT has not infringed, and is not now infringing any valid claims of the '362 patent under any subsection of 35 U.S.C. § 271;

       K.    That all asserted claims of the '362 patent are invalid and/or unenforceable;

       L.    That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Asetek to pay CoolIT's reasonable attorneys' fees incurred in this action.

       M.    That Asetek pay all costs incurred by CoolIT in this action; and

       N.    Awarding CoolIT all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants respectfully demand a trial by jury on all issues triable by jury.

## COOLIT'S FOURTH AMENDED COUNTERCLAIMS

Defendant and Counter-claimant CoolIT Systems, Inc. (hereafter "CoolIT") hereby alleges the following fourth amended counterclaims (the "Counterclaims") against Plaintiff and Counter-defendant Asetek Danmark A/S, as well as Counter-defendant Asetek USA, Inc. (collectively referred to as "Asetek" for purposes of the Counterclaims):

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

**PARTIES**

1.      Counter-claimant CoolIT is a corporation operating and existing under the laws of Canada with its principal place of business at 10 – 298 Sunridge Way NE, Calgary, Alberta, T1Y 7H9 Canada.

2.      Upon information and belief, Counter-defendant Asetek Danmark A/S is a corporation organized and existing under the laws of Denmark, and has a principal place of business at Assensvej 2, DK-9220 Aalborg East, Denmark.

3.      Upon information and belief, Counter-defendant Asetek USA, Inc. is a corporation organized and existing under the laws of the state of Delaware, and has a principal place of business at 5285 Hellyer Ave, San Jose, CA 95138-1081.

4.      Upon information and belief, Asetek USA, Inc. and Asetek Danmark A/S are wholly owned subsidiaries of the same corporate entities.

**JURISDICTION AND VENUE**

5.      This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

6.      This Court has jurisdiction over Asetek Danmark A/S because Asetek Danmark A/S has consented to personal jurisdiction in this Court by filing the Second Amended Complaint in this action.

7.      Venue is proper in this Court with respect to Asetek Danmark A/S because Asetek Danmark A/S filed the Second Amended Complaint in this action.

8.      This Court has personal jurisdiction over Asetek USA, Inc. because it has offered to sell, sold, and imported/shipped Accused Products (defined below) in the United States and in this judicial district, and because it continues to offer for sale, sell, and import/ship Accused Products in the United States and in this judicial district.  Upon information and belief, Asetek USA, Inc. has promoted, imported, offered for sale, and/or sold the Accused Products that are designed for use with personal computers and/or datacenters to customers in the United States, in California, and in this judicial district.

9.      Venue is proper in this Court with respect to Asetek USA, Inc. because its principal

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

place of business is maintained within the district.

## FACTUAL BACKGROUND

10.     CoolIT was founded in 2001.  CoolIT's first products delivered superior performance for high-end workstations and gaming computers.  CoolIT has since expanded its technology to support large scale data centers.  CoolIT is the leading liquid cooling solution provider for HPC, Cloud and Enterprise markets worldwide.  CoolIT's patented Direct Contact Liquid Cooling technology provides exceptional performance to support large scale data center installations.

11.     CoolIT is the owner by assignment of all right, title, and interest in U.S. Patent Nos. 8,746,330 (the "'330 patent"), 9,603,284 (the "'284 patent"), 9,057,567 (the "'567 patent"), and 10,274,266 (the "'266 patent") (collectively the "CoolIT Patents").

12.     Upon information and belief, Asetek manufactures, has manufactured, imports, offers to sell, and sells at least the Asetek 510LC, 545LC, 550LC, 570LC, 570LX, 570XLF, 591LX, 550QC, 740QC, 740GN, Corsair Hydro Series H55, Corsair Hydro Series H70, Corsair Hydro Series H90, Corsair Hydro Series H110, Corsair Hydro Series H80i, Corsair Hydro Series H100i Pro, Intel BXRTS2011LC, NZXT Kraken X40, , NZXT Kraken X53, NZXT Kraken X60, Thermaltake Water 2.0 Performer, Thermaltake Water 2.0 Pro, Thermaltake Water 2.0 Extreme, Zalman CNPS20LQ, Zalman LQ – 310 Water, Zalman LQ – 315 Water, Zalman LQ – 320 Water cooling products, as well as products produced for the HP Workstation Z400, Z800, Z420, and Z820, Dell Alienware, and Asus liquid cooling products, that infringe the CoolIT Patents as detailed below.

13.     Upon information and belief, the above-named products all incorporate technology that Asetek refers to as its Gen 4, Gen 5, Gen 6, or Gen 7.  Upon information and belief, all Gen 4, Gen 5, Gen 6, and Gen 7 products infringe the CoolIT Patents in the same or similar manner as the representative H55 product referred to in Counts I-IV below.  Upon information and belief, any differences between the Gen 4, Gen5, Gen 6, and Gen 7 products and differences within any "generation" of Asetek products, are immaterial to those products' infringement of the CoolIT Patents.  Asetek products incorporating its Gen 4, Gen 5, Gen 6, and Gen 7 technologies are referred to collectively as the "Asetek Accused Products."

## COUNT I

Cooley LLP
Attorneys At Law
Palo Alto

14.

Answer to Second Am. Compl. and
4th Am. Counterclaims
Case No. 3:19-cv-00410-EMC

## ASETEK'S INFRINGEMENT OF U.S. PATENT NO. 8,746,330

14.     CoolIT incorporates by reference and re-alleges all foregoing paragraphs of the Counterclaims as if fully set forth herein.

15.     CoolIT is the owner by assignment of the '330 patent, entitled "Fluid Heat Exchanger Configured to Provide a Split Flow" including the exclusive right to bring suit to enforce the patent and the exclusive right to obtain relief for infringement. The '330 patent was duly and legally issued by the U.S. Patent and Trademark Office on June 10, 2014.

16.     A true and correct copy of the '330 patent is attached hereto as Exhibit VI.

17.     The '330 patent is valid and enforceable under the United States Patent Laws.

18.     The '330 patent was previously asserted against Asetek's parent company, Asetek Holdings Inc. in *CoolIT Systems Inc. v. Asetek Holdings Inc.*, Case No. 1:14-cv-00725-RGA in the United States District Court for the District of Delaware.  Asetek Holdings Inc.'s knowledge of the '330 patent can be imputed to Asetek by virtue of their corporate relationship.  Thus, Asetek has had knowledge of the '330 patent since at least the date it executed a waiver of service in that case on July 15, 2014.

19.     Asetek has infringed and is continuing to infringe the '330 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States the Asetek Accused Products that practice the '330 patent in violation of 35 U.S.C. §271(a), including without limitation its H55 product.

20.     Asetek's infringement of the '330 patent has caused and will continue to cause damage to CoolIT for which CoolIT is entitled to recovery under 35 U.S.C. § 284.

21.     As set forth below, Asetek infringes the '330 patent.  The following description is exemplary and illustrative of Asetek's infringement based on publicly available information.  CoolIT expects to further develop the evidence of Asetek's infringement after obtaining discovery from Asetek in the course of this action.

22.     The Asetek Accused Products infringe at least claim 1 of the '330 patent.  For example, Asetek's H55 product infringes at least claim 1 of the '330 patent.

23.     The Asetek Accused Products are *fluid heat exchangers*.  For example, as shown below,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

15.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

Asetek's H55 product is a fluid heat exchanger apparatus.



24.     Upon information and belief, the Asetek Accused Products include *a plurality of fins extending from respective proximal ends positioned adjacent the upper surface of the heat spreader plate to respective distal ends positioned distally from the upper surface of the heat transfer plate, wherein the plurality of fins defines  a corresponding plurality of microchannels configured to direct a heat transfer fluid over the heat spreader plate, wherein each microchannel in the plurality of microchannels has a first end and an opposite end, wherein each microchannel in the plurality of microchannels extends substantially parallel with each other microchannel in the plurality of microchannels and has   a continuous channel flow path between its respective first end and its respective opposite end*.  For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language.  Upon information and belief, the Asetek H55 product has the claimed plurality of fins extending from respective proximal ends  positioned adjacent the upper surface of the heat spreader plate to respective distal ends positioned distally from the upper surface

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

16.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

of the heat transfer plate.  These fins direct a heat transfer fluid over the heat spreader plate in the manner described in claim 1.



25.     Upon information and belief, the Asetek Accused Products include *a plate positioned over the distal ends of the plurality of fins and the corresponding plurality of microchannels to close off the plurality of microchannels adjacent the distal ends of the plurality of fins, wherein the plate positioned over the plurality of distal fin ends defines an elongate fluid inlet opening overlying and extending transversely relative to the plurality of microchannels between the plurality of microchannel first ends and opposite ends, wherein the plate is so positioned over the plurality of fins as to define a first fluid outlet opening from each microchannel in the plurality of microchannels at each of the microchannel first ends and an opposite fluid outlet opening from each microchannel in the plurality of microchannels at each of the microchannel opposite ends*.  For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language.  Upon information and belief, the Asetek H55 product has a plate positioned over the distal ends of the plurality of fins.  Upon information and belief, this plate closes off the plurality of microchannels adjacent to the distal ends of the plurality of fins to define the fluid inlet and outlet openings as described in claim 1.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

17.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-cv-00410-EMC

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21

26.     Upon information and belief, the Asetek Accused Products include *a housing spaced from the plate positioned over the plurality of distal fin ends, wherein the housing defines an inlet and an outlet, wherein the inlet defined by the housing opens to an inlet header and at least the first fluid outlet opening from each microchannel in the plurality of microchannels opens to an outlet header, wherein the outlet defined by the housing opens from the outlet header.*  For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language.  Upon information and belief, the Asetek H55 product has a housing spaced from the plate that defines an inlet and an outlet as described in claim 1.

22
23
24
25
26
27
28

Cooley LLP
Attorneys At Law
Palo Alto

18.

Answer to Second Am. Compl. and
4th Am. Counterclaims
Case No. 3:19-cv-00410-EMC



27.     Upon information and belief, the Asetek Accused Products include *a seal extending between the housing and the plate positioned over the plurality of distal fin ends, wherein the elongate fluid inlet opening defined by the plate extends between a proximal end and a distal end, wherein a region of the inlet header is positioned adjacent a first side of the fins and a region of the outlet header is positioned adjacent the second side of the fins, and  wherein the fins, the plate, the housing, and the seal are arranged such that the heat transfer fluid is directed from the inlet opening to the inlet header, through the elongate fluid inlet opening defined by the plate and into the microchannels, from the microchannels to the outlet header, and from the outlet header to the outlet defined by the housing*. For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language.  Upon information and belief, the Asetek H55 product has a seal that extends between the housing and the plate.  The plate, housing, and seal in the Asetek H55 product are arranged such that the heat transfer fluid is directed from the inlet opening to the inlet header, through the elongate fluid inlet opening defined by the plate and into the microchannels, from the microchannels to the outlet header, and from the outlet header to the outlet defined by the housing.

Cooley LLP
Attorneys At Law
Palo Alto

19.

Answer to Second Am. Compl. and
4th Am. Counterclaims
Case No. 3:19-cv-00410-EMC



28.     Upon information and belief, Asetek has induced and continues to induce infringement of at least claim 1 of the '330 patent by others, including its customers, in violation of 35 U.S.C. § 271(b).  Asetek has had actual knowledge of the '330 patent as discussed above.  Upon information and belief, Asetek has taken affirmative steps to teach and encourage others, including its customers, how to directly infringe the '330 patent.  For example, upon information and belief, Asetek has provided training, guidance, instructions, and transfer of know-how in the form of presentations, manuals, guides, training sessions, collaborations, and partnerships to others, including its customers, on how to use the Asetek Accused Products or incorporate the same technology into their own products.  Asetek has provided this information knowing that it infringes the '330 patent or being willfully blind to its infringement.

29.     Upon information and belief, Asetek has contributed to and continues to contribute to the direct infringement of at least claim 1 of the '330 patent by others, including its customers, in violation of 35 U.S.C. § 271(c).  Upon information and belief, Asetek supplies material components of the Asetek Accused Products to others, including its customers.  Upon information and belief, Asetek provides instructions to others, including its customers, on how to incorporate material components provided by Asetek into the Asetek Accused Products in infringing the '330 patent.  Upon

Cooley LLP
Attorneys At Law
Palo Alto

20.

Answer to Second Am. Compl. and
4th Am. Counterclaims
Case No. 3:19-cv-00410-EMC

information and belief, Asetek provides these material components knowing, or being willfully blind to the fact, that they are especially made and/or adapted for use in infringing the '330 patent and that the material components provided by Asetek to others, including its customers, are not a staple article or commodity of commerce and are not suitable for substantial noninfringing use.

30.     Upon information and belief, Asetek's infringement of the '330 patent has been willful with full knowledge of the patent and/or willfully blind to the risk of infringement.

31.     Asetek's infringement has caused and continues to cause irreparable harm to CoolIT. CoolIT is entitled to relief as a result of Asetek's infringement, including without limitation monetary damages no less than a reasonable royalty.

## COUNT II

## ASETEK'S INFRINGEMENT OF U.S. PATENT NO. 9,603,284

32.     CoolIT incorporates by reference and re-alleges all foregoing paragraphs of the Counterclaims as if fully set forth herein.

33.     CoolIT is the owner by assignment of the '284 patent, entitled "Fluid Heat Exchanger Configured to Provide a Split Flow" including the exclusive right to bring suit to enforce the patent and the exclusive right to obtain relief for infringement.  The '284 patent was duly and legally issued by the U.S. Patent and Trademark Office on March 21, 2017.

34.     A true and correct copy of the '284 patent is attached hereto as Exhibit VII.

35.     The '284 patent is valid and enforceable under the United States Patent Laws.

36.     Asetek has had actual knowledge of the '284 patent since at least the filing of the Counterclaims.  Upon information and belief, Asetek has had actual knowledge of the '284 patent at least since it issued as Asetek regularly monitors CoolIT's patent filings.

37.     Asetek has infringed and is continuing to infringe the '284 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States the Asetek Accused Products that practice the '284 patent in violation of 35 U.S.C. §271(a), including without limitation its H55 product.

38.     Asetek's infringement of the '284 patent has caused and will continue to cause damage to CoolIT for which CoolIT is entitled to recovery under 35 U.S.C. § 284.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

21.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

39.     As set forth below, Asetek infringes the '284 patent.  The following description is exemplary and illustrative of Asetek's infringement based on publicly available information.  CoolIT expects to further develop the evidence of Asetek's infringement after obtaining discovery from Asetek in the course of this action.

40.     The Asetek Accused Products infringe at least claim 1 of the '284 patent.  For example, Asetek's H55 product infringes at least claim 1 of the '284 patent.

41.     The Asetek Accused Products are *fluid heat exchangers for cooling an electronic device*.  For example, as shown below, Asetek's H55 product is a fluid heat exchanger apparatus for cooling an electronic device.



42.     Upon information and belief, the Asetek Accused Products include *a plurality of spaced-apart walls defining a corresponding plurality of microchannels having respective first ends and second ends*.  For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language.  Upon information and belief, the Asetek H55 product has a plurality of spaced-apart walls defining a corresponding plurality of microchannels as described in

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

22.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

claim 1.



43.     Upon information and belief, the Asetek Accused Products include *an elongate inlet opening in fluid communication with each of the microchannels, wherein an inlet flow path to each respective microchannel is positioned between the respective first ends and second ends*. For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language. Upon information and belief, the Asetek H55 product has an elongate inlet opening in fluid communication with each of the microchannels as described in claim 1.



44.     Upon information and belief, the Asetek Accused Products include *an outlet opening in fluid communication with each of the microchannel first ends, wherein a corresponding outlet flow*

Cooley LLP
Attorneys At Law
Palo Alto

23.

Answer to Second Am. Compl. and
4th Am. Counterclaims
Case No. 3:19-cv-00410-EMC

*path from each of the microchannel first ends is positioned laterally outward of the plate relative to the inlet flow path to the respective microchannel, wherein the plurality of spaced-apart walls comprises a first outermost wall and a second outermost wall spaced apart from and opposite the first outermost wall relative to the plurality of microchannels, wherein the outlet flow path from a centrally positioned microchannel first end positioned between the first outermost wall and the second outermost wall is larger than the outlet flow path from another microchannel first end positioned adjacent the first outermost wall, the second outermost wall, or both.* For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language. Upon information and belief, the Asetek H55 product has an outlet opening in fluid communication with each of the microchannel first ends. Upon information and belief, the outlet flow path from a centrally positioned microchannel first end positioned between the first outermost wall and the second outermost wall is larger than the outlet flow path from another microchannel first end positioned adjacent the first outermost wall, the second outermost wall, or both as described in claim 1.



45.     Upon information and belief, the Asetek Accused Products include *a housing positioned over and spaced apart from the plate, wherein the housing has an inlet port and an outlet port spaced apart from each other, wherein the inlet port is in fluid communication with each respective inlet flow path and the outlet port is in fluid communication with each respective outlet flow*

Cooley LLP
Attorneys At Law
Palo Alto

24.

Answer to Second Am. Compl. and
4th Am. Counterclaims
Case No. 3:19-cv-00410-EMC

*path from the microchannel first ends*.  For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language.  Upon information and belief, the Asetek H55 product has a housing positioned over and spaced apart from the plate as described in claim 1.



46.     Upon information and belief, the Asetek Accused Products include *a seal extending between the housing and the plate and separating the inlet flow path to each of the microchannels from the outlet flow path from each of the microchannel first ends, wherein each respective inlet flow path is split generally into two subflow paths, wherein one of the subflow paths extends outwardly toward the corresponding microchannel first end and passes outwardly of the plate along the outlet flow path from the respective microchannel first end*.  For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language.  Upon information and belief, the Asetek H55 product has a seal extending between the housing and the plate separating the inlet flow path to each of the microchannels from the outlet flow path from each of the microchannel first ends as described in claim 1.

Cooley LLP
Attorneys At Law
Palo Alto

25.

Answer to Second Am. Compl. and
4th Am. Counterclaims
Case No. 3:19-cv-00410-EMC



47.     Upon information and belief, Asetek has induced and continues to induce infringement of at least claim 1 of the '284 patent by others, including its customers, in violation of 35 U.S.C. § 271(b).  Asetek has had actual knowledge of the '284 patent as discussed above.  Upon information and belief, Asetek has taken affirmative steps to teach and encourage others, including its customers, how to directly infringe the '284 patent.  For example, upon information and belief, Asetek has provided training, guidance, instructions, and transfer of know-how in the form of presentations, manuals, guides, training sessions, collaborations, and partnerships to others, including its customers, on how to use the Asetek Accused Products or incorporate the same technology into their own products.  Asetek has provided this information knowing that it infringes the '284 patent or being willfully blind to its infringement.

48.     Upon information and belief, Asetek has contributed to and continues to contribute to the direct infringement of at least claim 1 of the '284 patent by others, including its customers, in violation of 35 U.S.C. § 271(c).  Upon information and belief, Asetek supplies material components of the Asetek Accused Products to others, including its customers.  Upon information and belief, Asetek provides instructions to others, including its customers, on how to incorporate material components provided by Asetek into the Asetek Accused Products in infringing the '284 patent.  Upon information and belief, Asetek provides these material components knowing, or being willfully blind

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

26.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-cv-00410-EMC

to the fact, that they are especially made and/or adapted for use in infringing the '284 patent and that the material components provided by Asetek to others, including its customers, are not a staple article or commodity of commerce and are not suitable for substantial noninfringing use.

49.     Upon information and belief, Asetek's infringement of the '284 patent has been willful with full knowledge of the patent and/or willfully blind to the risk of infringement.

50.     Asetek's infringement has caused and continues to cause irreparable harm to CoolIT. CoolIT is entitled to relief as a result of Asetek's infringement, including without limitation monetary damages no less than a reasonable royalty.

## COUNT III

## ASETEK'S INFRINGEMENT OF U.S. PATENT NO. 9,057,567

51.     CoolIT incorporates by reference and re-alleges all foregoing paragraphs of the Counterclaims as if fully set forth herein.

52.     CoolIT is the owner by assignment of the '567 patent, entitled "Fluid Heat Exchange Systems" including the exclusive right to bring suit to enforce the patent and the exclusive right to obtain relief for infringement.  The '567 patent was duly and legally issued by the U.S. Patent and Trademark Office on June 16, 2015.

53.     A true and correct copy of the '567 patent is attached hereto as Exhibit VIII.

54.     The '567 patent is valid and enforceable under the United States Patent Laws.

55.     Asetek has had actual knowledge of the '567 patent since at least the filing of the Counterclaims.  Upon information and belief, Asetek has had actual knowledge of the '567 patent at least since it issued as Asetek regularly monitors CoolIT's patent filings.

56.     Asetek has infringed and is continuing to infringe the '567 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States the Asetek Accused Products that practice the '567 patent in violation of 35 U.S.C. §271(a), including without limitation its H55 product.

57.     Asetek's infringement of the '567 patent has caused and will continue to cause damage to CoolIT for which CoolIT is entitled to recovery under 35 U.S.C. § 284.

58.     As set forth below, Asetek infringes the '567 patent.  The following description is

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

27.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

exemplary and illustrative of Asetek's infringement based on publicly available information.  CoolIT expects to further develop the evidence of Asetek's infringement after obtaining discovery from Asetek in the course of this action.

59.    The Asetek Accused Products infringe at least claim 1 of the '567 patent.  For example, Asetek's H55 product infringes at least claim 1 of the '567 patent.

60.    The Asetek Accused products are *heat exchange systems.*  For example, as shown below, Asetek's H55 product is a heat exchange system.



61.    Upon information and belief, the Asetek Accused Products include *a heat sink having a plurality of juxtaposed fins defining a corresponding plurality of microchannels between adjacent fins, wherein the heat sink defines a recessed groove extending transversely relative to the fins.*  For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language.  Upon information and belief, the Asetek H55 product has a heat sink having a plurality of juxtaposed fins defining a corresponding plurality of microchannels between adjacent fins as described in claim 1.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

28.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

1
2
3
4
5
6
7
8



9   62.   Upon information and belief, the Asetek Accused Products include *a housing member*

10  *defining a first side and a second side, wherein the second side defines a recessed region.*   For

11  example, as shown below, the Asetek H55 product meets each and every limitation of the above claim

12  language.  Upon information and belief, the Asetek H55 product has a housing member defining a fist

13  side and a second side as described in claim 1.

14

15
16
17
18
19
20  
21
22
23
24
25

26

27  63.   Upon information and belief, the Asetek Accused Products include *a compliant*

28  *member matingly engaged with the second side of the housing member, wherein the compliant member*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

29.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

*at least partially defines an opening positioned over the groove, wherein the compliant member and the groove together define a portion of an inlet manifold configured to hydraulically couple in parallel each of the microchannels to at least one other of the microchannels, and wherein the housing member further defines a portion of an inlet plenum, wherein the inlet plenum and the inlet manifold are together configured to convey a fluid in a direction generally transverse to the fins and thereby to distribute the fluid among the plurality of microchannels and to convey the fluid into the plurality of microchannels in a direction generally parallel to the fins, wherein a portion of the compliant member occupies a portion of the recessed region defined by the second side of the housing member and urges against a corresponding wall of the recessed region while leaving a portion of the recessed region defined by the second side of the housing member unoccupied to define first and second exhaust manifold regions positioned opposite to each other relative to the recessed groove and opening from end regions of the microchannels.* For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language. Upon information and belief, the Asetek H55 product has a compliant member matingly engaged with the second side of the housing member as described in claim 1.



COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

30.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

64.     Upon information and belief, Asetek has induced and continues to induce infringement of at least claim 1 of the '567 patent by others, including its customers, in violation of 35 U.S.C. § 271(b).  Asetek has had actual knowledge of the '567 patent as discussed above.  Upon information and belief, Asetek has taken affirmative steps to teach and encourage others, including its customers, how to directly infringe the '567 patent.  For example, upon information and belief, Asetek has provided training, guidance, instructions, and transfer of know-how in the form of presentations, manuals, guides, training sessions, collaborations, and partnerships to others, including its customers, on how to use the Asetek Accused Products or incorporate the same technology into their own products.  Asetek has provided this information knowing that it infringes the '567 patent or being willfully blind to its infringement.

65.     Upon information and belief, Asetek has contributed to and continues to contribute to the direct infringement of at least claim 1 of the '567 patent by others, including its customers, in violation of 35 U.S.C. § 271(c).  Upon information and belief, Asetek supplies material components of the Asetek Accused Products to others, including its customers.  Upon information and belief, Asetek provides instructions to others, including its customers, on how to incorporate material components provided by Asetek into the Asetek Accused Products in infringing the '567 patent.  Upon information and belief, Asetek provides these material components knowing, or being willfully blind to the fact, that they are especially made and/or adapted for use in infringing the '567 patent and that the material components provided by Asetek to others, including its customers, are not a staple article or commodity of commerce and are not suitable for substantial noninfringing use.

66.     Upon information and belief, Asetek's infringement of the '567 patent has been willful with full knowledge of the patent and/or willfully blind to the risk of infringement.

67.     Asetek's infringement has caused and continues to cause irreparable harm to CoolIT.  CoolIT is entitled to relief as a result of Asetek's infringement, including without limitation monetary damages no less than a reasonable royalty.

## **COUNT IV**

### **ASETEK'S INFRINGEMENT OF U.S. PATENT NO. 10,274,266**

68.     CoolIT incorporates by reference and re-alleges all foregoing paragraphs of the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

31.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

1   Counterclaims as if fully set forth herein.

2        69.    CoolIT is the owner by assignment of the '266 patent, entitled "Fluid Heat Exchange

3   Systems" including the exclusive right to bring suit to enforce the patent and the exclusive right to

4   obtain relief for infringement.  The '266 patent was duly and legally issued by the U.S. Patent and

5   Trademark Office on April 30, 2019.  On May 17, 2019 the U.S. Patent and Trademark Office

6   approved CoolIT's request for a certificate of correction to correct a typographical error in the '266

7   patent.  Upon information and belief, the certificate of correction will issue in due course.

8        70.    A true and correct copy of the '266 patent is attached hereto as Exhibit IX.

9        71.    The '266 patent is valid and enforceable under the United States Patent Laws.

10        72.    Asetek has had actual knowledge of the '266 patent since at least the filing of the

11   Counterclaims.  Upon information and belief, Asetek has had actual knowledge of the '266 patent at

12   least since it issued as Asetek regularly monitors CoolIT's patent filings.

13        73.    Asetek has infringed and is continuing to infringe the '266 patent by making, using,

14   selling, and/or offering to sell in the United States, or importing into the United States the Asetek

15   Accused Products that practice the '266 patent in violation of 35 U.S.C. §271(a), including without

16   limitation its H55 product.

17        74.    Asetek's infringement of the '266 patent has caused and will continue to cause damage

18   to CoolIT for which CoolIT is entitled to recovery under 35 U.S.C. § 284.

19        75.    As set forth below, Asetek infringes the '266 patent.  The following description is

20   exemplary and illustrative of Asetek's infringement based on publicly available information.  CoolIT

21   expects to further develop the evidence of Asetek's infringement after obtaining discovery from

22   Asetek in the course of this action.

23        76.    The Asetek Accused Products infringe at least claim 13 of the '266 patent.  For

24   example, Asetek's H55 product infringes at least claim 13 of the '266 patent.

25        77.    The Asetek Accused products are *fluid heat exchangers*.  For example, as shown below,

26   Asetek's H55 product is a fluid heat exchanger.

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

32.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC



78.     Upon information and belief, the Asetek Accused Products include *a plurality of walls defining a corresponding plurality of microchannels, wherein each microchannel extends from a first end to a second end.*   For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language.   Upon information and belief, the Asetek H55 product has a heat sink having a plurality of walls defining a corresponding plurality of microchannels, wherein each microchannel extends from a first end to a second end as described in claim 13.



Cooley LLP
Attorneys At Law
Palo Alto

33.

Answer to Second Am. Compl. and
4th Am. Counterclaims
Case No. 3:19-cv-00410-EMC

79.     Upon information and belief, the Asetek Accused Products include *a plate overlying the walls; and a seal, wherein the seal is a portion of the plate; a fluid inlet passage configured to deliver a heat-exchange fluid through one aperture in the plate to each microchannel at a position between the corresponding first end and the corresponding second end of the respective microchannel; a fluid outlet passage configured to receive the heat-exchange fluid from the first end and the second end of each microchannel, wherein the fluid outlet passage has a first outlet region positioned adjacent the microchannel first ends and a second outlet region positioned adjacent the microchannel second ends, wherein the seal separates the fluid inlet passage from the fluid outlet passage; wherein a flow of the heat-exchange fluid through the one aperture in the plate bifurcates into two sub flows within each microchannel, wherein the first outlet region receives one of the two sub flows adjacent the microchannel first ends and the second outlet region receives the other of the two sub flows adjacent the microchannel second ends, wherein the two sub flows recombine in the outlet passage.*   For example, as shown below, the Asetek H55 product meets each and every limitation of the above claim language.   Upon information and belief, the Asetek H55 product has a plate overlying the walls as described in claim 13.



COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO



80. Upon information and belief, Asetek has induced and continues to induce infringement of at least claim 13 of the '266 patent by others, including its customers, in violation of 35 U.S.C. § 271(b). Asetek has had actual knowledge of the '266 patent as discussed above. Upon information and belief, Asetek has taken affirmative steps to teach and encourage others, including its customers, how to directly infringe the '266 patent. For example, upon information and belief, Asetek has provided training, guidance, instructions, and transfer of know-how in the form of presentations, manuals, guides, training sessions, collaborations, and partnerships to others, including its customers, on how to use the Asetek Accused Products or incorporate the same technology into their own products. Asetek has provided this information knowing that it infringes the '266 patent or being willfully blind to its infringement.

81. Upon information and belief, Asetek has contributed to and continues to contribute to the direct infringement of at least claim 13 of the '266 patent by others, including its customers, in violation of 35 U.S.C. § 271(c). Upon information and belief, Asetek supplies material components of the Asetek Accused Products to others, including its customers. Upon information and belief, Asetek provides instructions to others, including its customers, on how to incorporate material components provided by Asetek into the Asetek Accused Products in infringing the '266 patent. Upon

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

information and belief, Asetek provides these material components knowing, or being willfully blind to the fact, that they are especially made and/or adapted for use in infringing the '266 patent and that the material components provided by Asetek to others, including its customers, are not a staple article or commodity of commerce and are not suitable for substantial noninfringing use.

82. Upon information and belief, Asetek's infringement of the '266 patent has been willful with full knowledge of the patent and/or willfully blind to the risk of infringement.

83. Asetek's infringement has caused and continues to cause irreparable harm to CoolIT. CoolIT is entitled to relief as a result of Asetek's infringement, including without limitation monetary damages no less than a reasonable royalty.

### PRAYER FOR RELIEF

WHEREFORE, CoolIT prays that this Court enter judgment:

A. That Judgement be entered that Asetek has infringed each of the CoolIT Patents under 35 U.S.C. § 271;

B. An award of monetary damages sufficient to compensate CoolIT for Asetek's infringement under 35 U.S.C. § 284;

C. A trebling of damages under 35 U.S.C. § 284 for Asetek's willful infringement;

D. An order enjoining Asetek, its officers, directors, employees, and any and all other persons or entities acting in concert with or on the direction of Asetek, its officers, directors, and/or employees from continuing to infringe CoolIT's patents;

E. Costs and expenses incurred by CoolIT in this action;

F. An award of prejudgment and post-judgment interest;

G. A finding that this case is exceptional under 35 U.S.C. § 285 and awarding CoolIT its attorneys' fees; and

H. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CoolIT respectfully demands a trial by jury on all issues triable by jury.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

36.

ANSWER TO SECOND AM. COMPL. AND
4TH AM. COUNTERCLAIMS
CASE NO. 3:19-CV-00410-EMC

1    Dated:  October 22, 2021                 /s/ Reuben H. Chen

2                                              HEIDI L. KEEFE (178960)
                                               (hkeefe@cooley.com)
3                                              REUBEN H. CHEN (228725)
                                               (rchen@cooley.com)
4                                              DANIEL J. KNAUSS (267414)
                                               (dknauss@cooley.com)
5                                              LAM K. NGUYEN (265285)
                                               (lnguyen@cooley.com)
6                                              ALEXANDRA LEEPER (307310)
                                               (aleeper@cooley.com)
7                                              DEEPA KANNAPPAN (313573)
                                               (dkannappan@cooley.com)
8                                              3175 Hanover Street
                                               Palo Alto, CA  94304-1130
9                                              Telephone:    (650) 843-5000
                                               Facsimile:     (650) 849-7400
10
                                               DUSTIN M. KNIGHT (*pro hac vice*)
11                                             (dknight@cooley.com)
                                               11951 Freedom Drive, 16th Floor
12                                             Reston, VA 20190
                                               Telephone: (703) 456-8000
13                                             Facsimile: (703) 456-8100

14                                             GREENBERG TRAURIG, LLP
                                               KYLE D. CHEN (239501)
15                                             (kchen@gtlaw.com)
                                               1900 University Avenue
16                                             East Palo Alto, CA 94303
                                               Telephone: (650) 289-7887
17                                             Facsimile: (650) 328-8508

18                                             *Attorneys for Defendants CoolIT Systems, Inc.
                                               CoolIT Systems USA Inc., CoolIT Systems Asia
19                                             Pacific Limited, and CoolIT Systems (Shenzhen)
                                               Co., Ltd.*

20

21

22

23

24

25

26

27

28