UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>Plaintiff,<br><br>v.<br><br>COOLIT SYSTEMS, INC., et al.,<br><br>Defendants. | Case No. 19-cv-00410-EMC (LB)<br><br>**ORDER DENYING COOLIT'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: ECF No. 272 |

# INTRODUCTION

Plaintiff Asetek Danmark A/S has patents that relate to "liquid cooling systems and methods for cooling heat-generating electronic components" and claimed that defendant CoolIT makes liquid-cooling products that infringe the patents. CoolIT counterclaimed, accusing Asetek of infringing CoolIT's patents relating to the same components.[1] CoolIT moved for leave to amend its infringement contentions to add seventy-eight products identified by a product number (known as a stock-keeping unit (SKU)).[2] The parties dispute whether the SKUs relate to products that are already identified in the infringement contentions: CoolIT says that they relate to accused products, and Asetek says that they do not. The reason for the disagreement is that Asetek

---

[1] Order – ECF No. 184. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 272.

ORDER – No. 19-cv-00410-EMC (LB)

identified SKUs (including the disputed seventy-eight SKUs) in its response to Interrogatory No. 1 in August 2019 as related to the accused products, and it produced financial information about them. But in July 2021, when it provided updated financial information, it did not produce financial information for thirty-nine of the earlier-identified SKUs on the ground that the omitted SKUs in fact were not related to the accused products. It then produced a shorter list of SKUs that omitted seventy-eight SKUs from the earlier list, again on the ground that they were not related to the accused products. CoolIT thus wants to add the seventy-eight omitted SKUs to its infringement contentions.

At this juncture, CoolIT cannot add new products to its list of accused products. It can amend its contentions to add SKUs for products already identified in its infringement contentions. As discussed below, however, the SKUs apparently do not relate to accused products.

**STATEMENT**

In its July 2019 infringement contentions, CoolIT identified the products accused of infringement as Asetek's Gen 4, Gen 5, and Gen 6 products. It identified (1) a product that represented each family, (2) fifty-four products, by make and model, that were Asetek products, and (3) eleven third-party products that incorporated accused Asetek products.[3] CoolIT "expect[ed] discovery to show that Asetek has many other products that are either a part of these families or function in the same way with respect to infringement of the Asserted Claims."[4] To clarify the scope of the alleged infringement, CoolIT issued an interrogatory that asked Asetek to identify by make and model each product accused of infringement in CoolIT's counterclaims.[5] On August 8, 2019, Asetek identified two hundred SKUs, each paired to an accused infringing product.[6]

---

[3] CoolIT's Infringement Contentions – ECF No. 272-4 at 3–4.

[4] *Id.* at 4.

[5] Mot. – ECF No. 272 at 7.

[6] Objs. & Resps. to CoolIT's First Set of Interrogs. – ECF No. 271-12 at 5–9.

ORDER – No. 19-cv-00410-EMC (LB)    2

1   According to Asetek, this list may have been overinclusive for this litigation because some of the

2   products either lack a split-flow cold plate or were not sold in the U.S.[7]

3      CoolIT amended its infringement contentions twice: once to include Gen 7 products, and a

4   second time to incorporate the trial court's claim-construction ruling.[8] The infringement

5   contentions rely on product families, examples of a product within each family, and a longer list of

6   products identified by make and model that CoolIT "believes are a part of one of the identified

7   families of Asetek products or function in the same way with respect to infringement of the

8   Asserted Claims."[9] The operative infringement contentions identifies dozens of products

9   belonging to Asetek Gen 4, 5, 6, and 7 products.[10]

10      The genesis for CoolIT's motion to amend its infringement contentions was Asetek's

11   withholding financial and sales data for thirty-nine SKUs on July 23, 2021, despite providing

12   updated information through June 4, 2021, on the ground that the SKUs are not related to products

13   accused in the infringement contentions.[11] CoolIT offers additional information about the SKUs.

14   As described above, in August 2019, in response to CoolIT's interrogatory number 1, Asetek

15   identified two hundred SKUs (and produced financial information) for products that CoolIT

16   accused.[12] On July 23, 2021, Asetek produced updated financial data that did not include data for

17   thirty-nine of the original SKUs.[13] CoolIT told Asetek that it had omitted sales data for the thirty-

18   nine SKUs, and Asetek responded that the SKUs did not correspond to accused products. Asetek

19   then produced a shorter list of SKUs that had thirty-nine fewer SKUs than those identified in its

---

[7] Opp'n – ECF No. 298 at 17.

[8] Orders – ECF Nos. 135 & 184.

[9] CoolIT's Infringement Contentions – ECF No. 272-4 at 4.

[10] CoolIT's Second Am. Infringement Contentions – ECF No. 272-9.

[11] Mot. – ECF No. 272 at 4–5; Third Suppl. Objs. & Resps. to CoolIT's First Set of Interrogs. – ECF No. 272-15.

[12] Leeper Decl.– ECF No. 272-3 at 3 (¶ 15); Objs. & Resps. to CoolIT's First Set of Interrogs. – ECF No. 271-12 at 5–9.

[13] Leeper Decl. – ECF No. 272-3 at 3 (¶¶ 11, 15 & 16).

August 2019 interrogatory response.[14] These are the SKUs that CoolIT wants to add to its infringement contentions.[15] Asetek opposed the motion on the ground that CoolIT has known about the SKUs for two years, and there is no showing of good cause or diligence to amend at this stage of the case.[16]

The court held a hearing on the dispute on November 18, 2021. Asetek's counsel said on the record that (1) the disputed SKUs are not SKUs for the products identified in the infringement contentions, (2) not all products in a generation (e.g., Gen 4, 5, 6, or 7) are the same, and (3) there are multiple variants in a generation (and the court understood her to say 25 variants).

## GOVERNING LAW

### 1. Infringement Contentions

Rule 3-1 requires a party claiming patent infringement to serve all parties with a "Disclosure of Asserted Claims and Infringement Contentions." Under Patent Local Rule 3-1(b), this disclosure must include:

> Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process[.]

"The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Bender v. Maxim Integrated Prods., Inc.*, No. 09-cv-01152-SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (cleaned up). "Patent L.R. 3-1, more specifically, is a discovery device that takes the place of a series of interrogatories that

---

[14] Leeper Decl. – ECF No. 272-3 at 3 (¶¶ 15–16); Emails – ECF No. 272-11; Emails – ECF No. 272-14; Third Suppl. Objs. & Resps. to CoolIT's First Set of Interrogs.– ECF No. 272-15.

[15] Reply – ECF No. 305-3 at 3.

[16] Opp'n – ECF No. 298 at 12, 17–18.

1  defendants would likely have propounded had the patent local rules not provided for streamlined

2  discovery." *Id*. "For infringement contentions to satisfy Patent L.R. 3-1, plaintiff [must] compare an

3  accused product to its patents on a claim by claim, element by element basis for at least one of each

4  defendant's products . . . reverse engineering or its equivalent are required." *Vigilos LLC v. Sling

5  Media Inc.*, No. 11-cv-04117-SBA (EDL), 2012 WL 9973147, at *1 (N.D. Cal. July 12, 2012).

6      This rule generally "require[s] specific identification of particular accused products." *Oracle

7  Am., Inc. v. Google, Inc.*, No. 10-cv-3561-WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26,

8  2011) (emphasis removed). It does not "tolerate broad categorical identifications" or "the use of

9  mere representative examples." *Id*. Rather, "a full list of accused products must be disclosed as

10  part of a party's infringement contentions" if they are known to the plaintiff. *Id*.

11      Courts in this district often deny discovery into products and instrumentalities that were not

12  accused in the preliminary infringement contentions. *Kelora Sys., LLC v. Target Corp.*, No. 11-cv-

13  01548-CW (LB), 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011) (citing cases). Courts have

14  recognized an exception, however, and "have found that discovery of unaccused products is

15  permissible if the plaintiff does not know of the allegedly infringing product when it serves its

16  infringement contentions and could not have discovered the product absent discovery." *Monolithic

17  Power Sys., Inc. v. Silergy Corp.*, No. 14-cv-01745-VC (KAW), 2015 WL 5948159, at *3 (N.D.

18  Cal. Oct. 14, 2015) (cleaned up). "In such circumstances, the plaintiff must 'articulate how the

19  unknown accused products share the same, or substantially the same, infringing structure' with a

20  named product." *Id*. (cleaned up).

21      In general, the minimum level of detail required in a filing under Patent L.R. 3-1 comes from

22  Rule 11. *Network Caching Tech. LLC v. Novell, Inc.*, No. 01-cv-2079-VRW, 2002 WL 32126128,

23  at *4 (N.D. Cal. Aug. 13, 2002). While Rule 11 generally requires that a party make a reasonable

24  inquiry into applicable facts and law before filing a document, the Federal Circuit has held that a

25  counterclaimant must "at a bare minimum, apply the claims of each and every patent that is being

26  brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a

27  finding of infringement of at least one claim of each patent so asserted" before filing

28  counterclaims. *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000).

ORDER – No. 19-cv-00410-EMC (LB)     5

United States District Court
Northern District of California

### 2. Amendment of Infringement Contentions

Patent Local Rule 3-6 provides that:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.
>
> The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

"In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *GoPro, Inc. v. 360Heros, Inc.*, No. 16-cv-01944-SI, 2017 WL 1278756, at *1 (N.D. Cal. Apr. 6, 2017) (cleaned up). "The moving party bears the burden of establishing diligence." *Id.* (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

"Where the moving party is unable to show diligence, there is 'no need to consider the question of prejudice,' although a court in its discretion may elect to do so." *Id.* (quoting *O2 Micro*, 467 F.3d at 1368). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016).

Even if the movant arguably was not diligent, the court retains discretion to grant leave to amend. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-cv-3724-CW, 2013 WL 5609325, at *2 (N.D. Cal. Oct. 11, 2013). "Mistakes or omissions are not by themselves good cause." *Apple, Inc. v. Samsung Elec. Co.*, No. 12-cv-00630-LHK (PSG), 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012). "Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left

in discovery." *Id.* (granting leave to amend when there was no prejudice to the defendant); *Karl Storz Endoscopy-Am.*, 2016 WL 2855260, at *3.

## ANALYSIS

The dispute boils down to the following. Asetek contends that CoolIT must accuse products by name or SKU number, it cannot accuse families of products, it has known the SKUs for two years, and it does not show diligence that permits amendment to add the disputed SKUs.[17] CoolIT responds that it relied on Asetek's identification of the SKUs in its initial interrogatory response and their "shared understanding" of the accused products.[18]

Products must be identified specifically in infringement contentions and cannot be accused categorically. *Oracle*, 2011 WL 4479305, at *2. There is no dispute that CoolIT knew about the disputed SKUs when Asetek identified them two years ago. After it learned about them, it could have added them to its infringement contentions. It did not. It has not articulated how the accused products share the same or substantially the same infringing structure with a named product. *Monolithic Power*, 2015 WL 5948159, at *3. It generally pleads only reliance on the initial identification in the August 2019 interrogatory responses. This is not enough to allow amendment of the infringement contentions to add SKUs that do not correspond to products identified in the existing infringement contentions. If the SKUs do correspond to accused products, then CoolIT may amend its infringement contentions to add them.

There is also the related discovery dispute about the withheld financial information for thirty-nine of the seventy-eight disputed SKUs. Production itself is not discernably a burden. The issue is whether the financial information is relevant even if the products are not accused. If there is a dispute on relevancy, then the parties may file a letter brief that complies with the court's discovery procedures on the issue.

---

[17] Opp'n – ECF No. 298 at 12, 17–18.

[18] Mot. – ECF No. 272 at 11; Reply – ECF No. 305-3 at 3.

**CONCLUSION**

CoolIT cannot amend its infringement contentions to add SKUs for products not identified in its infringement contentions (but may add SKUs for any identified products). This disposes of ECF No. 272.

**IT IS SO ORDERED.**

Dated: November 30, 2021

_____
LAUREL BEELER
United States Magistrate Judge