| | |
|---|---|
| COOLEY LLP<br>HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com)<br>REUBEN H. CHEN (228725)<br>(rchen@cooley.com)<br>DANIEL J. KNAUSS (267414)<br>(dknauss@cooley.com)<br>LAM K. NGUYEN (265285)<br>(lnguyen@cooley.com)<br>ALEXANDRA LEEPER (307310)<br>(aleeper@cooley.com)<br>DEEPA KANNAPPAN (313573)<br>(dkannappan@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>Telephone:   (650) 843-5000<br>Facsimile:    (650) 849-7400 | DUSTIN M. KNIGHT (*pro hac vice*)<br>(dknight@cooley.com)<br>11951 Freedom Drive, 16th Floor<br>Reston, VA 20190<br>Telephone: (703) 456-8000<br>Facsimile: (703) 456-8100 |

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>   Plaintiff and<br>   Counter-defendant,,<br><br>ASETEK USA, INC.,<br><br>   Counter-defendants<br><br>v.<br><br>COOLIT SYSTEMS, INC., COOLIT SYSTEMS USA INC., COOLIT SYSTEMS ASIA PACIFIC LTD., COOLIT SYSTEMS (SHENZHEN) CO., LTD.,<br><br>   Defendants and<br>   Counter-claimants,<br><br>CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.,<br><br>   Defendants. | Case No.  3:19-cv-00410-EMC<br><br>**DEFENDANTS CORSAIR GAMING, INC. AND CORSAIR MEMORY, INC.'S AMENDED ANSWER TO PLAINTIFF ASETEK DANMARK A/S'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

Defendants Corsair Gaming, Inc. and Corsair Memory, Inc. (collectively, "Corsair") hereby file their answer and affirmative defenses ("Answer") to the Second Amended Complaint filed on March 2, 2021 ("SAC") by Plaintiff Asetek Danmark A/S ("Asetek"). Each of the paragraphs below corresponds to the same numbered paragraph in the SAC. Corsair denies all allegations in the SAC, whether express or implied, that are not specifically admitted below. Corsair further denies that Asetek is entitled to the relief requested in the SAC, or to any other relief.

## NATURE OF ACTION

1. Corsair admits that the SAC purports to state claims for infringement of Asetek's U.S. Patent Nos. 8,240,362 (the "'362 patent"); 10,078,354 (the "'354 patent"); 10,078,355 (the "'355 patent"); 10,613,601 (the "'601 patent"); and 10,599,196 (the "'196 patent") (collectively the "Asetek Patents"). Corsair denies the remaining allegations in paragraph 1.

## THE PARTIES

2. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 2, and on that basis denies them.

3. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 3, and on that basis denies them.

4. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 4, and on that basis denies them.

5. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 5, and on that basis denies them.

6. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 6, and on that basis denies them.

7. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 7, and on that basis denies them.

8. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 8, and on that basis denies them.

9. Admitted.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

10. Denied.

11. Denied.

12. Admitted.

## JURISDICTION AND VENUE

13. Corsair admits that the SAC purports to bring an action for patent infringement under the patent laws of the United States. Corsair denies any and all allegations of patent infringement alleged in the SAC. Corsair also denies the legal sufficiency of Asetek's claims and allegations and deny that Asetek has any viable claims as to Corsair. Corsair admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 14 with respect to the Court's basis for exercising personal jurisdiction over CoolIT, and whether the "CoolIT Defendants have worked as a team and in concert to promote, import, offer for sale, and/or sell the Accused Products," and on that basis denies them. Corsair admits that CoolIT has offered to sell, sold, and/or shipped at least one product accused of infringement in this action to Corsair in the United States and this judicial district. Corsair denies that any of its products infringe the Asetek Patents. All remaining allegations in this paragraph are denied.

15. Corsair admits that its principal place of business is in this judicial district. Corsair also admits that it sells some of its liquid cooling products in the United States. All remaining allegations in this paragraph are denied.

16. Corsair admits that Corsair (Hong Kong) Ltd. has entered into a product purchase agreement with CoolIT related to the purchase of certain components and/or subassemblies associated with CoolIT's liquid cooling technology. All remaining allegations of this paragraph are denied.

17. Corsair admits that Corsair (Hong Kong) Ltd. has entered into the product purchase agreement described in Corsair's answer to paragraph 16. Corsair denies that it infringes the Asetek Patents. Corsair further denies that it has "worked together" with CoolIT in the manner alleged in paragraph 17. Corsair denies that any of the products it promotes, sells, or imports in and into the United States infringe any of Asetek's Patents. All remaining allegations of this paragraph are denied.

18. Corsair denies that it infringes the Asetek Patents. Corsair admits that it has a website

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

through which it promotes its liquid cooling products. All remaining allegations of this paragraph are denied.

19. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 19, and on that basis denies them.

20. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 20, and on that basis denies them.

21. Corsair denies that it infringes the Asetek Patents. Corsair is unable to ascertain what Asetek means in its allegations by the phrase "derive substantial revenue" recited in paragraph 21, and on that basis denies them. Corsair admits that at least some of its liquid cooling products are designed for use with personal computers. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 21 with respect to CoolIT's sales in California and this judicial district, and on that separate basis denies them. All remaining allegations of this paragraph are denied.

22. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 22, and on that basis denies them.

23. Corsair denies that it infringes the Asetek Patents. Corsair admits that it has a website through which it promotes its liquid cooling products. Corsair denies that the Corsair Defendants "worked as a team and in concert" in the manner described in paragraph 23. Corsair admits that its website includes a "Find a Retailer" button that identifies brick and mortar retailers who are located in the United States and sell certain of Corsair's products. Corsair denies that it has entered into contracts with retailers for the purpose described in paragraph 23. All remaining allegations of this paragraph are denied.

24. Corsair admits that at least some Corsair products accused of infringement are used in computers in California and in this judicial district. Corsair denies that any of its products infringe any of the Asetek Patents. All remaining allegations of this paragraph are denied.

## FACTUAL BACKGROUND

25. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 25, and on that basis denies them.

26. Corsair lacks sufficient information to form a belief as to the truth of the allegations

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

recited in paragraph 26, and on that basis denies them.

27.  Corsair admits that CoolIT has sold at least one HydroSeries product to Corsair in the United States. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 27 related to any CoolIT nomenclature for CoolIT's pumps (*e.g.*, E3+HV, Gemini), and on that basis denies them. All remaining allegations of this paragraph are denied.

28.  Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 28, and on that basis denies them.

29.  Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 29, and on that basis denies them.

30.  Corsair admits that CoolIT has sold, and/or shipped at least one HydroSeries product to Corsair (Hong Kong) Ltd. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 30 as to CoolIT's "knowledge" with respect to Corsair's sale and/or offer for sale of the HydroSeries products in the United States, and on that basis denies them.

31.  Corsair admits that since February 6, 2015, it has offered for sale and sold in the United States at least one HydroSeries product to one of its resellers.

32.  Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 32, and on that basis denies them.

33.  Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 33, and on that basis denies them.

34.  Corsair admits that CoolIT has sold and/or shipped certain of its liquid cooling technology to Corsair (Hong Kong) Ltd. that are used in Corsair's iCUE H60i RGB PRO XT, iCUE H100i RGB PRO XT, iCUE H115i RGB PRO XT, and/or iCUE H150i RGB PRO XT. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 34 as to CoolIT's "knowledge," and on that basis denies them.

35.  Corsair admits that it has sold in the United States at least one product from among the following: iCUE H60i RGB PRO XT, iCUE H100i RGB PRO XT, iCUE H115i RGB PRO XT, or iCUE H150i RGB PRO XT. All remaining allegations of this paragraph are denied.

36.  Corsair lacks sufficient information to form a belief as to the truth of the allegations

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

recited in paragraph 36, and on that basis denies them.

37. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 37, and on that basis denies them.

38. Corsair admits that CoolIT has sold and/or shipped certain of its liquid cooling technology to Corsair (Hong Kong) Ltd. that are used in Corsair's iCUE H100i ELITE CAPELLIX, iCUE H115i ELITE CAPELLIX, and/or iCUE H150i ELITE CAPELLIX. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 38 as to CoolIT's "knowledge," and on that basis denies them.

39. Corsair admits that it has offered to sell and sold in the United States at least one product from among the following: iCUE H100i ELITE CAPELLIX, iCUE H115i ELITE CAPELLIX, or iCUE H150i ELITE CAPELLIX. All remaining allegations of this paragraph are denied.

40. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 40, and on that basis denies them.

41. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 41, and on that basis denies them.

42. Corsair admits that its counsel advised the Court and Asetek's counsel that CoolIT developed a new pump design. Corsair further admits that CoolIT expects the pump based on the new pump design to be ready for commercial sale soon in the United States. Corsair denies all remaining allegations in this paragraph.

43. This paragraph contains allegations to which no response is required. To the extent a response is required, Corsair denies the allegations in this paragraph.

44. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 44, and on that basis denies them. This paragraph also contains allegations to which no response is required. To the extent a response is required, Corsair denies the allegations in this paragraph.

45. Corsair admits it was aware that the '362 patent was previously at issue in Case No. 12-cv-04498-EMC, which was filed in 2012. Corsair lacks sufficient information to form a belief as

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

to the truth of the remaining allegations recited in paragraph 45, and on that basis denies them.

46. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 46, and on that basis denies them.

47. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 47, and on that basis denies them.

48. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 48, and on that basis denies them.

49. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 49, and on that basis denies them.

50. Corsair denies that it knew about the '354 and '355 patents in 2019.  Corsair admits that it is aware that Asetek filed a lawsuit against CoolIT in 2019.  Corsair denies that any of its products infringe any of the Asetek Patents.  All remaining allegations are denied.

51. Denied.

52. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 52, and on that basis denies them.

53. Corsair lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 53, and on that basis denies them.

54. Corsair admits that it launched its iCUE ELITE CAPELLIX products in the United States in September 2020.  Corsair denies that any of its products infringe the Asetek Patents. All remaining allegations are denied.

## COUNT I

### Infringement of U.S. Patent No. 10,613,601

55. Corsair incorporates by reference its responses to paragraphs 13 through 54.

56. Corsair admits that Exhibit A attached to the SAC purports to be a copy of the '601 patent.  Corsair lacks sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 56, and on that basis denies them.

57. Denied.

58. Denied.

Cooley LLP
Attorneys At Law
Palo Alto

7.

Amended Answer to Second Am. Compl.
Case No. 3:19-cv-06541-EMC
(Consolidated With Case No. 3:19-cv-00410-EMC)

59. Denied.
60. Denied.
61. Denied.
62. Denied.
63. Denied.
64. Denied.
65. Denied.
66. Denied.
67. Denied.
68. Denied.
69. Denied.

## COUNT II

### Infringement of U.S. Patent No. 10,599,196

70. Corsair incorporates by reference its responses to paragraphs 13 through 54.

71. Corsair admits that Exhibit B attached to the SAC purports to be a copy of the '196 patent. Corsair lacks sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 71, and on that basis denies them.

72. Denied.
73. Denied.
74. Denied.
75. Denied.
76. Denied.
77. Denied.
78. Denied.
79. Denied.
80. Denied.
81. Denied.
82. Denied.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

| | |
|---|---|
| 83. | Denied. |
| 84. | Denied. |

## COUNT III

### Infringement of U.S. Patent No. 10,078,354

85. Corsair incorporates by reference its responses to paragraphs 13 through 54.

86. Corsair admits that Exhibit C attached to the DAC purports to be a copy of the '354 patent. Corsair lacks sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 86, and on that basis denies them.

| | |
|---|---|
| 87. | Denied. |
| 88. | Denied. |
| 89. | Denied. |
| 90. | Denied. |
| 91. | Denied. |
| 92. | Denied. |
| 93. | Denied. |
| 94. | Denied. |
| 95. | Denied. |
| 96. | Denied. |
| 97. | Denied. |
| 98. | Denied. |
| 99. | Denied. |
| 100. | Denied. |

## COUNT IV

### Infringement of U.S. Patent No. 10,078,355

101. Corsair incorporates by reference its responses to paragraphs 13 through 54.

102. Corsair admits that Exhibit D attached to the SAC purports to be a copy of the '355 patent. Corsair lacks sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 102, and on that basis denies them.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

103. Denied.
104. Denied.
105. Denied.
106. Denied.
107. Denied.
108. Denied.
109. Denied.
110. Denied.
111. Denied.
112. Denied.
113. Denied.
114. Denied.
115. Denied.
116. Denied.

## COUNT V

### Infringement of U.S. Patent No. 8,240,362

117. Corsair incorporates by reference their responses to paragraphs 13 through 54.

118. Corsair admits that Exhibit E attached to the SAC purports to be a copy of the '362 patent. Corsair lacks sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 118, and on that basis denies them.

119. Denied.
120. Denied.
121. Denied.
122. Denied.
123. Denied.
124. Denied.
125. Denied.
126. Denied.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

### ASETEK'S PRAYER FOR RELIEF

Corsair incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.  Corsair denies any and all allegations of patent infringement in the SAC.  Corsair denies all allegations that Asetek is entitled to any relief requested in paragraphs "A-H" of the SAC's Prayer for Relief, or any other relief.

### ASETEK'S DEMAND BY JURY TRIAL

No response is required to this paragraph.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Corsair asserts the following defenses to the SAC and reserves its right to assert additional defenses.

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

1.   Corsair does not infringe and has not infringed any valid claim of the '601, '196, '354, '355, or '362 patents.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

2.   One or more of the claims of the '601, '196, '354, '355, or '362 patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*., including but not limited to §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

3.   Asetek's claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288, and/or 28 U.S.C. § 1498.

### FOURTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

Cooley LLP
Attorneys At Law
Palo Alto

11.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

4. Asetek's claims for damages are barred, in whole or in part, by the doctrine of equitable estoppel.

**FIFTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL**

5. The relief sought by Asetek is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the Asetek Patents.

**SIXTH AFFIRMATIVE DEFENSE – PATENT EXHAUSTION**

6. The relief sought by Asetek is barred, in whole or in part, by the doctrine of patent exhaustion.

**SEVENTH AFFIRMATIVE DEFENSE – SINGLE RECOVERY RULE**

7. The relief sought by Asetek is barred, in whole or in part, by the prohibition against a double recovery for the same injury.

**EIGHTH AFFIRMATIVE DEFENSE – COLLATERAL ESTOPPEL**

8. The relief sought by Asetek is barred, in whole or in part, by the doctrine of collateral estoppel.

**NINTH AFFIRMATIVE DEFENSE – JUDICIAL ESTOPPEL**

9. The relief sought by Asetek is barred, in whole or in part, by the doctrine of judicial estoppel.

**PRAYER FOR RELIEF**

WHEREFORE, Corsair prays that this Court enter judgment:

A. In favor of Corsair, and against Asetek, thereby dismissing the SAC with prejudice, with Asetek taking nothing by the way of its claims;

B. That Corsair has not infringed, and is not now infringing any valid claims of the '601 patent under any subsection of 35 U.S.C. § 271;

C. That all asserted claims of the '601 patent are invalid and/or unenforceable;

D. That Corsair has not infringed, and is not now infringing any valid claims of the '196 patent under any subsection of 35 U.S.C. § 271;

E. That all asserted claims of the '196 patent are invalid and/or unenforceable;

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

F. That Corsair has not infringed, and are not now infringing any valid claims of the '354 patent under any subsection of 35 U.S.C. § 271;

G. That all asserted claims of the '354 patent are invalid and/or unenforceable;

H. That Corsair has not infringed, and is not now infringing any valid claims of the '355 patent under any subsection of 35 U.S.C. § 271;

I. That all asserted claims of the '355 patent are invalid and/or unenforceable;

J. That Corsair has not infringed, and is not now infringing any valid claims of the '362 patent under any subsection of 35 U.S.C. § 271;

K. That all asserted claims of the '362 patent are invalid and/or unenforceable;

L. That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Asetek to pay Corsair's reasonable attorneys' fees incurred in this action.

M. That Asetek pay all costs incurred by Corsair in this action; and

N. Awarding Corsair all other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Corsair respectfully demands a trial by jury on all issues triable by jury.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)

| | |
|---|---|
| Dated:  January 21, 2022 | /s/ Reuben H. Chen |
| | HEIDI L. KEEFE (178960) |
| | (hkeefe@cooley.com) |
| | REUBEN H. CHEN (228725) |
| | (rchen@cooley.com) |
| | LAM K. NGUYEN (265285) |
| | (lnguyen@cooley.com) |
| | ALEXANDRA LEEPER (307310) |
| | (aleeper@cooley.com) |
| | DEEPA KANNAPPAN (313573) |
| | (dkannappan@cooley.com) |
| | 3175 Hanover Street |
| | Palo Alto, CA  94304-1130 |
| | Telephone:    (650) 843-5000 |
| | Facsimile:     (650) 849-7400 |
| | |
| | DUSTIN M. KNIGHT (*pro hac vice*) |
| | (dknight@cooley.com) |
| | 11951 Freedom Drive, 16th Floor |
| | Reston, VA 20190 |
| | Telephone: (703) 456-8000 |
| | Facsimile: (703) 456-8100 |
| | |
| | *Attorneys for Defendants Corsair Gaming, Inc. and Corsair Memory, Inc.* |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14.

AMENDED ANSWER TO SECOND AM. COMPL.
CASE NO. 3:19-CV-06541-EMC
(CONSOLIDATED WITH CASE NO. 3:19-CV-00410-EMC)