United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASETEK DANMARK A/S,
Plaintiff,
v.
COOLIT SYSTEMS INC, et al.,
Defendants.

Case No. 19-cv-00410-EMC

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**

Docket No. 347

## I. INTRODUCTION

Defendant CoolIT filed a motion for relief from a nondispositive order issued by Magistrate Judge Beeler on November 30, 2021 (Docket No. 343) denying CoolIT's motion for leave to amend infringement contentions (Docket No. 272). Motion ("Mot."); Docket No. 347. Having considered the submissions of the parties, this Court **DENIES** CoolIT's motion for the following reasons.

## II. DISCUSSION

Defendants argue that the Order "is internally inconsistent and fails to adequately engage with the key question presented—namely, whether the SKUs CoolIT seeks to enumerate in its infringement contentions do or do not correspond to Accused Products under the currently operative infringement contentions." Mot. at 1. CoolIT states that "the disputed SKUs all correspond to the Gen 4-7 products accused in CoolIT's infringement contentions, which Asetek acknowledged by listing each of the disputed SKUs in a 2019 response to an interrogatory calling for product numbers of the Asetek Accused Products." *Id.* CoolIT states that "in 2021, Asetek changed course and stopped providing discovery as to a subset of these SKUs" and argues that the

"Court should hold Asetek to its 2019 admission in its interrogatory response that the disputed SKUs all correspond to accused products rather than allow Asetek to call a mulligan two years later at CoolIT's expense." *Id*. As such, CoolIT contends that, "[b]ecause the disputed SKUs do correspond to Accused Products, and because CoolIT diligently sought leave to amend after learning of the present dispute, the Order's denial of leave to amend is clearly erroneous based on the facts and the law" and as such, "[t]he Court should instead grant CoolIT's Motion for Leave to Amend Infringement Contentions." *Id*.

In its opposition, Asetek argues that "Magistrate Judge Beeler correctly applied Patent L.R. 3-1(b) and the decisions of this Court, which require infringement contentions to identify 'as specific[ally] as possible,' 'by name or product number if known,' the products accused of infringement." Opp'n at 1; Docket No. 349. Further, Asetek claims that Judge Beeler "correctly rejected CoolIT's argument that it had properly accused products by referencing broad product generations (such as the fourth Generation ('Gen 4'))—which include a large number of products that are not all the same—or by naming products that CoolIT contends are representative of a generation or family of products." *Id*. Additionally, Asetek states that CoolIT's motion for reconsideration is "riddled with mischaracterizations and inaccuracies" and claims that it never admitted "that the disputed 78 SKUs are for products in CoolIT's infringement contentions." *Id.* Moreover, Asetek argues that "CoolIT did not act diligently in seeking leave to amend" and that it "would be prejudiced if CoolIT's motion were granted and it could expand the universe of accused products at this late stage." *Id*. at 4.

Motions for relief from a nondispositive orders of a magistrate judge will be granted only where the moving party demonstrates that the magistrate judge's ruling is clearly erroneous or contrary to law. *See Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) ("the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"); Fed. R. Civ. P. 72 ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Wi–Lan,*

*Inc. v. LG Electronics, Inc.*, C 10–80254–JF PSG, 2011 WL 841271 (N.D. Cal. Mar. 8, 2011) (internal citation omitted). "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Id.*

In this case, CoolIT has failed to demonstrate that Judge Beeler's ruling is clearly erroneous or contrary to law as her denial is based on: (1) CoolIT's failure to show diligence; and (2) CoolIT's failure to articulate how the disputed SKUs share the same, or substantially the same, infringing structure with a named product. *See* Order at 7-8.

After hearing argument on CoolIT's motion for leave to amend infringement contentions, Judge Beeler stated in the denial order that there "is no dispute that CoolIT knew about the disputed SKUs when Asetek identified them" in 2019 and emphasizes that when CoolIT learned about them, "it could have added them to its infringement contentions," but it did not. *Id.* at 7. Further, Judge Beeler notes that CoolIT failed to articulate "how the accused products share the same or substantially the same infringing structure with a named product" as it generally pled "only reliance on the initial identification in the August 2019 interrogatory responses." *Id.* Judge Beeler determined that that was "not enough to allow amendment of the infringement contentions to add SKUs that do not correspond to products identified in the existing infringement contentions," but also held that if "the SKUs do correspond to accused products, then CoolIT may amend its infringement contentions to add them." *Id.* Based on the aforementioned determinations, Judge Beeler concluded that "[a]t this juncture, CoolIT cannot add new products to its list of accused products" and denied the motion. *Id.* at 2.

Contrary to CoolIT's contentions, Judge Beeler resolved the dispute and made a supportable determination that leave was not permissible as to the disputed SKUs since CoolIT could have added them to its infringement contentions in 2019 but failed to do so. *See FullView, Inc. v. Polycom, Inc.*, No. 18-cv-00510-EMC, 2021 WL 1668017, at *3-*5 (N.D. Cal. April 28, 2021) (a party seeking to amend its infringement contentions has the burden to establish good cause for the amendment (Patent L.R. 3-6), which requires it to show diligence and failure to establish diligence alone warrants denial under Rule 3-6 irrespective of any prejudice analysis).

Accordingly, Judge Beeler's order was neither clearly erroneous or contrary to law.



United States District Court
Northern District of California

United States District Court
Northern District of California

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for relief from a nondispositive order of Magistrate Judge Beeler is **DENIED**.

This order disposes of Docket No. 347.

**IT IS SO ORDERED**.

Dated: January 25, 2022

EDWARD M. CHEN
United States District Judge