# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

## CIVIL MINUTES

**Date:** February 10, 2022　　　**Time:** 1:15-1:53　　　**Judge:** EDWARD M. CHEN
　　　　　　　　　　　　　　　　38 Minutes

**Case No.**: 19-cv-00410-EMC　　　**Case Name:** Asetek Danmark A/S v. Coolit Systems Inc

**Attorney for Plaintiff:** Robert McCauley
**Attorney for Defendant:** Heidi Keefe and Reuben Chen

**Deputy Clerk:** Vicky Ayala　　　**Digital Reporter:** Zoom Webinar Time: 1:15-1:53

## PROCEEDINGS

Motion to Stay and Status Conference - held

## SUMMARY

Parties stated appearances.

　　　On February 10, 2022, the Court heard argument on Defendants' motion to stay pending *inter partes* review since the PTAB recently instituted review as to Asetek's '601 and '196 patents on December 28, 2021.  Motion to Stay ("MTS"); Docket No. 350.  The Court noted that in determining whether to stay litigation pending IPR, courts traditionally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC*, C-14-1575 EMC, 2014 WL 3107447, at *3 (citation omitted).  Additionally, the Court emphasized that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted).

As to the first factor—stage of litigation—the Court noted that this case has been pending since 2019 and is not in its infancy. Additionally, fact discovery has closed, expert discovery is either complete or almost complete (Judge Beeler recently ordered two additional hours of deposition testimony, Docket No. 370), the Court has issued two claim construction orders, and trial has been set for July 25, 2022, and has been pushed twice already.[1] *See* Docket Nos. 149, 260, 325. As such, the Court found that this factor weighed against granting a complete stay of litigation. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12–05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014) (the court denied a stay request where claim construction orders had been issued, discovery was well underway, and a trial date had been set); *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C 10-04645 RS, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012) (the court denied a stay request, noting that discovery was well underway and "[m]ore importantly, the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction order."). On the other hand, summary judgment motions have not been filed and the pretrial work has not commenced.

As to the second factor—simplification of the case—the Court emphasized that there is a good chance that the PTAB will also invalidate the asserted claims of the '601 and '196 patents. See MTS at 9, citing Leeper Decl., Ex. F, at 14 ('601 Patent Institution Decision) (emphasis added); Leeper Decl., Ex. G, at 15 ('196 Patent Institution Decision) (emphasis added) ("In light of similarity between the claims at issue here and those of the ['354/'355 patents], the overlap asserted prior art, and our prior determination of unpatentability regarding the ['354/'355 patents], we conclude that the merits of Petitioner's case in the proceeding are **substantively strong**."). Hence there is a substantial probability that the IPR will simplify this case, both for MSJ and trial. The Court is not inclined to proceed to trial on only the '362 claims because this risks multiple trials should the '354/'355 claims survive IPR. This factor weighed in favor of

---

[1] After consolidation of the two cases, the Court set a trial date for February 28, 2022. Docket No. 207. On July 25, 2021, the Court pushed the trial date to May 9, 2022 after granting Defendants' motion to extend time to complete discovery. Docket No 258.

staying litigation pending IPR. *SeeTrusted Knight Corp. v. Int'l Bus. Machs. Corp.*, No. 19-1206, 2020 WL 5107611, at *3 (N.D. Cal. Aug. 31, 2020)

As to the third factor—undue prejudice—the Court acknowledged that the parties are direct competitors. However, the Court noted that Asetek delayed in bringing this suit for four years and never sought a preliminary injunction herein. Moreover, there is nothing particularly compelling or unique about the inadequacy of damages in the event Asetek were to prevail at trial. Indeed, the bulk of sale was and are to Corsair which accounts for 80% of the market according to Asetek. Hence, the lion's share of lost sale should be reasonably ascertainable. As such, the Court found that this factor weighed slighting in favor of granting a stay. *See VirtualAgility Inc*., 759 F.3d at 1319 ("VA's arguments are rational reasons for not pursuing a preliminary injunction, but the fact that it was not worth the expense to ask for this remedy contradicts VA's assertion that it needs injunctive relief as soon as possible . . . . These facts [in addition to waiting nearly a year after the patent in dispute was issued before filing suit against defendants] weigh against VA's claims that it will be unduly prejudiced by a stay.").

For the foregoing reasons and the reasons discussed at oral argument, the Court GRANTS a partial stay of litigation as to Asetek's '354, '355, '601, and '196 patents and CoolIT's '567 patent[2] pending *inter partes* review of the '601 and '196 patents. The Court allows litigation to proceed as to Asetek's '362 patent and CoolIT's '330, '284, and '266 patents as they are not presently subject to IPR but will continue the trial date subsequent to the PTAB's ruling on the recently instituted IPRs. The Court notes that an amended case management schedule will issue. As to the patents for which litigation is not stayed, the Court will hear motions for summary judgment on May 5, 2022. The Court notes that trial is now set for March 13, 2023. **Status Conference set for June 7, 2022, at 2:30 p.m.** Joint Status Report **due by May 31, 2022.**

---

[2] Two of CoolIT's four asserted patents were the subject of IPR petitions ('567 patent and '266 patent) and Defendants note that "[a]sserted claims from one CoolIT patent [(the '567 patent)] were found unpatentable in a Final Written Decision, and are the subject of an appeal filed December 17, 2021." MTS at 3.