| | |
|---|---|
| COOLEY LLP<br>HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com)<br>REUBEN H. CHEN (228725)<br>(rchen@cooley.com)<br>DANIEL J. KNAUSS (267414)<br>(dknauss@cooley.com)<br>ALEXANDRA LEEPER (307310)<br>(aleeper@cooley.com)<br>DEEPA KANNAPPAN (313573)<br>(dkannappan@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>Telephone:   (650) 843-5000<br>Facsimile:    (650) 849-7400 | DUSTIN M. KNIGHT (*pro hac vice*)<br>(dknight@cooley.com)<br>11951 Freedom Drive, 16th Floor<br>Reston, VA 20190<br>Telephone: (703) 456-8000<br>Facsimile: (703) 456-8100<br><br>GREENBERG TRAURIG, LLP<br>KYLE D. CHEN (SBN 239501)<br>kchen@gtlaw.com<br>1900 University, Avenue, 5th Floor<br>East Palo Alto, CA 94304<br>Telephone:   (650) 289-7887<br>Facsimile:    (650) 328-8508 |

Attorneys for Defendant and Counter-claimant
COOLIT SYSTEMS, INC. and Defendants
CORSAIR GAMING, INC. and CORSAIR
MEMORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>　　　　　Plaintiff and<br>　　　　　Counter-defendant,<br><br>　v.<br><br>COOLIT SYSTEMS, INC.,<br><br>　　　　　Defendant and<br>　　　　　Counter-claimant,<br><br>CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.,<br><br>　　　　　Defendants. | Case No.  3:19-cv-00410-EMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE EXHIBIT 275**<br><br>DATE:　　　MAY 5, 2022<br>TIME:　　　1:30 PM<br>LOCATION:  COURTROOM 5, 17TH FLOOR<br>JUDGE:　　　HON. EDWARD M. CHEN |

REDACTED/PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO STRIKE ................................................................... iii
MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1
    I.    Introduction ............................................................................................................ 1
    II.    Factual Background ............................................................................................... 1
    III.    Legal Standard ....................................................................................................... 3
    IV.    Argument ............................................................................................................... 4
        A.    Asetek introduced Exhibit 275 for the first time during redirect examination at Dr. Tuckerman's December 20, 2021 deposition ................... 4
        B.    Asetek cannot substantially justify its failure to timely disclose Exhibit 275 ............................................................................................................... 6
        C.    Asetek's untimely disclosure has harmed Defendants ................................... 6
        D.    All expert testimony relying on the excluded evidence should be struck. .............................................................................................................. 7
    V.    Conclusion ............................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Elliott v. Google*,
  860 F.3d 1151 (9th Cir. 2017) ..................................................................................................4, 7

*Ingenco Holdings v. Ace Am. Ins.*,
  921 F.3d 803 (9th Cir. 2019) .....................................................................................................3, 7

*MLC Intell.l Prop. v. Micron Tech.*,
  No. 14-cv-03657-SI, 2019 WL 2863585 (N.D. Cal. July 2, 2019) ........................................6, 7

*MLC Intell. Prop. v. Micron Tech.*,
  10 F.4th 1358 (Fed. Cir. 2021) ................................................................................................4, 6

*Tubular Rollers, LLC v. Maximus Oilfield Prods., LLC*,
  No. 4:19-cv-03113, 2021 WL 5991744 (S.D. Tex. Dec. 16, 2021) .........................................5

**Other Authorities**

Antarctica "Water Chill" ..............................................................................................................4

Fed. R. Civ. P. 37(c)(1) ................................................................................................................3

Rule 26 ...........................................................................................................................................4
    (a)(2)(B) ..................................................................................................................................3

Rule 37(c)(1) ..........................................................................................................................3, 1, 4, 5, 7

## NOTICE OF MOTION AND MOTION TO STRIKE

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORDS:**

PLEASE TAKE NOTICE that on May 5, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard, in this Court, located at San Francisco Courthouse, Courtroom 5 – 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendants CoolIT Systems, Inc., Corsair Gaming, Inc., and Corsair Memory, Inc. will and hereby do move to strike Exhibit 275. This motion is based upon this notice of motion and motion, the attached memorandum, the accompanying declaration of Reuben H. Chen and exhibits thereto, and upon such other and further matters, papers, and arguments as may be submitted to the Court at or before the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

During redirect at Dr. Tuckerman's December 20, 2021 deposition, Asetek's counsel introduced previously unproduced Exhibit 275 for the first time (almost four months after the close of fact discovery) and asked a series of leading questions to elicit information from Dr. Tuckerman. Clearly, Defendants and Dr. Pokharna had never had an opportunity to properly investigate or address this document or testimony. Exhibit 275 was neither produced nor included or cited to in Dr. Tuckerman's Reports, even though CoolIT served document requests during fact discovery calling for this material. Defendants are highly prejudiced by Asetek's belated actions, and fairness requires Exhibit 275, and any opinions based thereon, be struck under Rule 37.[1]

**II.  FACTUAL BACKGROUND**

Dr. Tuckerman opines in his Invalidity Report that the *Antarctica* sample Asetek contends is prior art to the Asserted CoolIT Patents has "microchannels," by stating, without empirical evidence, that it includes a heat spreader plate with adjacent fins where "[t]he space between adjacent fins is about 0.9 – 1.0 mm." (Ex. 1, (11/3/2021 Tuckerman Rep. ¶57). But, he subsequently admitted his report lacks any evidence showing he measured the width of the heat spreader plate channels. (Ex. 2, 12/20/2021Tuckerman Depo. Tr. 138:17-20.) Records do not exist that show Dr. Tuckerman's measurements or demonstrate his methodology. (*See id.*, 138:14-16; Ex. 3, 14:23-15:3.) Conversely, Dr. Pokharna served his invalidity rebuttal report on December 8, 2021 highlighting the shortcomings in Dr. Tuckerman's Invalidity Report for "microchannels" and providing Dr. Pokharna's methodology (*i.e.*, using electronic vernier calipers) and data showing the *Antarctica* sample's channel widths exceed 1.0 mm. (*See* Ex. 4 Pokharna Reb. Rep. on Invalidity, ¶¶72-74.) Afterward, Dr. Tuckerman attempted to cure his deficient testimony at his December 20, 2021 deposition by providing narrative, non-responsive answers to counsel's questions on the evidence he cited in his Invalidity Report for "microchannels." (*See* Ex. 2, 137:20-140:23.)

---

[1] Defendants have also concurrently filed a Daubert motion on Dr. Tuckerman's opinions, including those related to Exhibit 275.

...

Dr. Tuckerman testified that Asetek's counsel later provided him with "a picture of the machining document for the Antarctica device" that purportedly showed "blades that they say they used with calipers measuring that blade." (*Id.*, 139:15-18.) This image (Exhibit 275) was not included in his Report (*id.*, 140:18) and Asetek never produced it during discovery. Rather, almost four months after the close of fact discovery Asetek's counsel introduced Exhibit 275 for the first time during Dr. Tuckerman's redirect at his December 20, 2021 deposition, over objections from Defendants' counsel. Asetek's counsel then proceeded with a series of leading questions meant to draw out additional details from Dr. Tuckerman about his "understanding" of the image in an attempt to use Exhibit 275 as late corroboration for Dr. Tuckerman's "microchannel" conclusion in his Invalidity Report. (*See id.*, 262:20-264:15.) The document, shown below, is entirely in Danish.



The materials shown in the image were not provided to Dr. Tuckerman. Rather, Asetek's counsel provided the image to Dr. Tuckerman after the parties exchanged expert reports and represented to him that it described an *Antarctica* "machining document," blades used to cut the grooves in the *Antarctica* device, and a tool to measure the blade thickness. (Ex. 2 139:15-18), (Ex. 3, 18:22-20:21, 22:10-16, 24:20-25:6.) But Dr. Tuckerman all but admitted that he did not know

whether the blades depicted in Exhibit 275 machined the grooves in the *Antarctica* physical sample that he inspected and relied on in his Invalidity Report. He just received the physical sample from counsel without knowing where it came from or whether it was representative:

> A. **And I'll also mention I don't know that the device I got is representative**. I mean, you know, there is manufacturing variations. So, you know, this is one sample. **Why did they have the sample; maybe it was a reject they happened to have lying around out of spec. I just don't know**. You know, I only know what I measured.
>
> Q. Right. There is no way for you to say with certainty that the channel widths of the Antarctica device that was on sale prior to August 9, 2007 was 1 millimeter or less; correct?
>
> A. **Yeah. I would have no way of knowing that.** I was given a device that I understood to be representative, and you know, I measured it.

(*Id.*, 141:16-142:8) (objections omitted); (*see also* Ex. 3, 25:4-6.) Moreover, Dr. Tuckerman did not personally review or inspect the blades, box, measuring tool, or document shown—he never even saw a copy in a language he could read—and he did not independently measure the blade's thickness. (Ex. 3, 20:25-23:7. He does not know who took the measurement. (*Id.*, 23:2-4.) He also did not speak to anyone at Asetek to confirm what the materials depicted were and he is unable to independently verify what the "machining document" (which is not the actual prior art device) says—he was not provided the document, he does not speak or read Danish, and he never had the document translated to English. (Ex. 5,13:1-13), (Ex. 3, 18:22-19:2, 22:4-16, 24:20-25.) Altogether, Dr. Tuckerman has no independent basis to connect the *Antarctica* physical sample to the materials depicted in Exhibit 275—he just has Asetek's attorneys' say-so.

### III.  LEGAL STANDARD

Rule 26(a)(2)(B) requires an expert witness's opening report contain a "complete statement of all opinions the witness will express and the basis and reasons for them," including the "facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(b). "When a party fails to disclose information required by Rule 26, Rule 37(c)(1) provides that the improperly withheld information should be excluded, unless the failure to disclose is 'substantially justified or harmless.'" *Ingenco Holdings v. Ace Am. Ins.*, 921 F.3d 803, 821 (9th Cir. 2019) (quoting Fed. R. Civ. P. 37(c)(1)). "The Ninth Circuit affords district courts 'particularly wide latitude' in applying Rule 37(c)(1) to

exclude information that a party failed to provide under Rule 26." *See MLC Intell. Prop. v. Micron Tech.*, 10 F.4th 1358, 1370 (Fed. Cir. 2021); *see also Elliott v. Google*, 860 F.3d 1151, 1161 (9th Cir. 2017) (affirming exclusion of evidence not disclosed during discovery).

IV.   **ARGUMENT**

Dr. Tuckerman refers to Exhibit 275 for the first time during his December 20, 2021 deposition as corroboration for the "microchannel" opinion he provides at paragraph 57 of his Invalidity Report. Asetek's counsel first introduced this new, unproduced document during redirect examination. The image and depicted materials were never produced during fact discovery, and exactly *what* Exhibit 275 shows is unclear. Exhibit 275's minimal probative value is far outweighed by the confusing effect it would have on jurors. Critically, Asetek's failure to disclose Exhibit 275 was neither substantially justified nor harmless, especially because the image and depicted materials were called for by at least CoolIT's Request for Production Nos. 99 and 102. Asetek's malfeasance warrants the Court's exercise of discretion to exclude Exhibit 275 and Dr. Tuckerman's testimony that relies on Exhibit 275 under Rule 37.

**A.   Asetek introduced Exhibit 275 for the first time during redirect examination at Dr. Tuckerman's December 20, 2021 deposition**

Asetek never produced Exhibit 275 or the materials depicted in Exhibit 275 during fact discovery, even though at least CoolIT's Requests for Production Nos. 99 and 102 call for them (Ex. 6[2]), and Asetek *agreed to produce responsive documents* (*See* Ex. 7.[3])Nor does Exhibit 275 appear in Dr. Tuckerman's Invalidity Report. (*See* Ex. 8 (Materials Considered.)  Rather, Dr. Tuckerman

---

[2] Request for Production No. 99 recites "All Documents concerning the Antarctica "Water Chill" Liquid Cooling Kit as it existed before August 9, 2007" and Request for Production No. 102 recites "All Documents concerning the design, structure, and operation of the Antarctica "Water Chill" Liquid Cooling Kit as it existed before August 9, 2007, including but not limited to user manuals, installation manuals, technical manuals, specifications, engineering drawings, and other documentation."

[3] Specifically, Asetek stated with respect to Request No. 102 that it would "conduct a reasonable search for documents sufficient to show the structure of the Antarctica device as it existed before August 9, 2007 and will produce any such relevant, non-privileged, non-protected documents." To the extent Asetek argues that it objected to parts of Request for Production Nos. 99 or 102 that would have covered Exhibit 275 and the materials depicted in Exhibit 275, Defendants invite the Court to review its unparticularized objections for a legitimate basis. Regardless, Asetek cannot have it both ways, objecting to production and then introducing a called-for document when it suits them.

admitted that Asetek's counsel provided Exhibit 275 to him *after* the parties exchanged expert reports. (Ex. 2, 139:15-18), (Ex. 3, 18:22-20:21, 22:10-16, 24:20-25:6.)  Asetek's untimely disclosure of Exhibit 275—almost four months after close of fact discovery—warrants exclusion under Rule 37.

Exhibit 275 is not simply an errantly omitted piece of evidence to Dr. Tuckerman's Invalidity Report.  It is the product of pure attorney argument.  Dr. Tuckerman has no idea whether the blades shown in Exhibit 275 were used to machine the grooves in the *Antarctica* physical sample he inspected and relied on in his Invalidity Report.  He did not machine the heat spreader plate to the *Antarctica* sample with the blades or watch it being done.  He just received the *Antarctica* sample *from counsel* without an independent basis to understand where it came from. (*Id*., 141:16-142:8); (*see also* Ex.3, 25:4-6.) He admitted that never personally reviewed or inspected the blades, tool, box, or document depicted in Exhibit 275, and he did not independently measure the blade's thickness. (Ex. 3, 20:25-23:7.)  He does not even know who took the measurement. (*Id*., 23:2-4.)  He did not speak to anyone at Asetek to confirm what the materials depicted were and he is unable to independently verify what the "machining document" says—he was not provided the document, he does not speak or read Danish, and he never had or even asked that the document be translated to English. (Ex. 5, Tuckerman 12/22/21 Depo. Tr., 13:1-13), (Ex. 3, 18:22-19:2, 22:4-16, 24:20-25.)  The image in Exhibit 275 is unquestionably hearsay.

But Dr. Tuckerman relies exclusively on representations from Asetek's counsel that the image in Exhibit 275 shows an *Antarctica* "machining document," blades used to cut the grooves in the *Antarctica* device (but not even the physical sample Dr. Tuckerman relies on in his Invalidity Report), a box containing the blades that were used to cut the grooves in the *Antarctica* device, and a tool to measure the blade thickness. (Ex. 2, 139:15-18), (Ex. 3, 18:22-20:21, 22:10-16, 24:20-25:6.)  Dr. Tuckerman cannot contextualize the image in Exhibit 275 without assuming representations from Asetek's counsel as true.  Those representations constitute a second layer of hearsay.

His opinions on Exhibit 275 related to the *Antarctica* sample's "microchannels" are thus based on *double hearsay* and inherently circumspect.  *Accord Tubular Rollers, LLC v. Maximus Oilfield Prods., LLC*, No. 4:19-cv-03113, 2021 WL 5991744, at *1 (S.D. Tex. Dec. 16, 2021) ("This Court has not found any authority—nor has it been cited to any authority—that an expert can reasonably rely

on double hearsay relayed to him/her by an employee of a party with a vested interest in the outcome of the case."). Permitting him to opine on what the image in Exhibit 275 does or does not show is inappropriate for the reasons set forth in Defendants' *Daubert* motion. Allowing Exhibit 275 to remain in the record would be highly prejudicial where Defendants were unable to conduct discovery or provide expert testimony from Dr. Pokharna on the exhibit.

### B. Asetek cannot substantially justify its failure to timely disclose Exhibit 275

There is no justification for Asetek's last-minute introduction of Exhibit 275. *Antarctica* is an Asetek product, and any supporting materials are exclusively within Asetek's custody and control. *Cf. MLC Intell. Prop.*, 10 F.4th at 1371 (striking late-disclosed reliance on evidence that was in plaintiff's possession "from the outset of the case"). Asetek was obligated to produce Exhibit 275 and its depicted materials *during fact discovery*, as these materials were called for by at least CoolIT's Document Request Nos. 99 and 102. It did not. Asetek should not be allowed to produce Exhibit 275 when it suits them.

Regardless, Dr. Tuckerman should have had access to supporting materials well before the November 3, 2021 deadline for his Invalidity Report. All of Dr. Tuckerman's materials considered needed to be included in his Invalidity Report. Exhibit 275 was not. (*See* Ex. 8.) Asetek's failure to disclose Exhibit 275 stands in stark contrast to the photographs and videos CoolIT produced *during fact discovery* that show Dr. Pokharna's measurements of the grooves in the *Antarctica* sample's heat spreader plate.

### C. Asetek's untimely disclosure has harmed Defendants.

Defendants have been prejudiced by Asetek's untimely disclosure of Exhibit 275. Asetek waited until almost four months after the close of fact discovery to introduce Exhibit 275 and did so only during redirect after suspending cross-examination from Defendants' counsel. Defendants never had the opportunity to seek discovery related to Exhibit 275 even though its production would have been required under at least Document Request Nos. 99 and 102. Expert discovery has concluded, the case schedule does not allow for supplemental rebuttal reports, and Dr. Pokharna will not have an opportunity to evaluate and provide opinions related to the image shown in Exhibit 275. Defendants are unfairly harmed by the inability to investigate Exhibit 275, or to provide expert testimony regarding

Exhibit 275 and Dr. Tuckerman's opinions related to Exhibit 275. Moreover, the probative value of Exhibit 275 is suspect on its face and it is absent from Dr. Tuckerman's Invalidity Report without substantial justification. Exhibit 275 should be excluded under Rule 37.

### D. All expert testimony relying on the excluded evidence should be struck.

Because Asetek cannot rely upon Exhibit 275, opinions related to the exhibit that Dr. Tuckerman rendered at his depositions should also be struck. Under Rule 37, the appropriate sanction for Asetek's failure to timely disclose its evidence during fact discovery is exclusion, as courts in this district and throughout the Ninth Circuit have routinely found. *See, e.g., MLC Intell. Prop. v. Micron Tech.*, No. 14-cv-03657-SI, 2019 WL 2863585, at *14-15 (N.D. Cal. July 2, 2019) (striking under Rule 37 expert opinions for which factual basis was not timely disclosed during fact discovery), *aff'd*, 10 F.4th at 1373; *Ingenco Holdings*, 921 F.3d at 821 (affirming Rule 37 exclusion of evidence not timely disclosed); *Elliott v. Google*, 860 F.3d 1151, 1161 (9th Cir. 2017) (same).

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Strike Exhibit 275, and any expert testimony related to Exhibit 275.

| | | |
|---|---|---|
| Dated: | March 31, 2022 | /s/ Reuben H. Chen |

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
DANIEL J. KNAUSS (267414)
(dknauss@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
DEEPA KANNAPPAN (313573)
(dkannappan@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:     (650) 849-7400

DUSTIN M. KNIGHT (*pro hac vice*)
(dknight@cooley.com)
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

*Attorneys for Defendant and Counter-claimant COOLIT SYSTEMS, INC. and Defendants CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.*

GREENBERG TRAURIG, LLP
KYLE D. CHEN (SBN 239501)
(kchen@gtlaw.com)
1900 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 289-7887
Facsimile: (650) 328-8508

*Attorneys for Defendant CoolIT Systems, Inc.*