COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
DANIEL J. KNAUSS (267414)
(dknauss@cooley.com)
ALEXANDRA LEEPER (307310)
(aleeper@cooley.com)
DEEPA KANNAPPAN (313573)
(dkannappan@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

DUSTIN M. KNIGHT (*pro hac vice*)
(dknight@cooley.com)
11951 Freedom Drive, 16th Floor
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

GREENBERG TRAURIG, LLP
KYLE D. CHEN (SBN 239501)
kchen@gtlaw.com
1900 University, Avenue, 5th Floor
East Palo Alto, CA 94304
Telephone:    (650) 289-7887
Facsimile:    (650) 328-8508

Attorneys for Defendant and Counter-claimant
COOLIT SYSTEMS, INC. and Defendants
CORSAIR GAMING, INC. and CORSAIR
MEMORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>    Plaintiff and<br>    Counter-defendant,<br><br>v.<br><br>COOLIT SYSTEMS, INC.,<br><br>    Defendant and<br>    Counter-claimant,<br><br>CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.,<br><br>    Defendants. | Case No.  3:19-cv-00410-EMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND *DAUBERT* MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT OF DR. NISHA MODY**<br><br>DATE:    MAY 5, 2022<br>TIME:    1:30 PM<br>LOCATION:    COURTROOM 5, 17TH FLOOR<br>JUDGE:    HON. EDWARD M. CHEN |

REDACTED/PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND DAUBERT MOTION ................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 2

    I.    Introduction ........................................................................................................... 2

    II.    Factual Background .............................................................................................. 2

    III.    Legal Standard ...................................................................................................... 3

    IV.    Argument .............................................................................................................. 4

        A.    Dr. Mody failed to establish the availability of non-infringing alternatives. ............................................................................................... 4

        B.    Dr. Mody failed to establish the acceptability of non-infringing alternatives. ............................................................................................... 5

        C.    The Court should exclude opinions relating to Asetek's Gen 1, 2, 3 and the Cooler Master Product. ........................................................................ 7

        D.    The Court should exclude opinions relating to the late-disclosed non-infringing alternatives. ....................................................................... 7

    V.    Conclusion ............................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acceleration Bay LLC v. Activision Blizzard Inc.*,
No. 1:16-cv-00453-RGA, 2019 WL 4194060 (D. Del. Sept. 4, 2019)...................7

*CBOE v. ISE*,
No. 07 C 623, 2013 WL 12323444 (N.D. Ill. Mar. 7, 2013) .......................4

*Conceptus, Inc. v. Hologic, Inc.*,
771 F. Supp. 2d 1164 (N.D. Cal. 2010) ...........................6

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) .......................................4

*Depuy Spine. Inc. v. Medtronic Sofamor Danek, Inc.*,
567 F.3d 1314 (Fed. Cir. 2009) .................................4

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
185 F.3d 1341 (Fed. Cir. 1999) .................................4

*Innogenetics, N.V. v. Abbott Labs.*,
512 F.3d 1363 (Fed. Cir. 2008) .................................7

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
No. 2:06-CV-348, 2011 WL 197869 (E.D. Tex. Jan. 20, 2011)................4, 5

*Sherwin-Williams Co. v. PPG Indus., Inc.*,
No. CV 17-1023, 2020 WL 1283465 (W.D. Pa. Mar. 18, 2020)....................5

*Smart Skins LLC v. Microsoft Corp.*,
No. C15-544-MJP, 2016 WL 4148091 (W.D. Wash. July 1, 2016).........................3

*SPEX Techs. v. Apricorn, Inc.*,
No. CV 16-07349JVS(AGRX), 2020 WL 1289546 (C.D. Cal. Jan. 21, 2020).........................4

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
760 F. App'x 977 (Fed. Cir. 2019) .....................3

*Tubular Rollers v. Maximus Oilfield Prods.*,
No. 19-3113, 2021 WL 5991744 (S.D. Tex. Dec. 16, 2021) .......................6

*TV Interactive Data Corp. v. Sony Corp.*,
929 F. Supp. 2d 1006 (N.D. Cal. 2013) ....................4

*Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*,
    No. 16-13456, 2019 WL 3334563 (E.D. Mich. July 25, 2019) ............................................. 5, 6

**Court Rules**

2000 amendment ................................................................................................................................ 4

Fed. R. Civ. P.
    26(a)(2) ......................................................................................................................................... 6
    37(c)(1) ......................................................................................................................................... 6

Fed. R. Evid. 702 ............................................................................................................................... 4

**NOTICE OF MOTION AND *DAUBERT* MOTION**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORDS:**

PLEASE TAKE NOTICE that on May 5, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard, in this Court, located at San Francisco Courthouse, Courtroom 5 – 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendants CoolIT Systems, Inc., Corsair Gaming, Inc., and Corsair Memory, Inc. will and hereby do move the Court for an order excluding portions of the Rebuttal Report of Nisha Marie Mody, Ph.D. This motion is based upon this notice of motion and motion, the attached memorandum, the accompanying declaration of Reuben H. Chen and exhibits thereto, and upon such other and further matters, papers, and arguments as may be submitted to the Court at or before the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Defendants CoolIT Systems, Inc. ("CoolIT"), Corsair Gaming, Inc., and Corsair Memory, Inc. (collectively "Corsair") request that the Court exclude certain portions of Dr. Nisha Mody's rebuttal damages report that are predicated on unsupportable assumptions regarding the availability and commercial acceptability of alleged non-infringing alternatives to the asserted patents. Specifically, Dr. Mody relies on nothing more than *ipse dixit* regarding hypothetical designs that are themselves based on undocumented conversations with Asetek's CEO. Dr. Mody cites no documents, let alone the necessary evidence to show availability or acceptability of non-infringing alternatives during the period of infringement. Because Dr. Mody has no independent knowledge of, and provides no independent analysis for the availability and acceptability of the alleged non-infringing alternatives, the Court should exercise its gatekeeping function to exclude Dr. Mody's unreliable and unhelpful opinions on this topic.

II. **FACTUAL BACKGROUND**

Dr. Mody's rebuttal report identifies two primary, alleged non-infringing alternatives to the CoolIT patents that involve a re-design of existing Asetek products. The first ▓▓▓ and the second concerns a ▓▓▓ (collectively, "Design-Around Alternatives"). (Ex. 1, 12/8/2021 Mody Reb. Rpt. ¶ 39.)

Asetek alluded to both Design-Around Alternatives in its interrogatory response served on August 31, 2021, the last day of discovery.[1] (*Id.* ¶ 39, n. 45.) In that response, ▓▓▓. However, Asetek cited to incomplete drawings with no labels, explanations, or dimensions. (Ex. 4, 8/31/2021 Fourth Suppl. Resp. to Interrog. No. 3 at 14) (citing ASE-CLT00046614 and ASE-CLT00054033-42.) For the ▓▓▓, Asetek merely pointed to pictures of existing accused products with

---

[1] The full history regarding the late disclosure of Asetek's alleged design-arounds is set forth in Defendants' motion to strike Asetek's alleged design-arounds, filed concurrently herewith.

annotations of desired, but not yet completed, modifications. (*Id.* at 15.) Asetek does not contend that these Design-Around Alternatives have actually been implemented as a commercial product. Indeed, **it is undisputed** that these Design-Around Alternatives **were not available on the market** and were never offered to Asetek's customers. (Ex. 2, 8/25/2021 Eriksen Depo. Tr. at 199:15-200:19; 202:20-203:4.[2])

Based solely on undocumented conversations she had with Andre Eriksen, Asetek's CEO, Dr. Mody contends that these Design-Around Alternatives were both available (which they were not) and acceptable (for which there is no evidence). (Ex. 1, 12/8/2021 Mody Reb. Rpt. ¶ 41.) Dr. Mody did not support her conclusions with any independent evidence or analysis. Nor did Asetek identify any documents or evidence in its interrogatory response that are directed to availability or acceptability. Similarly, Dr. Mody's disclosures of costs for implementation of this hypothetical non-infringing alternative were based solely on her discussion with Mr. Eriksen with no supporting evidence. (*Id.*)

Dr. Mody also mentions in passing other alleged non-infringing designs (*e.g.*, the Cooler MasterLiquid 240R and switching back to the non-accused Gen 1, 2, or 3 products), but did not assess the actual economic cost of these alternatives or their acceptability. *Id*. ¶¶ 37, 39.; *see also*, (Ex. 3, 1/4/2022 Mody Depo. Tr. at 148:16-23) (Q: How did you determine that the products Asetek sold through 2012 would be acceptable to customers in 2018, 2019 and 2020? . . . A: So I've not done that specific analysis that you talk of.").

### III. LEGAL STANDARD

Whether an infringer had an acceptable, non-infringing alternative available to it at the time the infringement began may be relevant to the reasonable royalty analysis. *Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, 760 F. App'x 977, 984 (Fed. Cir. 2019). But, to be relevant, non-infringing alternatives **must be both available and acceptable** at the time of the hypothetical negotiation. *See Smart Skins LLC v. Microsoft Corp.*, No. C15-544-MJP, 2016 WL 4148091, at *2 (W.D. Wash. July 1, 2016) ("The relevant case law establishes that . . . the alleged infringer, has the burden of showing that non-infringing alternatives were both available to it and were acceptable to its

---

[2] In arriving at her opinions regarding availability and acceptability, Dr. Mody seems to have ignored the deposition of Asetek's CEO entirely in favor of an unrecorded hearsay conversation.

1  customers during the damages period."); *see also TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1026-27 (N.D. Cal. 2013); *SPEX Techs. v. Apricorn, Inc.*, No. CV 16-07349JVS(AGRX), 2020 WL 1289546, at *2 (C.D. Cal. Jan. 21, 2020); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, No. 2:06-CV-348, 2011 WL 197869, at *2 (E.D. Tex. Jan. 20, 2011).

If the accused infringer does not meet this burden, expert opinion predicated on the validity of the non-infringing alternative is unreliable and should be precluded. *See CBOE v. ISE*, No. 07 C 623, 2013 WL 12323444, at *2 (N.D. Ill. Mar. 7, 2013) (excluding expert testimony on non-infringing alternatives that fails to cite evidence that the accused infringer contemplated the non-infringing substitute during the period of infringement). "[T]rial judges [have] the responsibility of acting as gatekeepers to exclude unreliable expert testimony." Fed. R. Evid. 702, committee notes on rules, 2000 amendment. The Court's gatekeeping function is critical. Indeed, the jury may believe the Court has put its "stamp of authority on a witness's opinion" simply because the Court designates the witness as an "expert." *Id.*; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993).

## IV.  ARGUMENT

### A.   Dr. Mody failed to establish the availability of non-infringing alternatives.

This Court should exclude Dr. Mody's opinions regarding Asetek's alleged non-infringing alternatives theory of reasonable royalty damages because the Design-Around Alternatives were hypothetical and had never been on the market. Because the proposed alternatives were not available on the market, the Court "may reasonably infer that it was not available as a noninfringing substitute at that time." *Depuy Spine. Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1331 (Fed. Cir. 2009). It is Asetek's "burden to overcome this inference by showing that the substitute was available during the accounting period," and "[m]ere speculation or conclusory assertions will not suffice to overcome the inference." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999). Asetek offered no such evidence. Although Dr. Mody cites Asetek's interrogatory response, which alleges *without support* that "the design was readily available in 2019 and before," there is no evidence except the *ipse dixit* and conclusory opinion that hypothetical designs, that were never implemented or offered for sale, let alone fully designed, were "available" during the applicable time period. (Ex. 1, 12/8/2021 Mody Reb. Rpt., ¶ 39.)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

CASE NO. 3-19-CV-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND *DAUBERT*
MOTION

Instead, Dr. Mody's report is purely based on speculation and conclusory assertions, and should be excluded because it is irrelevant and does not help the jury. *LaserDynamics, Inc.* 2011 WL 197869, at *3; *see also Sherwin-Williams Co. v. PPG Indus., Inc.*, No. CV 17-1023, 2020 WL 1283465, at *9 (W.D. Pa. Mar. 18, 2020) ("Vague references" and speculation in that [the accused infringer] might have been able to design a non-infringing alternative based on the [asserted] patent will ... not suffice.").

### B. Dr. Mody failed to establish the acceptability of non-infringing alternatives.

Critically, because there is no evidence supporting Dr. Mody's opinion that the redesign was acceptable, it should be excluded. Indeed, Dr. Mody's entire acceptability and cost analysis relies upon uncorroborated opinions of Mr. Eriksen regarding hypothetical products and their acceptability to customers. (Ex. 1, 12/8/2021 Mody Reb. Rpt., ¶ 41.) This is improper. A damages expert can only rely on a lay witness's first-hand factual knowledge about the availability of a non-infringing alternative, not the lay witness's speculation. *See Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, No. 16-13456, 2019 WL 3334563, at *5 (E.D. Mich. July 25, 2019) (excluding a damages expert's opinions about non-infringing alternatives where the expert relied on a lay witness "for far more than [the lay witness's] percipient factual knowledge based on [his] firsthand experiences"). Here, Asetek never verified the design-around would have been accepted by customers. When asked why a customer would accept a change in a manufacturer's liquid cooling product without any testing, Dr. Mody demurred by acknowledging: "I'm not an engineer or technical expert. That's something I have to rely on others for." (Ex. 3, 1/4/2022 Mody Depo. Tr. at 135:25-136:9.) But despite Mr. Eriksen's admission that the design was never shared with customers, she relied only on him telling her that redesigns would not require any customer review, and she did not independently speak with the customers to confirm this assertion. (*Id*. at 130:11–132:18); (*see also* Ex. 2, 8/25/2021 Eriksen Depo. Tr. at 200:16-19) ("Q: Has the design shown in Exhibits 185 to 186 been shared with any Asetek customers? A: Not that I know of. I highly doubt it."). Such speculative claims cannot be used to limit the damages resulting from Asetek's infringement.

Besides lacking a reliable basis for her opinion on commercial acceptability, Dr. Mody fails to properly address the factual basis for costs, which is critical to her opinion that redesign for all four

accused products would only cost ▬▬. (Ex. 1, 12/8/2021 Mody Reb. Rpt. ¶ 41.) Once again, Dr. Mody relies exclusively on off-record conversations with Mr. Eriksen without any underlying support. An expert cannot be "nothing but a mouthpiece" for a defendant's employee. *Webasto*, 2019 WL 3334563, at *5; *Tubular Rollers v. Maximus Oilfield Prods.*, No. 19-3113, 2021 WL 5991744, at *1-2 (S.D. Tex. Dec. 16, 2021) (excluding expert testimony based on hearsay); *Conceptus, Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164, 1179 (N.D. Cal. 2010) (expert's conversations with accused infringer's employees regarding non-infringing alternatives "is not evidence; it is double hearsay"). There is no evidence or testimony supporting Mr. Eriksen's off-the-record ▬▬ redesign estimate. It is telling that Dr. Mody cites nothing. And had Mr. Eriksen wished to provide *expert* testimony, he should have submitted a report with supporting documents or other evidence. Fed. R. Civ. P. 26(a)(2); Fed. R. Civ. P. 37(c)(1). Indeed, the number showed up nowhere in their interrogatory responses or 30(b)(6) testimony. It is now far too late to try to bring that in.

Even if the numbers were something she could rely on, they are insufficient. The only factors Dr. Mody accounts for to arrive at this number are the costs associated with modifying the accused products. (Ex. 1, 12/8/2021 Mody Reb. Rpt. ¶ 41.) Dr. Mody fails to account for losses Asetek would incur by switching from the accused products to the alleged alternatives. Although Dr. Mody relies on Mr. Eriksen to state that the alternatives are acceptable, there is no evidence that the alternatives would generate the same unit sales as the accused products, the same pricing, or the same revenue. Nor has Dr. Mody made a showing that the alternatives and accused products would have the same material costs, the same manufacturing costs, the same output level, and the same quality inspection costs. The failure to consider these sources of cost and to put forth any evidence regarding the scope of these costs is fatal to Dr. Mody's non-infringing alternatives damages model, which fails to accurately depict the cost of switching to the alleged alternatives.

Having failed to put forth any reliable evidence of acceptability or costs, Dr. Mody's damages theory regarding the appropriate reasonable royalty in view of non-infringing alternatives is facially deficient and has no basis in fact. This non-infringing alternatives damages theory is speculative at best and should be excluded.

### C. The Court should exclude opinions relating to Asetek's Gen 1, 2, 3 and the Cooler Master Product.

Dr. Mody also alleges Asetek's Gen 1, 2, 3 and the Cooler Master MasterLiquid 240R product as non-infringing alternatives, but offers no analysis on availability or commercial acceptability other than simply claiming that the Gen 2 and Gen 3 models were commercial successes in 2012. (Ex. 1, (12/8/2021 Mody Reb. Rpt. ¶ 37.) When asked about these products during deposition, Dr. Mody readily conceded that she never performed an analysis regarding whether such legacy products would still be commercially acceptable years later. (Ex. 3, 1/4/2022 Mody Depo. Tr. at 148:16-23.) (Q: How did you determine that the products Asetek sold through 2012 would be acceptable to customers in 2018, 2019 and 2020? . . . A: So I've not done that specific analysis that you talk of."). As for the Cooler Master product, Dr. Mody also fails to explain how Asetek could have used a third party's product designs as a non-infringing alternative and why that would have been commercially acceptable. An unassessed non-infringing alternative is not an alternative at all, and must be excluded.

To the extent that Dr. Mody is basing her opinion on the expert report of Dr. David B. Tuckerman, that is also improper. (Ex. 1, 12/8/2022 Mody Reb. Rpt. ¶ 40.) As explained in CoolIT's concurrent *Daubert* motion regarding Dr. Tuckerman, Dr. Tuckerman admitted at his deposition that he was not familiar with the Asetek Gen 3 device and never inspected Cooler Master products. Because Dr. Mody relies on the unfounded testimony from Dr. Tuckerman, and provides no independent analysis for the alleged Asetek Gen 1, 2, 3 and Cooler Master alternatives, the Court should exclude her opinions on this topic. *See Acceleration Bay LLC v. Activision Blizzard Inc.*, No. 1:16-cv-00453-RGA, 2019 WL 4194060, at *8 (D. Del. Sept. 4, 2019) (excluding opinions based on assumptions where no technical expert did a proper analysis of non-infringing alternative: "[a] damages' expert's assumption is not sufficient to support a damages opinion based on a particular non-infringing alternative.")

### D. The Court should exclude opinions relating to the late-disclosed non-infringing alternatives.

Independently, the Court also should preclude Dr. Mody from opining on the non-infringing alternatives proposed by Asetek due to their untimely disclosure. *See Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1375-76 (Fed. Cir. 2008) (excluding arguments disclosed for the first time on

the last day of discovery). This is the subject of a concurrent motion to strike by CoolIT.[3]

Asetek's untimely disclosure of materials prohibited CoolIT from evaluating the design to prove if it was, indeed, an acceptable, non-infringing alternative. Asetek's belated production also prevented CoolIT's experts from addressing the design in their own reports. Asetek has no explanation as to why the materials were not produced earlier, or how said production was justified or harmless. Because these materials are untimely and prejudicial, any testimony relying on them should be excluded.

## V. CONCLUSION

Because Dr. Mody lacks sufficient facts and data for her opinion that the Design-Around Alternatives were commercially-acceptable non-infringing alternatives offering the same technical benefits of the asserted patents, Dr. Mody's opinions are unreliable and should be excluded. The same rationale applies to Dr. Mody's opinions about Asetek's Gen 1, 2, 3 and the Cooler Master Product. For a separate and independent reason, the Court should also exclude Dr. Mody's opinions regarding non-infringing alternatives on the ground that Asetek made untimely disclosures. Paragraphs 35 to 41 of Dr. Mody's rebuttal report should be stricken.

---

[3] *See* Defendants' motion to strike Asetek's alleged design-arounds, filed concurrently herewith.

| | | |
|---|---|---|
| 1 | Dated: March 31, 2022 | |
| 2 | | */s/ Reuben H. Chen* |
| 3 | | COOLEY LLP<br>HEIDI L. KEEFE (178960) |
| 4 | | (hkeefe@cooley.com)<br>REUBEN H. CHEN (228725) |
| 5 | | (rchen@cooley.com)<br>DANIEL J. KNAUSS (267414) |
| 6 | | (dknauss@cooley.com)<br>ALEXANDRA LEEPER (307310) |
| 7 | | (aleeper@cooley.com)<br>DEEPA KANNAPPAN (313573) |
| 8 | | (dkannappan@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130 |
| 9 | | Telephone:   (650) 843-5000<br>Facsimile:    (650) 849-7400 |
| 10 | | |
| 11 | | DUSTIN M. KNIGHT (*pro hac vice*)<br>(dknight@cooley.com) |
| 12 | | 11951 Freedom Drive, 16th Floor<br>Reston, VA 20190<br>Telephone: (703) 456-8000 |
| 13 | | Facsimile: (703) 456-8100 |
| 14 | | *Attorneys for Defendant and Counter-claimant* |
| 15 | | *COOLIT SYSTEMS, INC. and Defendants CORSAIR GAMING, INC. and CORSAIR* |
| 16 | | *MEMORY, INC.* |
| 17 | | GREENBERG TAURIG, LLP<br>KYLE D. CHEN (SBN 239501) |
| 18 | | (kchen@gtlaw.com)<br>1900 University Avenue |
| 19 | | East Palo Alto, CA 94303<br>Telephone: (650) 289-7887 |
| 20 | | Facsimile: (650) 328-8508 |
| 21 | | *Attorneys for Defendant CoolIT Systems, Inc.* |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9.   CASE NO. 3-19-CV-00410-EMC
DEFENDANTS' NOTICE OF MOTION AND *DAUBERT* MOTION