| | | |
|---|---|---|
| 1 | COOLEY LLP<br>HEIDI L. KEEFE (178960) | DUSTIN M. KNIGHT (*pro hac vice*)<br>(dknight@cooley.com) |
| 2 | (hkeefe@cooley.com)<br>REUBEN H. CHEN (228725) | 11951 Freedom Drive, 16th Floor<br>Reston, VA 20190 |
| 3 | (rchen@cooley.com)<br>DANIEL J. KNAUSS (267414) | Telephone: (703) 456-8000<br>Facsimile: (703) 456-8100 |
| 4 | (dknauss@cooley.com)<br>ALLIE LEEPER (307310) | |
| 5 | (aleeper@cooley.com)<br>DEEPA KANNAPPAN (313573) | GREENBERG TRAURIG, LLP<br>KYLE D. CHEN (SBN 239501) |
| 6 | (dkannappan@cooley.com)<br>3175 Hanover Street | kchen@gtlaw.com<br>1900 University, Avenue, 5th Floor |
| 7 | Palo Alto, CA  94304-1130<br>Telephone:   (650) 843-5000 | East Palo Alto, CA 94304<br>Telephone:   (650) 289-7887 |
| 8 | Facsimile:   (650) 849-7400 | Facsimile:   (650) 328-8508 |

Attorneys for Defendant and Counter-claimant
COOLIT SYSTEMS, INC. and Defendants
CORSAIR GAMING, INC. and CORSAIR
MEMORY, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>　　　　　Plaintiff and<br>　　　　　Counterdefendant,<br><br>　　v.<br><br>COOLIT SYSTEMS, INC.,<br><br>　　　　　Defendant and<br>　　　　　Counterclaimant,<br><br>COOLIT SYSTEMS USA INC., COOLIT SYSTEMS ASIA PACIFIC LIMITED, COOLIT SYSTEMS (SHENZHEN) CO. LTD.<br><br>　　　　　Defendants,<br><br>CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.,<br><br>　　　　　Defendants. | CASE NO. 3:19-cv-00410-EMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL ESTOPPEL**<br><br>Date:　　　May 5, 2022<br>Time:　　　1:30 pm<br>Location:　 Courtroom 5, 17th Floor<br>Judge:　　　Hon. Edward M. Chen |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

    A. CoolIT's non-infringement position is not inconsistent with its IPR position, let alone "clearly inconsistent" ................................................................................ 1

        1. CoolIT's non-infringement position is supported by the jury verdict in the CMI case .................................................................................................. 3

        2. CoolIT's IPR position is consistent with its non-infringement position .......... 5

    B. The alleged inconsistent position was never used to persuade the PTAB ................... 9

    C. Nothing in CoolIT's non-infringement position is unfair ........................................... 11

III. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Asetek Danmark A/S v. CMI USA Inc.*,
  852 F.3d 1352 (Fed. Cir. 2017) ................................................................................................11

*Contour IP Holding, LLC v. GoPro, Inc.*,
  No. 3:17-cv-04738, 2021 WL 1022854 (N.D. Cal. Mar. 17, 2021) .........................................10

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) ...................................................................................................................1

*Oxygenator Water Techs., Inc. v. Tennant Co.*,
  No. 20-cv-358, 2021 WL 3661587 (D. Minn. Aug. 18, 2021) ................................................10

*Samsung Elecs. Co. v. NVIDIA Corp.*,
  No. 3:14cv757, 2015 WL 9200460 (E.D. Va. Dec. 16, 2015) ................................................10

*SkyHawke Techs., LLC v. Deca Int'l Corp.*,
  828 F.3d 1373 (Fed. Cir. 2016) ................................................................................................10

## I. INTRODUCTION

Faced with its own previous statements and a jury verdict limiting the configuration of the claimed "reservoir," Asetek now resorts to mischaracterizations and unfounded arguments that statements CoolIT made in IPR papers, which were not part of any judgment, should give rise to estoppel. There is no support for such an estoppel, in law or fact.

Asetek's judicial estoppel argument fails to show any of the three required elements prescribed by the Supreme Court: (1) that CoolIT's position is "clearly inconsistent" with its earlier position, (2) that CoolIT succeeded in persuading a court to accept the earlier position, and (3) that CoolIT is seeking to assert an inconsistent position that would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). Thus, respectfully, the Court should deny Asetek's motion.

## II. ARGUMENT

### A. CoolIT's non-infringement position is not inconsistent with its IPR position, let alone "clearly inconsistent"

CoolIT's non-infringement position in district court is not inconsistent with its position in the IPR proceedings, let alone "clearly inconsistent." As an initial matter, Asetek conflates the hypothetical argument it is attempting to estop CoolIT from making with CoolIT's actual non-infringement position. According to Asetek, in the IPRs, "CoolIT relied on combining multiple components of prior art references Duan, Shin, and Batchelder to 'form a single receptacle' in order to teach the 'reservoir' limitation in the PTAB." (Mot. at 1.) According to Asetek, "[a]s a result, Defendants should be estopped from asserting to the jury or this Court that a combination of multiple receptacles or components cannot infringe." (*Id.*) In particular, Asetek incorrectly surmised what non-infringement position CoolIT would take, as follows:

> Through Dr. Abraham's noninfringement opinions, CoolIT is likely to take the position that multiple components cannot form the "reservoir" recited in Asetek's claims. That position would be clearly inconsistent with the positions that CoolIT advanced and the PTAB adopted when Asetek's other patents were invalidated. Allowing CoolIT to advance those position [sic] here would be unfair to Asetek and they should be barred under the judicial estoppel doctrine.

(*Id.* at 7.)

But whether multiple components can or cannot form the "reservoir" recited in Asetek's claims misses the actual infringement versus non-infringement issue. The parties' stipulations and the plain language of the claim make clear that the reservoir must have a "single receptacle that is ***divided*** into an upper and a lower chamber," each of which is a "compartment within the reservoir." (*See* ECF No. 258 at 5; ECF No. 351 at 4 (emphasis added).) Asetek attempts to shift the focus of the infringement analysis to the generic term "components," a term that is not part of the claim language nor the construction of "reservoir," when the actual issue is whether the accused upper and lower chambers in CoolIT's products are:

(a) <u>respectively</u> contained in **two** separable receptacles connected via gasket tubing and screws (*i.e.*, non-infringing);

*versus*

(b) <u>both</u> contained in **one** "single receptacle" as divided compartments within the same receptacle (*i.e.*, infringing).

The actual issue above for determining non-infringement is based on the stipulated claim constructions and the stipulated facts about the '362 patent below:

(1) "reservoir" means "single receptacle defining a fluid flow path";

(2) "chamber" means "compartment within the reservoir" with "reservoir" construed as above;

(3) *The claimed "reservoir" in Asetek's invention is a single receptacle that is divided into an upper chamber and a lower chamber*, with the upper chamber providing the pumping function and the lower chamber providing the thermal exchange function.

(ECF No. 258 at 5; ECF No. 351 at 4 (emphasis added).) As stipulated, because "chamber" means "compartment within *the* reservoir" that means "single receptacle defining a fluid flow path," each claimed "chamber" is a "compartment within *the* single receptacle defining a fluid flow path." It follows that the claimed "upper chamber" and "lower chamber" are, respectively, the upper compartment and lower compartment *within* the <u>same</u> "single receptacle" of the "reservoir." The use of the article "the" in front of the word "reservoir" in the agreed-upon construction of "chamber" confirms that each claimed "chamber" is within the ***same*** "single receptacle" of "***the*** reservoir." Further, the parties stipulated that the "claimed 'reservoir' is a "single receptacle divided into an upper

chamber and a lower chamber," each of which is a "compartment within **_the_** reservoir [*i.e.*, the *same* single receptacle defining a fluid flow path]." CoolIT's non-infringement position has always been that its products do not have such a "single receptacle" divided into upper and lower chambers/compartments within the *same* single receptacle.

Asetek, on the other hand now, is attempting to rewrite the claim and focus on whether multiple "components" or "subcomponents" can be included within the claimed "reservoir"—an issue that has never been disputed between the parties. For example, the impeller is indisputably a component within the claimed "reservoir." However, to the extent the specific "component" or "subcomponent" is a "receptacle," Asetek cannot point to two receptacles to satisfy the "reservoir" limitation because the claimed "reservoir' must have a "single receptacle that is ***divided*** into an upper and a lower chamber," each of which is a "compartment within the reservoir."

        1.        **CoolIT's non-infringement position is supported by the jury verdict in the CMI case**

CoolIT's position is derived from the jury verdict in the CMI case: "[T]he claimed 'reservoir' in Asetek's invention is **a single receptacle that is divided into an upper chamber and a lower chamber**[.]" (Ex. 3[1] (Jury Verdict) at 4 (emphasis added).) CoolIT's products do not infringe because Asetek always has to point to <u>two</u> separable receptacles in CoolIT's products to meet the "upper chamber" and "lower chamber" limitations, as opposed to the single receptacle called for in the claims. For example, as to CoolIT's Tamriel device, Asetek has to point to <u>two</u> separable receptacles:

---

[1] Unless otherwise noted, all references to "Ex." refer to exhibits to the Declaration of Reuben H. Chen, submitted herewith.



(Ex. 1, Tuckerman 11/03/2021 Report ¶¶ 309-310 (blue annotations added; red annotation original).) As can be seen above and below, the upper chamber and the lower chamber that Asetek's expert, Dr. Tuckerman, points to are respectively within two separable receptacles, as confirmed by his own recited figure noting the "top chamber" within the first separable receptacle removably attached to the second separable receptacle using screws, as shown below:



(*Id.* ¶ 147 (blue annotations added; red annotation original).) As can be seen above, the accused "upper chamber," *i.e.*, the "top chamber," and the "lower chamber" are compartments respectively within ***two*** separable receptacles that are removably attached to each other using screws. (*Compare id.* ¶¶ 309-310 *with id.* ¶ 147.) That is, the accused upper chamber and lower chamber are not divided compartments *within* the *same* "single receptacle" as required by the stipulated constructions and the stipulated facts. This is CoolIT's actual non-infringement position, not simply that "multiple components cannot form the 'reservoir' recited in Asetek's claims" as Asetek incorrectly surmised.

Indeed, nothing in CoolIT's actual non-infringement position prohibits other components from being added to or made part of the claimed "reservoir" or its "single receptacle." In fact, the claim language of the '355 patent makes clear that other components can be part of the "reservoir." For example, claim 1 of the '355 includes the following claim elements: "the reservoir including: a pump chamber housing an impeller and defined at least in part by an impeller cover and a double-sided chassis, the impeller being positioned on one side of the chassis and a stator of the pump is positioned on an opposite side of the chassis." As the claim language shows, there are multiple additional components that are included in the "reservoir," including at least "an impeller," an "impeller cover," and a "double-sided chassis."

### 2. CoolIT's IPR position is consistent with its non-infringement position

CoolIT's IPR statements are consistent with CoolIT's non-infringement position here. Asetek mischaracterizes CoolIT's IPR statements and takes them out of context. CoolIT's mapping of Duan or Batchelder to the "reservoir" limitation, like the '355 claim language, points to a structure that, while comprising other components, includes a <u>single</u> receptacle that is divided into an upper chamber/compartment and a lower chamber/compartment within the *same* single receptacle. The fact that there are other components is immaterial, as the claim language makes clear that the reservoir can, and does, include other components. That the single receptacle of Duan's or Batchelder's reservoir is divided into an upper chamber/compartment and a lower chamber/compartment within the same single receptacle is shown in the following figures (within the thick, dark red outlines).

FIG. 3

Thus, as to Duan and Batchelder, Asetek points to isolated statements in CoolIT's IPR petitions that merely noted the prior-art reservoirs had multiple components, which as discussed above, is permissible as shown by claim 1 of the '355 patent (reciting a "reservoir" including additionally at least an "impeller," an "impeller cover," and a "double-sided chassis").

With respect to Shin, Asetek's selective quotation of CoolIT's IPR statements obscures that CoolIT never argued that Shin on its own taught a reservoir that was a <u>single</u> receptacle. CoolIT merely stated that Shin's reservoir could be, "e.g., a receptacle containing a heat sink 4, flexible hose 6, coolant discharge section coupler 7, water supply coupler 9, and impeller case 11" as follows:

> Shin also discloses a reservoir (e.g., an integrated structure) for providing liquid cooling of computing components: "the pump is secured to the top part of the liquid cooled heat sink, forming a structure that allows the pump and liquid cooled heat sink to be handled as an integral structure." (Ex. 1007 at [0008].)
>
> …
>
> Based on these disclosures, a POSITA would understand that Shin discloses a reservoir (e.g., a receptacle containing a heat sink 4, flexible hose 6, coolant discharge section coupler 7, water supply coupler 9, and impeller case 11) configured to circulate a cooling liquid therethrough. (Ex. 1003 at ¶¶56-59.)

(ECF No. 402-10, Bhattacharyya Decl. Ex. H, IPR2020-00523 Petition (regarding the '354 patent), at 12-14.) But, as can be seen above, CoolIT never stated that Shin by itself discloses or teaches a "*single* receptacle" as claimed under the agreed-upon construction of "reservoir." Rather, in CoolIT's <u>obviousness</u> ground, CoolIT used Figure 2 in Batchelder as the primary reference for the disclosure and teaching of a "single, unitary receptacle" that includes *within* it an upper chamber/compartment and a lower chamber/compartment. Batchelder is then combined with Shin for other claim limitations, such as the "radiator."

Asetek also selectively quoted CoolIT's expert to create the false impression that he somehow admitted that Shin disclosed a "single receptacle." The reality is the opposite because CoolIT's expert responded to Asetek's counsel during deposition that he "wouldn't consider Figure 1 of Shin to constitute a reservoir the way you have defined it as *a <u>single</u> receptacle* defining a fluid flow path." (ECF No. 402-5, Bhattacharyya Decl. Ex. C (Hodes 11/2/20 Depo. Tr.) at 36:4-7 (emphasis added); *see also id.* at 36:17-18 ("I do not consider Shin to have disclosed a reservoir [as having a single receptacle].").) Similarly, CoolIT's annotations to Batchelder's Figures 7 and 8 merely pointed to

where the "upper chamber" and the "lower chamber" may be located in a perspective, explosive view of an embodiment *different from* that in Figure 2. (Ex. 6 (Pokharna 3/2/22 Depo. Tr.) at 18:24-19:6.) CoolIT never used Batchelder's Figures 7 or 8 to show any disclosure or teaching of the "single receptacle" in the claimed "reservoir."

Considering the IPR2020-00523 petition (i.e., the petition with the Batchelder + Shin ground) as a whole, the only embodiment that CoolIT argued discloses a single receptacle divided into an upper chamber/compartment and a lower chamber/compartment within the *same* single receptacle was the active spreader plate 20 in a red box annotated in Figure 2 of Batchelder, as shown below:

> This active spreader plate 20 is a single, unitary receptacle and defines a fluid flow path (60). (*See* Ex. 1003 at ¶54; Ex. 1006 at 5:26-28 ("In the most preferred embodiment the impeller (54) is a centripetal or centrifugal pump that impels the heat transfer fluid to circulate as indicated (60) …").) The following annotated version of FIG. 2 illustrates reservoir (e.g., active spreader plate 20) outlined by the red box:



FIG.2

impeller 54

(*Id.* at FIG. 2 (emphasis added).) … As discussed above, the parties agree that "chamber" should be construed as a "compartment within the reservoir." (Ex. 1005 at 2.) Batchelder discloses this limitation as construed in the following annotated [Figure 2]:



(ECF No. 402-10, Bhattacharyya Decl. Ex. H, IPR2020-00523 Petition (regarding the '354 patent), at 11-12, 16-17 (yellow highlighting added).)  As can be seen above, only the red box annotated on Figure 2 of Batchelder was identified and discussed as "a single, unitary receptacle" that includes within it the upper chamber/compartment and the lower chamber/compartment under the agreed-upon constructions of "reservoir" and "chamber."  CoolIT's IPR position on "reservoir" is, therefore, consistent with its non-infringement position and not at all inconsistent, let alone "clearly inconsistent." Asetek's motion should be denied because it cannot satisfy the first element for judicial estoppel.

### B. The alleged inconsistent position was never used to persuade the PTAB

Asetek's judicial estoppel argument also fails to meet the second element of judicial estoppel. This is because Asetek never disputed that the combination of IPR references CoolIT relied upon discloses or teaches a "reservoir."  Rather, the disputes in the IPRs concerned other claim limitations or issues.  Therefore, none of the alleged inconsistencies in the statements Asetek identifies in its

motion involves an issue that CoolIT "succeeded in persuading [the PTAB] to accept," which is a necessary element for claiming judicial estoppel.

Indeed, the parties never disputed the meaning of "reservoir" in the IPRs and, as a result, the PTAB did not need to construe "reservoir" in ruling in CoolIT's favor on the IPRs. The alleged inconsistency that Asetek now raises simply was not a disputed issue decided by the PTAB. *See Oxygenator Water Techs., Inc. v. Tennant Co.*, No. 20-cv-358, 2021 WL 3661587, at *4 n.2 (D. Minn. Aug. 18, 2021) (rejecting patentee's argument that claim construction positions the accused infringer took in IPR proceedings should judicially estop the accused infringer from raising allegedly inconsistent positions before the court, the court noting that "[t]he record does not show that [defendant] has prevailed in IPR based on any of these positions, and because it has not, it is hard to see how it could derive any unfair advantage if it were to prevail on its claim construction positions here"); *SkyHawke Techs., LLC v. Deca Int'l Corp.*, 828 F.3d 1373, 1376 (Fed. Cir. 2016) ("judicial estoppel only binds a party to a position that it advocated and successfully achieved" and "SkyHawke clearly did not advocate the claim construction ultimately adopted by the Board"); *Samsung Elecs. Co. v. NVIDIA Corp.*, No. 3:14cv757, 2015 WL 9200460, at *2-5 (E.D. Va. Dec. 16, 2015) (judicial estoppel did not apply to statements patentee made in opposing a petition for *inter partes* review since the position the patentee was asserting in the district court action was not inconsistent with the IPR statements, the accused infringer had also failed to show that the statements made in the IPR were the reason the patentee prevailed by not having the IPR petition granted, and the accused infringer failed to show the patentee had made the allegedly inconsistent statement in the current proceeding in bad faith); *see also Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738, 2021 WL 1022854, at *4 (N.D. Cal. Mar. 17, 2021).

Further, in the *combined system* (shown below) with structures adopted from both Batchelder's Figure 2 (dark red) and Shin (dark blue), Batchelder is used for "reservoir," and only Shin's "radiator" and tubing, connecting the radiator to the "single, unitary receptacle" in Batchelder's Figure 2, are used for the combination:



That is, in the combined system, Shin was never used for the "reservoir" limitation."[2] Because Shin's reservoir was not part of any of the combinations, any statements CoolIT did (or did not) make regarding Shin's reservoir were not the basis of the PTAB's decision. Asetek's motion should be denied for failing to meet the second element for judicial estoppel.

C.   **Nothing in CoolIT's non-infringement position is unfair**

Judicial estoppel also does not apply because CoolIT would not derive an unfair advantage or impose an unfair detriment on Asetek by asserting its non-infringement position. As explained above, CoolIT's non-infringement position is not inconsistent, let alone "clearly inconsistent," with its earlier IPR position. Moreover, CoolIT's non-infringement position is not what Asetek is attempting to estop CoolIT from asserting, which is overbroad and not tethered to the actual infringement issue, as discussed above. Moreover, CoolIT's non-infringement position is derived from the agreed-upon constructions of "reservoir" and "chamber" and facts stipulated to by Asetek. Those *same facts* were urged by Asetek during a prior trial in the Northern District of California, adopted by the jury's verdict and the district court's factual findings, and later upheld by the Federal Circuit. (Ex. 2 (Asetek's Proposed Jury Form) at 3-4; Ex. 3 (Jury Verdict) at 3-4; Ex. 4 (Asetek's Proposed Findings of Fact) at 2, 7-8; Ex. 5 (Court's Findings of Fact) at 10); *Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1357-58 (Fed. Cir.

---

[2] Despite having multiple chances to do so, Asetek never disputed that the combination above discloses or teaches a "reservoir."

2017) ("the jury found that the claimed liquid-cooling systems differ from the prior art . . . because the '*reservoir*' is a 'single receptacle that is ***divided into*** an upper ***chamber*** and a lower ***chamber***'") (emphasis added)). Therefore, there is nothing unfair about CoolIT's non-infringement position. Asetek's motion should be denied for failing to meet the third element for judicial estoppel.

### III. CONCLUSION

For the above reasons, Asetek's argument fails to meet any of the three required elements to claim judicial estoppel. Asetek's motion, therefore, should be denied.

Dated: April 14, 2022				COOLEY LLP


By: *Reuben H. Chen*
    Reuben H. Chen

    Heidi L. Keefe (SBN 178960)
    hkeefe@cooley.com
    Reuben H. Chen (SNB 228725)
    rchen@cooley.com
    Daniel J. Knauss (SBN 267414
    dknauss@cooley.com
    Lam K. Nguyen (SNB 265285)
    lnguyen@cooley.com
    Deepa Kannappan (SBN 313573)
    dkannappan@cooley.com
    Alexandra Leeper (SBN 307310)
    aleeper@cooley.com
    **COOLEY LLP**
    3175 Hanover Street
    Palo Alto, CA 94304-1130
    Telephone: (650) 843-5000
    Facsimile:  (650) 849-7400

    Dustin M. Knight (*pro hac vice*)
    dknight@cooley.com
    **COOLEY LLP**
    11951 Freedom Drive, 16th Floor
    Reston, VA 20190
    Telephone: (703) 456-8000
    Facsimile:  (703) 456-8100

*Attorneys for Defendant and Counterclaimant COOLIT SYSTEMS, INC. and Defendants COOLIT SYSTEMS USA INC., COOLIT SYSTEMS ASIA PACIFIC LIMITED, COOLIT SYSTEMS (SHENZHEN) CO., LTD., CORSAIR GAMING, INC. and CORSAIR MEMORY, INC.*

    Kyle D. Chen (SBN 239501)
    kchen@gtlaw.com
    **GREENBERG TRAURIG, LLP**
    1900 University, Avenue, 5th Floor
    East Palo Alto, CA 94304
    Telephone: (650) 289-7887
    Facsimile:  (650) 328-8508

*Attorneys for Defendant and Counterclaimant COOLIT SYSTEMS, INC.*

    Kenneth J. Dyer (SBN 191192)
    KDyer@dickinsonwright.com
    **DICKINSON WRIGHT RLLP**
    800 West California Avenue, Suite 110
    Sunnyvale, CA 94086

Telephone: (408) 701-6170
Facsimile:  (884) 670-6009

*Attorneys for Defendant and Counterclaimant COOLIT SYSTEMS, INC. and Defendants COOLIT SYSTEMS USA INC., COOLIT SYSTEMS ASIA PACIFIC LIMITED, COOLIT SYSTEMS (SHENZHEN) CO., LTD.*